UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 13-0779 DOC (JCGx)            Date: August 2, 2013

Title: UNITED STATES OF AMERICA v. McGRAW-HILL COMPANIES, INC., et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REGARDING THE PARTIES' PROPOSED PROTECTIVE ORDER

The parties have submitted a Proposed Stipulated Protective Order (Dkt. 40-2) to govern the disclosure, use, and handling of certain information produced during discovery, and they have moved this Court to (1) issue the order; and (2) resolve two disputed items in the proposed order. *See* Supplemental Joint 26(f) Report (Dkt 40).

### I. Issuance of the Order

In general, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

Federal Rule of Civil Procedure 26(c) states that "[a] party or any person from whom discovery is sought may move for a protective order," that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and that the Court may accomplish this by, *inter alia*, "specifying terms, including time and place, for the disclosure or discovery," "requiring that a deposition be sealed and opened only on court order," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

While the decision to issue a protective order is within a district court's discretion, the court must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003) (quoting *Phillips*, 307 F.3d at 1212).

Here, the parties have stipulated to the issuance of a blanket protective order. The Court finds good cause to issue that protective order because, pursuant to Rule 26(c), the proposed order will aid in the discovery process by "specifying terms . . . for . . . discovery" involving confidential information. By its own terms, the order limits its effect to information that is "(a) not in the public domain, or, if in the public domain, is improperly in the public domain; and (b) is either (i) a trade secret or other confidential research, development, or commercial information  as such terms are used in [Rule 26(c)(1)(G)] or (ii) personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2." Proposed Order at 3.  The order should aid in discovery by setting out the procedures by which information may be designated "confidential" and by establishing a procedure for challenging such designations.

Accordingly, for good cause shown, the Court will GRANT the joint motion and ISSUE the order as follows:

> (1)   As stipulated to by the parties in their Proposed Order (Dkt. 40-2), which is hereby incorporated into this Minute Order; and
>
> (2)   Regarding the two minor disputes between the parties that were identified in their Proposed Order and argued before the Court on July 29, 2013, as follows:

### a. Section D, Paragraph 4

In the Section outlining the procedure by which one party (the "Challenging Party") may challenge the designation of certain information as "confidential" by the party or other person producing that information (the "Producing Party"), the parties disagree about who should bear

the burden of filing a motion for a final resolution on the issue of confidentiality before the Court.

S&P argues that, if the Challenging Party and Producing Person cannot resolve the matter of whether or not certain information should be designated "confidential" and afforded protection from public disclosure, the Challenging Party should be forced to file a motion with the Court seeking a determination that the challenged information is *not* confidential.  The government argues that, if confidentiality is in dispute, the Producing Person should have to file a motion with the Court seeking a determination that the information *is* confidential.

With a background rule weighted in favor of "presumptively public" disclosure, *San Jose Mercury News*, 187 F.3d at 1103, the party *seeking* increased protection "bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Phillips*, 307 F. 3d at 1210-11 (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")).  It follows that the party that bears the burden of showing specific prejudice or harm should be the *moving party*.

Accordingly, the Court adopts the following language for Section D, Paragraph 4 of the Protective Order:

> If the Producing Person and Challenging Party are unable to reach an agreement as to the proper designation of the information, within seven (7) business days after the Producing Person has provided its final decision regarding the designation, the Producing Person may file a motion seeking a Court ruling that the information at issue is properly designated as Confidential Information. Failure to file a motion within the specified time shall result in the information at issue losing its designation as Confidential Information.

    b.  **Section E, Paragraph 3(f)**

Section E, Paragraph 1 states that a party receiving confidential information (a "Receiving Party") "may use Confidential Information . . . only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in according with the terms of this Protective Order."  Proposed Order at 13.  Section E, Paragraph 3 lists the only persons to whom confidential information may be "disclosed, summarized, described, characterized, or otherwise communicated . . . ."  The parties agree that these very limited persons include (a) counsel; (b) party employees assisting in this action; (c) court personnel; (d) "[a]ny person for whom it is evident that the person prepared, received, reviewed, or otherwise had been provided access to the Confidential Information prior to its production pursuant to discovery in this Action"; (e) employees of the person who is producing the information; (g) photocopying/data processing professionals working on this litigation; (h)

experts who are not employed by any party's competitor who will be consulting or testifying in this action; and (i) any third party mediator, arbitrator, or settlement judge.

