| | |
|---|---|
| 1 | KEKER & VAN NEST LLP |
| | JOHN KEKER (SBN 49092) |
| 2 | jkeker@kvn.com |
| | ELLIOT R. PETERS (SBN 158708) |
| 3 | epeters@kvn.com |
| | 633 Battery Street |
| 4 | San Francisco, CA 94111-1809 |
| | Telephone:  415 391 5400 |
| 5 | Facsimile:    415 397 7188 |
| 6 | Attorneys for Defendants MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC |
| 7 | |
| 8 | ANDRÉ BIROTTE JR. |
| | United States Attorney |
| 9 | GEORGE S. CARDONA (CA Bar No. 135439) |
| | LEON W. WEIDMAN (CA Bar No. 104078) |
| 10 | ANOIEL KHORSHID (CA Bar No. 223912) |
| | RICHARD E. ROBINSON (CA Bar No. 090840) |
| 11 | Assistant United States Attorneys |
| |   Room 7516 Federal Building |
| 12 |   300 N. Los Angeles St. |
| |   Los Angeles, California 90012 |
| 13 |   Telephone: (213) 894-8323/6086 |
| |   Facsimile: (213) 894-6269/7819 |
| 14 |   Email: George.S.Cardona@usdoj.gov / Anoiel.Khorshid@usdoj.gov |
| 15 | |
| 16 | Attorneys for Plaintiff UNITED STATES OF AMERICA |
| 17 | *(Additional counsel on next page)* |

<br>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV13-779 DOC (JCGx) |
| Plaintiff, | [JOINT PROPOSED] INITIAL SCHEDULING ORDER |
| v. | |
| MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC, | |
| Defendants. | |

CASE NO.  CV13-779 DOC (JCGx)

1 | *(Additional counsel):*

3 | CAHILL GORDON & REINDEL LLP
FLOYD ABRAMS
4 | fabrams@cahill.com
S. PENNY WINDLE
5 | pwindle@cahill.com
80 Pine Street
6 | New York, New York 10005-1702
Telephone: 212 701 3000
7 | Facsimile:  212 269 5420

8 | KELLER RACKAUCKAS LLP
JENNIFER L. KELLER (SBN 84412)
9 | jkeller@kruzlaw.com
18300 Von Karman Avenue, Suite 930
10 | Irvine, CA 92612
Telephone: 949 476 8700
11 | Facsimile: 949 476 0900

12 | Attorneys for Defendants MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC

14 | STUART DELERY
Acting Assistant Attorney General
15 | MAAME EWUSI-MENSAH FRIMPONG
    (CA Bar No.: 222986)
16 | ARTHUR R. GOLDBERG
MICHAEL S. BLUME
17 | JAMES T. NELSON
BRADLEY COHEN
18 | JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
19 | THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
20 |     P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
21 |     Telephone: (202) 616-2376
    Facsimile: (202) 514-8742
22 |     Email: James.Nelson2@usdoj.gov

23 | Attorneys for Plaintiff UNITED STATES OF AMERICA

CASE NO.  CV13-779 DOC (JCGx)

The parties in this action have filed a Supplemental Joint Report of the Parties on July 26, 2013 (the "Supplemental Report"), advising the Court of an agreement between the parties that, to enable the United States to designate a limited set of RMBS and CDOs and affected financial institutions that will form the basis for its proof at trial, and thereby facilitate the parties' ability to more clearly define the breadth and necessary time for subsequent discovery, there should be an initial phase of limited discovery.  In this initial phase of limited discovery, the United States expects to serve third-party document subpoenas, take a limited number of depositions, and serve limited requests for documents on S&P for the purpose of: (1) determining whether particular CDOs and RMBS rated by S&P were, in the United States' view, affected by the alleged fraud; (2) determining the losses to financial institutions, if any, resulting from S&P's alleged fraud as it related to these particular CDOs and RMBS; and (3) determining which of these particular CDOs and RMBS will best serve as a basis for the United States' proof at trial.  In order to avoid unnecessary delay in the overall discovery phase, during this initial phase of limited discovery, S&P will begin to conduct discovery relating to aspects of its defense that do not depend on the government's designation of the RMBS and CDOs at issue by seeking document discovery from the Department of Justice and other federal government entities and officials (collectively, the "Government") relating to: (1) Government investigations of S&P and others prior to the filing of this lawsuit, including notes and transcripts of interviews and testimony that were not part of the United States' initial disclosure to S&P; (2) the Department of Justice's decision to authorize the filing of this litigation; (3) Government analysis, opinion, and projections regarding the residential mortgage market and its potential impact on the broader economy; and (4) information received by the Government in investigations of entities other than S&P that relate to CDOs and RMBS, including investigations of arrangers, sponsors, underwriters, issuers, sellers, and other rating agencies.  The parties anticipate that S&P will not

be able to complete all such discovery during the initial phase of limited discovery. The parties also anticipate that S&P's document discovery in these areas will generate objections from the Government that may require motion practice that can be initiated during the initial phase of limited discovery.

The Court having reviewed the Supplemental Report, and having conducted a scheduling conference on July 29, 2013, based on the agreement of the parties, and good cause having been shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. There shall be an initial phase of limited discovery as set forth above.

2. The conduct of any depositions or discovery on third parties during the initial phase of limited discovery will not prejudice any party's ability to seek further depositions or discovery on those third parties.

3. By no later than November 18, 2013, the United States shall serve on S&P a supplemental disclosure that will: (1) identify the limited set of RMBS and CDOs, together with the particular tranches and tranche purchasers, that will form the basis for its proof at trial; and (2) with respect to this limited set of RMBS and CDOs (a) identify the financial institutions the United States will contend were affected by the alleged fraud and (b) identify the financial institution losses the United States will contend provide a basis for the determination of FIRREA penalties.

4. Once the United States' supplemental disclosure is made, the parties shall confer to attempt to arrive at an agreed-upon schedule for the balance of this case. By no later than December 2, 2013, the parties shall submit a further supplemental Rule 26(f) report setting forth the parties proposal for a schedule for the balance of this case.

///
///
///
///

1      5.  The parties are ordered to appear before the court for a further scheduling
2  conference on December 16, 2013 at 3:00 p.m.

**SO ORDERED:**

_David O. Carter_____
Honorable David O. Carter, U.S.D.J.

August 2, 2013
~~July xxxxx 2013~~

---

3

~~XXXXX PROPOSED~~ INITIAL SCHEDULING ORDER

CASE NO.  CV13-779 DOC (JCGx)