KEKER & VAN NEST LLP
JOHN KEKER (SBN 49092)
jkeker@kvn.com
ELLIOT R. PETERS (SBN 158708)
epeters@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendants
MCGRAW-HILL COMPANIES, INC., and
STANDARD & POOR'S FINANCIAL SERVICES LLC

ANDRÉ BIROTTE JR.
United States Attorney
GEORGE S. CARDONA (CA Bar No. 135439)
ANOIEL KHORSHID (CA Bar No. 223912)
Assistant United States Attorneys
        Room 7516 Federal Building
        300 N. Los Angeles St.
        Los Angeles, California 90012
        Telephone: 213-894-8323/6086
        Facsimile: 213-894-6269/7819
        Email: george.s.cardona@usdoj.gov / anoiel.khorshid@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

(*Additional counsel on next page*)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MCGRAW-HILL COMPANIES, INC.<br>and STANDARD & POOR'S<br>FINANCIAL SERVICES LLC,<br><br>Defendants. | Case No. CV 13-779 DOC (JCGx)<br><br>**[PROPOSED]  PROTECTIVE ORDER**<br><br>[Submitted In Accordance With the Court's August 2, 2013 Minute Order] |

(*Additional counsel*):

CAHILL GORDON & REINDEL LLP
FLOYD ABRAMS (*pro hac vice*)
fabrams@cahill.com
S. PENNY WINDLE (*pro hac vice*)
pwindle@cahill.com
80 Pine Street
New York, New York 10005-1702
Telephone: 212 701 3000
Facsimile:  212 269 5420

KELLER RACKAUCKAS UMBERG ZIPSER LLP
JENNIFER L. KELLER (SBN 84412)
jkeller@kruzlaw.com
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612-1057
Telephone: 949 476 8700
Facsimile: 949 476 0900

Attorneys for Defendants
MCGRAW-HILL COMPANIES, INC., and
STANDARD & POOR'S FINANCIAL SERVICES LLC

STUART DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
     (CA Bar No.: 222986)
ARTHUR R. GOLDBERG
MICHAEL S. BLUME
JAMES T. NELSON
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
     P.O. Box 261, Ben Franklin Station
     Washington, D.C. 20044
     Telephone: (202) 616-2376
     Facsimile: (202) 514-8742
     Email: James.Nelson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

In accordance with the Court's August 2, 2013 Minute Order regarding the parties' proposed protective order, having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

A.    Definitions

As used herein, the following terms shall have the following meanings:

1.    "Action" shall mean the case captioned United States v. McGraw-Hill Companies, Inc., and Standard & Poor's Financial Services, Inc., No. CV 13-779-DOC (JCGx) (Central District of California).

2.    "Party" shall mean the plaintiff or any of the defendants in the Action, that is, any of plaintiff United States of America or defendants McGraw-Hill Companies, Inc., and Standard & Poor's Financial Services LLC, together with any of their officers, directors, employees, consultants, retained experts, and counsel of record (including support staff).

3.    "Producing Person" shall mean the Party or other person producing in discovery in the Action any information that the Producing Person seeks to designate and have treated as "Confidential Information" pursuant to this Protective Order.

4.      "Receiving Party" shall mean the Party receiving in discovery in the Action any information that the Producing Person has designated as "Confidential Information" pursuant to this Protective Order.

5.      "Confidential Information" shall mean information that, at the time of its production in discovery in the Action, or thereafter, is designated as such in accordance with the provisions of Section (C) of this Protective Order by the Producing Person based on the Producing Person's good faith belief that the information: (a) is not in the public domain, or, if in the public domain, is improperly in the public domain; and (b) is either (i) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) or (ii) personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.

6.      "Confidential Item" shall mean any document, deposition transcript, or other item produced in discovery in this Action that is designated by the Producing Person, acting in good faith, as containing Confidential Information, with the particular Confidential Information specifically identified in accordance with the provisions of Section C(3) of this Protective Order.

7.      "Challenging Party" shall mean any Party who challenges the designation of information as Confidential Information under this Protective Order.

2

8.      "Prior Confidentiality Agreement" shall mean the Confidentiality Agreement entered into between the Parties on or about March 10, 2010.

