1  KEKER & VAN NEST LLP
   JOHN KEKER (SBN 49092)
2  jkeker@kvn.com
   ELLIOT R. PETERS (SBN 158708)
3  epeters@kvn.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:  415 391 5400
5  Facsimile:   415 397 7188

6  CAHILL GORDON & REINDEL LLP
   FLOYD ABRAMS
7  fabrams@cahill.com
   S. PENNY WINDLE
8  pwindle@cahill.com
   80 Pine Street
9  New York, New York  10005-1702
   Telephone: 212 701 3000
10 Facsimile:  212 269 5420

11 KELLER RACKAUCKAS UMBERG ZIPSER LLP
   JENNIFER L. KELLER (SBN 84412)
12 jkeller@kruzlaw.com
   18300 Von Karman Avenue, Suite 930
13 Irvine, CA 92612
   Telephone: 949 476 8700
14 Facsimile: 949 476 0900

15 Attorneys for Defendants MCGRAW-HILL
   COMPANIES, INC., and STANDARD & POOR'S
16 FINANCIAL SERVICES LLC

17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20                  SOUTHERN DIVISION

21 UNITED STATES OF AMERICA,        | Case No. CV13-779 DOC (JCGx)

22                      Plaintiff,  | **DEFENDANTS MCGRAW-HILL FINANCIAL, INC.'S AND**
23      v.                          | **STANDARD & POOR'S FINANCIAL SERVICES LLC'S OCTOBER 14,**
24 MCGRAW-HILL COMPANIES, INC.      | **2013 STATUS UPDATE**
   and STANDARD & POOR'S            |
25 FINANCIAL SERVICES LLC,          | Dept.:    Courtroom 9D
                                    | Judge:    Honorable David O. Carter
26                      Defendants. |
                                    | Complaint filed February 4, 2013
27

28

786317

1    Pursuant to the Court's October 8, 2013 Order, Defendants McGraw Hill

2    Financial, Inc. and Standard & Poor's Financial Services LLC (collectively

3    "S&P") submit the following update of discovery activities since August 2, 2013.

4    **I.      Overview**

5    The "Initial Discovery" period agreed to by the parties and set forth in the

6    Court's August 2, 2013 Initial Scheduling Order provides the United States with an

7    opportunity to narrow the scope of its case by conducting discovery and

8    identifying by November 18, 2013 the particular RMBS and CDOs and affected

9    financial institutions that will serve as the basis for the United States' proof at trial.

10   By agreement, this period also permits S&P to pursue written discovery from the

11   United States on issues that would not be impacted by the United States' provision

12   of its narrowed list of securities. The parties have served written discovery to

13   further both of these ends, and have conferred regularly since the Initial Case

14   Management Conference to move that discovery forward and to discuss any

15   outstanding issues.

16   **II.     S&P Discovery**

17   On August 20, S&P served the United States with document requests

18   pursuant to Rule 34 (the "Requests"), directed to the following issues, as

19   contemplated by the Initial Scheduling Order: (1) Government investigations of

20   S&P and others prior to the filing of this lawsuit, including notes and transcripts of

21   interviews and testimony that were not part of the United States' initial disclosure

22   to S&P; (2) the Department of Justice's decision to authorize the filing of this

23   litigation; (3) Government analysis, opinion, and projections regarding the

24   residential mortgage market and its potential impact on the broader economy; (4)

25   information received by the Government in investigations of entities other than

26   S&P that relate to CDOs and RMBS, including investigations of arrangers,

27   sponsors, underwriters, issuers, sellers, and other rating agencies; and (5)

28   information prepared or collected by the United States relating to the quality and

1

786317

1  independence of NRSRO ratings.  S&P agreed to a United States request to extend

2  the deadline for responding to the Requests to October 19, 2013.  The United

3  States has stated that it will produce documents in response to the Requests.  The

4  parties have met and conferred on multiple occasions regarding the Requests, and

5  are in the process of narrowing disputed issues.

6          On August 20, S&P also served Rule 45 subpoenas on the Board of

7  Governors of the Federal Reserve System, the Federal Open Market Committee,

8  and the Federal Reserve Bank of New York, seeking, among other things,

9  information and analyses supporting or relating to specifically identified statements

10  from high ranking government officials such as Ben Bernanke and Timothy

11  Geithner about the housing market in 2006 and 2007.  S&P seeks to identify the

12  data upon which the assessments, similar to those made by S&P, were made.

13  Those entities have each expressed concern about the relevance of this information

14  to the United States' case, and have also stated that at least some of the documents

15  are privileged.  They have expressed a willingness to meet and confer, and S&P

16  has been in discussions with attorneys for the Board of Governors, the Open

17  Market Committee and the Federal Reserve Bank of New York.  Further

18  discussions with the Board of Governors and the Open Market Committee await

19  clarification of the obligation of the United States to search for and produce

20  materials held by those entities.  The Federal Reserve Bank of New York has

21  indicated that it is reviewing material for potential production within the next

22  several weeks.