The parties disagree about one final category of persons—the government proposes including:

> f. Witnesses, potential witnesses, and deponents (with the exception of those employed by a competitor of S&P), and their counsel, as to whom counsel has a reasonable belief that the witness, potential witness, or deponent has relevant information regarding the Confidential Information;

S&P opposes the inclusion of this category. At oral arguments, S&P argued that exposure to confidential information should be as limited as possible, and that Section E(3)(d) already allows for confidential items to be shown to witnesses who may have prepared or contributed to that item's creation. S&P warns that, if the government is allowed to show confidential information to witnesses who have not seen it before, there is a greater chance that that information will be improperly disseminated or used to bombard potential witnesses with previously-unseen information.

The government argued, at hearing, that the Order makes it clear that anyone who will be shown "Confidential Information" must sign a declaration ("Exhibit A") under penalty of perjury agreeing to abide by the Protective Order and maintain the confidentiality of "Confidential Information." *See* Protective Order at 15 (also stating that, if a witness at deposition refuses to sign Exhibit A, that witness must be provided with a copy of the Court's Protective Order and informed of her obligation to maintain confidentiality). With such safeguards in place, the government argues that a party should not be prevented from presenting witnesses with relevant information that they have *not* seen before in order to determine the import of such information and in order to determine if such information would speak to the materiality of S&P's claims, which is a major issue for trial.

In response, S&P argued that, in such situations where confidential information might be relevant to the question of materiality, such information should be summarized or described to witnesses, and need not be shown in its original (confidential) form. However, the Court notes that S&P's suggestion would appear to violate a portion of the Protective Order that S&P stipulated to: Section E, Paragraph 3 states that confidential information must not be "disclosed, summarized, described, characterized, or otherwise communicated" to anyone other than those in the listed categories. It is unclear how a party seeking to elicit a relevant response from a potential witness regarding confidential information could be successful without violating the order, if Section 3(f) is not included in the order.

Again, the Court is persuaded by Ninth Circuit precedent making it clear that the party seeking protection "bears the burden of showing *specific prejudice or harm will result* if no

protective order is granted," *Phillips*, 307 F. 3d at 1210-11 (emphasis added), and that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test," *Beckman Indus.*, 966 F.2d at 476.  Here, particularly in light of the safeguards already in place in the Protective Order ensuring that confidential information will not be disseminated by those limited persons to whom it may be shown, the Court cannot find good cause to impose a restriction that would further limit discovery related to witnesses who might provide relevant testimony regarding confidential information.  S&P has not shown any specific prejudice or harm that would result from including the government's additional category of persons to whom confidential information may be *confidentially* shown.

Accordingly, the Court adopts the following language for Section E, Paragraph 3(f) of the Protective Order:

> f. Witnesses, potential witnesses, and deponents (with the exception of those employed by a competitor of S&P), and their counsel, as to whom counsel has a reasonable belief that the witness, potential witness, or deponent has relevant information regarding the Confidential Information;

## II.     Disposition

For the foregoing reasons, for good cause shown, the Court hereby GRANTS the joint motion and ISSUES the Protective Order:

> (1)     As stipulated to by the parties in their Proposed Order (Dkt. 40-2), which is hereby incorporated into this Minute Order; and
>
> (2)     Regarding the two minor disputes between the parties that were identified in their Proposed Order and argued before the Court on July 29, 2013, as described above in this order.

The Clerk will serve this Minute Order on all parties.