B.      Purpose, Scope, and Limitations

1.      Though this Protective Order applies only to Confidential Information, the Parties acknowledge the general principle that, except as otherwise required by law or regulation or for law enforcement purposes, all documents and other information produced pursuant to discovery in this Action, and deposition testimony given in this Action, should be used only for the purposes of prosecuting or defending this Action.  This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than Confidential Information produced pursuant to discovery in this Action.

2.      The protections conferred by sections E through H of this Protective Order do not cover any information: (i) that is properly in the public domain at the time of disclosure to a Receiving Party; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Person.

3

3.     This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek protective relief from the Court in connection with any such hearing or trial.

4.     This Protective Order governs the disclosure, use, and handling of all Confidential Information and Items, regardless of the format or medium in which such Confidential Information and Items are generated, stored, or maintained.

5.     Any Confidential Information referenced in any pleading or contained in any Confidential Item filed with the Court in this Action by the Producing Person shall at the time of filing cease to be Confidential Information unless the Producing Person files the unredacted pleading or Confidential Item under seal pursuant to the procedures set forth in paragraph E(6) of this Protective Order.

6.     Nothing in this Protective Order shall restrict the right of any Producing Person to use its own Confidential Information for any purpose whatsoever, but any such use resulting in a disclosure that places the Confidential Information in the public domain shall cause the Confidential Information to lose its designation as Confidential Information, and it shall no longer be subject to any protection under this Protective Order.

7.     This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the date on which the Court enters this Protective Order.

4

C.      Designation of Confidential Information

        1.      A Producing Person that designates Confidential Information for protection under this Protective Order must take care to limit any such designation to specific information that qualifies under the appropriate standards.  The Producing Person must designate for protection only those parts of a Confidential Item that the Producing Person in good faith believes qualify for protection as Confidential Information, so that other portions of the Confidential Item for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

        2.      If it comes to a Producing Person's attention that information it designated as Confidential Information does not qualify for protection, the Producing Person must promptly notify all Parties that it is withdrawing the mistaken designation.

        3.      Designations of Confidential Information shall be made by the Producing Person prior to or at the time of production, except as otherwise provided by this Protective Order.  A Producing Person shall designate Confidential Information as follows:

                a.      For documents produced in discovery, whether in paper or electronic format, but excluding deposition transcripts, designation of  Confidential Information shall be made by marking each page of the document asserted to contain Confidential Information with "Confidential," "Confidential Treatment

Requested," or "Confidential-Subject To Protective Order" (without obscuring or defacing the document).  If only a portion or portions of the material on a page of a document qualifies for protection, the Producing Person also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  If documents are produced in a native electronic format such that they cannot be marked as described, the Producing Person shall accompany the production with a cover letter identifying the native format documents that are designated as containing Confidential Information.  For documents produced in electronic form, the Producing Person shall also affix to the physical media on which any such information is produced the legend "Confidential" or "Contains Confidential Information."

        b.     For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Contains Confidential Information."

        c.     For depositions, designation of Confidential Information shall be made by a statement to such effect on the record at any time in the course of the deposition identifying the specific testimony and/or exhibits asserted to contain Confidential Information and stating the reasons for this assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or

6

copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 30-day period.  The following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Contains Confidential Information."  If all or part of a deposition recorded by videographic means is designated as Confidential, the recording storage medium and its container shall be labeled "Contains Confidential Information."  Documents and other items used as exhibits at a deposition that have not previously been produced in discovery in this Action shall be designated as Confidential Information using the procedures specified in subparagraph C(3)(a) or (d)

   d. For any item produced in discovery not falling within subparagraphs C(3)(a), (b), or (c), designation of Confidential Information shall be made by labeling the item or the item's container "Contains Confidential Information."  If only a portion or portions of the information contained in the item warrant protection as Confidential Information, the Producing Person shall provide a cover letter identifying the specific portion or portions.