23          The parties are continuing efforts to eliminate disputes, but have identified

24  two issues that may, pending further discussion, require the Court's adjudication:

25          (1) **The scope of the United States' obligation to search for documents**

26  **pursuant to the Request for Documents served by S&P.**  The United States has

27  agreed to search for responsive documents within the Department of Justice, the

28  Department of Treasury, and the Department of Housing and Urban Development,

2

786317

1   and has expressed that it will contact White House Counsel's Office.  The United

2   States has not agreed to itself search for documents from entities such as the Board

3   of Governors of the Federal Reserve System, the Federal Open Markets

4   Committee, and other entities, taking the position that S&P must pursue any such

5   discovery exclusively through subpoenas issued under Rule 45.  S&P believes that

6   this position contradicts positions taken by the Department of Justice in *Starr*

7   *International Company, Inc. v. United States*, NO. 11-cv-00779-TCW (Fed. Cl.),

8   and is additionally both impractical and potentially prejudicial.  This would require

9   S&P to enforce its subpoenas in multiple forums, notwithstanding the fact that the

10  underlying issues will be the same, which will cost undue expenditure of time and

11  risk inconsistent rulings.  S&P has already confronted resistance from these entities

12  and anticipates further resistance.  While the Government has offered to reach out

13  and assist in communications with these entities, S&P believes that the United

14  States is affirmatively obligated under Rule 34 to search for and produce

15  documents from those sources.

16          (2) **The United States' obligation  to search for and produce certain**

17  **documents relating to the Department of Justice's decision to authorize the**

18  **filing of this litigation, and the potential that the case was brought as**

19  **retaliation against S&P for downgrading the United States' credit rating.**  The

20  United States claims that these documents are relevant only to S&P's Eleventh

21  Affirmative Defense and that S&P must make some, as yet unspecified, showing

22  supporting a First Amendment retaliation defense before the United States is

23  required to search for and produce, or even log, any documents.  The United States

24  has stated that any responsive documents would, in any event, be subject to a

25  variety of privileges, including a Presidential privilege, but has declined at this

26  time to log documents covered by such privilege.  The United States has

27  committed to providing S&P with the support for its position in writing.  S&P

28  believes that it is entitled to this information in order to respond to the United

3

786317

1  States' allegations and to establish its pleaded affirmative defenses.  *See United*

2  *States v. National Broadcasting Co.*, 65 F.R.D. 415, 417 (C.D. Cal. 1974), *appeal*

3  *dismissed*, 421 U.S. 940 (1975).  S&P will respond further once the United States

4  provides its written explanation of its positions.

5  **III.   United States Discovery**

6        The United States is best positioned to update the Court on its actions, but

7  S&P is aware that the United States has served a substantial number of third-party

8  subpoenas—over 80—between August 5 and August 15, 2013.  As of today, the

9  United States has provided S&P with responses and responsive documents to

10 approximately half of those subpoenas.  S&P has agreed to extend the protections

11 afforded by the Protective Order in this case to documents produced to the United

12 States in response to these subpoenas even if the documents are not formally

13 designated as confidential in accordance with the Protective Order's terms.  The

14 United States has indicated that it may encounter objections to production of

15 certain third party materials that is has received even if the protective order is made

16 available to cover such documents.

17       On September 27, the United States served S&P with a Request for

18 Production of Documents.  As S&P informed the United States, these requests

19 were broader and sought more extensive discovery than S&P had anticipated as

20 being necessary in the Initial Discovery period, consisting of 9 requests with 53

21 subparts relating to 79 CDOs, and seeking documents not only from centralized

22 storage locations, but from a host of other sources.  With agreement of the United

23 States, S&P is prioritizing its searches and responses to centrally maintained

24 ratings documentation, such as deal files and the output of certain analyses, for 32

25 CDOs that the United States identified and that had not been requested during the

26 United States' three-year investigation.  S&P anticipates that it will make a

27 substantial production on or before October 27.  S&P will continue to search for

28 and produce documents relating to the remaining requests, which S&P understands

4

786317

1    are not essential to the United States' November 18 disclosure.

2       Finally, the United States has informed S&P that it intends to take 30(b)(6)

3    depositions of two financial institutions—Citibank and Bank of America—on

4    October 30 and November 4 respectively.  S&P will participate on a limited basis

5    in those depositions subject to the Court's Order of August 2, 2013 that its

6    participation will be without prejudice to S&P's ability to seek deposition

7    testimony from the same entities after receiving the United States' supplemental

8    disclosure of the specific RMBS and CDOs at issue in this case.  The United States

9    has agreed to provide to S&P documents received from those institutions in

10    advance of the depositions.

11    **IV.    Other Matters**

12       On September 30, 2013 the parties were informed by an individual named

13    William Cunningham that he intended to file a motion to intervene in this action.

14    Mr. Cunningham emailed counsel his proposed motion papers but has not yet filed

15    the papers nor sought a hearing date.  S&P informed Mr. Cunningham that it

16    would oppose his motion to intervene, if filed.  S&P believes that Mr. Cunningham

17    has no basis for intervening in this action.

18    Dated:  October 14, 2013            KEKER & VAN NEST LLP

19

20                    By:   */s/ John Keker*

21                       John Keker

22

23

24

25

26

27

28

**DEFENDANTS MCGRAW HILL COMPANIES, INC. AND STANDARD & POOR'S FINANCIAL SERVICES LLC'S OCTOBER 14, 2013 STATUS UPDATE**
CASE NO.  CV13-779 DOC (JCGX)

786317