4.      To the extent that any Party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, or tape, a file, database, or program (including but not limited to e-discovery management software such as Concordance and Summation) containing information that it received from a Producing Person and that is designated Confidential Information, that Party must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to Confidential Information.  Similarly, whenever any Party with access to Confidential Information in electronic format reduces that Confidential Information to hardcopy, that Party must take all necessary steps to ensure that access to the hardcopy is properly restricted to those persons who, by the terms of this Protective Order, may have access to Confidential Information.  When showing to a third-party witness or deponent Confidential Information that has been reduced from electronic format to hardcopy, a Party must ensure that the hardcopy containing the Confidential Information is marked as such.

5.      If timely corrected, an inadvertent failure to designate qualified information as Confidential Information will not, standing alone, waive the Producing Person's ability to secure protection under this Protective Order for such information.  A Producing Person that inadvertently fails to designate Confidential Information at the time of its production may correct the designation of

8

Confidential Information by doing so in writing, to the Receiving Party, within a

reasonable time after discovery of the inadvertent failure to designate,

accompanied by substitute copies of each newly-designated Confidential Item

bearing a corrected designation in accordance with subparagraph C(3) above.

Within fourteen (14) calendar days of receipt of the written notice and substitute

copies, the Receiving Party shall advise all individuals who received any newly-

designated Confidential Item prior to the written notice of the corrected

designation and shall either (a) collect and return to the Producing Person all

copies of the mis-designated items or (b) attest to the Producing Person that all

copies of the mis-designated items have been destroyed.  Those individuals who

reviewed the mis-designated items prior to notice of the mis-designation by the

Producing Person shall abide by the provisions of this Protective Order with

respect to the disclosure, use, and handling of Confidential Information contained

in the mis-designated items.

D.     Objections to Designations

       1.     A Challenging Party shall not be obliged to challenge the propriety of

a Confidential Information designation at the time made, and a failure to do so

shall not preclude a subsequent challenge thereto.

       2.     The Challenging Party shall initiate a challenge to the designation of

any Confidential Information under this Protective Order by providing to the

Producing Person (and all other Parties in the Action) written notice of each

designation it is challenging and describing the basis for each challenge.  The Challenging Party and the Producing Person shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) calendar days of the service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the designation as Confidential Information was not proper and must give the Producing Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   For any challenge to the designation of 100 pages or less of Confidential Information, within fourteen (14) calendar days of the service of the notice, the Producing Person shall advise the Challenging Party of its final decision whether it will agree to change the designation or will maintain the applicability of the designation.  For any challenge to the designation of more than 100 pages of Confidential Information, the parties, acting in good faith, shall agree on a reasonable time for the Producing Person to advise the Challenging Party of its final decision.

   3. If agreement is reached to exempt from the provisions of this Protective Order any information subject to the challenge, the Producing Person shall serve on all Parties a notice specifying the information and the nature of the agreement.

   4. If the Producing Person and Challenging Party are unable to reach an agreement as to the proper designation of the information, within seven (7)

business days after the Producing Person has provided its final decision regarding the designation, the Producing Person may file a motion seeking a Court ruling that the information at issue is properly designated as Confidential Information. Failure to file a motion within the specified time shall result in the information at issue losing its designation as Confidential Information.

5.     The burden of persuasion in any proceeding challenging the designation of Confidential Information shall be on the Producing Person seeking to maintain the designation.

6.     Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Producing Person agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information, provided that such treatment as Confidential Information shall continue despite such ruling if the ruling is subject to a stay by operation of law because it is subject to appeal or review, or it is otherwise stayed by a court of competent jurisdiction.

E.     <u>Disclosure, Use, And Handling of Confidential Information</u>

1.     A Receiving Party may use Confidential Information received from a Producing Person in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

11

2.      Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of Confidential Items and Confidential Information.

3.      Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a.      Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants; paralegals; and investigative, secretarial or clerical personnel;

b.      Current employees of the Parties who are assisting with respect to this Action;

c.      This Court (including any judicial officer to whom the matter may be referred for settlement purposes), Court personnel, jurors, and persons recording or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

d.      Any person for whom it is evident that the person prepared, received, reviewed, or otherwise had been provided access to the Confidential Information prior to its production pursuant to discovery in this Action;

e.      Current employees of the Producing Person;

f.      Witnesses, potential witnesses, and deponents (with the exception of those employed by a competitor of S&P), and their counsel, as to

whom counsel has a reasonable belief that the witness, potential witness, or deponent has relevant information regarding the Confidential Information;

g.      Outside photocopying, data processing, graphic production, or other professional service vendors whose litigation support services are reasonably necessary to litigation in this Action;

h.      Any expert or consultant (or any individual retained by such expert or consultant for purposes of assisting in the expert or consultant's work in connection with this Action) who is not currently employed by any Party's competitor and is retained by counsel for the purposes of consulting and/or testifying in this Action; and

i.      Any third party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court.

4.      Disclosure pursuant to subparagraphs E(3)(f)-(i) above shall be made only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."  Counsel for the Party obtaining any signed declaration shall retain that declaration and need not disclose it to counsel for all other Parties unless ordered to do so by the Court.  If a witness at a deposition refuses to sign a declaration in the form attached hereto as "Exhibit A" the deposition will proceed and that deponent may be shown Confidential Information but counsel seeking to use the Confidential Information shall provide the deponent with a copy of this

Protective Order and inform the deponent that the deponent is obligated to maintain the confidentiality of the Confidential Information pursuant to the terms of this Protective Order.

5.     Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.  The recipient of any Confidential Information provided pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

6.     Without written permission from the Producing Person or a court order secured after appropriate notice to the Producing Person and all other Parties, a Party may not file in the public record in this Action any Confidential Item or any pleading referencing Confidential Information.  All Confidential Items and pleadings referencing Confidential Information shall be filed in the public record as an ECF document in a form that redacts the Confidential Information, with the unredacted pleading or Confidential Item filed under seal in accordance with Local Rule 79-5.1, except that counsel may rely upon the designation of Confidential Information by the Producing Person and need not make a motion to file the unredacted pleading or Confidential Item under seal so long as the pleading being

14

filed states on its cover page: "Redacted Confidential Information Filed Under Seal Pursuant To Protective Order."

F.    Confidential Information Subpoenaed or Ordered Produced In Other Litigation

1.    If, at any time, a Receiving Party or a person who received Confidential Information from a Receiving Party pursuant to this Protective Order receives a subpoena or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity seeking any of that Confidential Information, the Receiving Party shall, unless prohibited from doing so by law or regulation: (a) promptly provide written notice to the Producing Person, which notice shall include the date set for the production of the subpoenaed or requested Confidential Information and a copy of the subpoena or other form of legal process; (b) promptly notify in writing the person who caused the subpoena or other form of legal process to issue in the other litigation that some or all of the material covered by the subpoena or other form of legal process is subject to this Protective Order.  Unless prohibited from doing so by law or regulation, the person to whom the subpoena or other form of legal process is directed (the "Subpoenaed Person") shall not disclose any Confidential Information in response thereto without first providing the Producing Person a reasonable period under the circumstances, or ten (10) calendar days, whichever is shorter, to inform the Subpoenaed Person either that the Producing Person does not

15

object to production of the Confidential Information or that the Producing Person will seek court protection to prevent the production.

2.    If the Producing Person either advises that it will not seek court protection or fails to provide advice regarding the Producing Person's position within the ten (10) calendar day period set forth in subparagraph F(1) above, the Subpoenaed Person may produce the Confidential Information.

3.    The Producing Person shall bear the burden and expense of seeking protection of its designated Confidential Information – and nothing in this Protective Order should be construed as authorizing or encouraging a Subpoenaed Person to disobey a lawful directive from another court.

G.    <u>Inadvertent Disclosures</u>

1.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.  The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed information.

2.    If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure

contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Person and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

H.      Return or Destruction of Material On Final Disposition

1.      Within sixty (60) calendar days after receiving notice of the entry of an order, judgment or decree finally disposing of or resolving the Action, including the exhaustion of all possible appeals and other reviews, absent a court order or written agreement to the contrary, each Receiving Party shall advise all persons to whom it disclosed Confidential Information pursuant to this Protective Order and shall either (a) collect and return to each Producing Person all copies of the Confidential Information produced by that Producing Person or (b) attest to each Producing Person that all copies of the Confidential Information produced by that Producing Person have been destroyed.  As to material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or

17

that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains Confidential Information subject to this Protective Order.  Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential information, so long as such material is clearly marked to reflect that it contains Confidential Information.  Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information until a Producing Person agrees otherwise in writing or a court order otherwise directs.

I.      Material Produced by S&P During the FIRREA Investigation

1.      In response to FIRREA subpoenas during the United States' FIRREA investigation that led to the filing of this Action, S&P produced to the United States a large number of documents and other electronically-stored information that S&P designated as containing "Confidential Information" pursuant to the Prior Confidentiality Agreement and 28 C.F.R. § 16.8 (the "Confidential FIRREA Material").  The Confidential FIRREA Material includes highly confidential

18

source code materials produced on June 30, 2011 (the "Source Codes"), with respect to which the Parties agreed to additional protections.

2.     Upon entry by the Court of this Protective Order, Confidential FIRREA Material other than the Source Codes may be disclosed, used and handled in any manner that Confidential Information may be disclosed, used or handled pursuant to Section E of this Protective Order, whether or not such disclosure, use or handling would otherwise be permissible under the Prior Confidentiality Agreement.

3.     Absent agreement by S&P or a further court order, the disclosure, use and handling of the Source Codes shall remain governed by the prior agreement of the Parties as expressed in their correspondence dated June 3, 2011, June 9, 2011 and June 14, 2011.

4.     S&P will not unreasonably refuse any request by the United States to include FIRREA Confidential Material in a public filing.  If a request to include FIRREA Confidential Material in a public filing is refused and the United States in good faith believes that the designation of the FIRREA Confidential Material is without proper basis, the United States may challenge the designation of the FIRREA Confidential Material pursuant to the procedures set forth in Section D of this Protective Order.

J.    Miscellaneous

     1.    A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

     2.    Nothing in this Protective Order abridges the right of any Party or other person to seek its modification by the Court in the future.

     3.    Nothing contained in this Protective Order shall affect the right, if any, of any Party or other person to: (a) make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition; or (b) seek additional protective relief with respect to any information or item sought in the course of discovery.  Nothing contained in this Protective Order shall affect the right, if any, of any Party to: (a) object to the admissibility, authenticity, or use of any information or item at any hearing or trial; (b) seek or compel additional discovery; (c) agree to seek to modify, alter or amend the provisions or protections provided by this Protective Order by filing a stipulation or motion with the Court; or (d) waive in writing the provisions or protections provided by this Protective Order with respect to the Party's own Confidential Information.

     4.    In the event additional Parties are joined or permitted to intervene in this Action, they shall not have access to any Confidential Information unless and

until such Parties (and their counsel) agree in writing to be bound by the terms of this Protective Order by executing a declaration in the form attached hereto as "Exhibit A."

5.      A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing a declaration in the form attached hereto as "Exhibit A."  By signing such declaration, the non-party agrees to be bound by the terms of this Protective Order and consents to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

6.      Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

7.      Upon the final resolution of this Action, any Party may seek leave to reopen this Action to enforce the provisions of this Protective Order.

///

///

21

8.      This Protective Order is binding on all Parties to this Action.  This Protective Order is also binding on all non-parties who have signed a declaration in the form attached hereto as "Exhibit A."  This Protective Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court.

**SO ORDERED:**

_____
_____

Hon. David O. Carter, U.S.D.J.

August __, 2013

**EXHIBIT A**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MCGRAW-HILL COMPANIES, INC.<br>and STANDARD & POOR'S<br>FINANCIAL SERVICES LLC,<br><br>　　　　　　　　Defendants. | Case No. CV 13-779 DOC (JCGx)<br><br><br><br>**CERTIFICATION** |

CERTIFICATION

1.  My name is _____

2.  My address is

　　_____

3.  I have read the Protective Order that has been entered in this case, and a

　　copy of it has been given to me.  I understand the provisions of the

　　Protective Order, and agree to comply with and to be bound by its

　　provisions.  I also consent to the jurisdiction of this Court for purposes of

　　enforcement of the Protective Order.

4.  I declare under penalty of perjury that the foregoing is true and correct.

　　Executed this ___ day of _____ by _____

Signed: _____

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 13-779 DOC (JCGX)