STUART DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
   (CA Bar No.: 222986)
ARTHUR R. GOLDBERG
MICHAEL S. BLUME
JAMES T. NELSON
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
   P.O. Box 261, Ben Franklin Station
   Washington, D.C. 20044
   Telephone: (202) 616-2376
   Facsimile: (202) 514-8742
   Email: James.Nelson2@usdoj.gov

ANDRÉ BIROTTE JR.
United States Attorney
GEORGE S. CARDONA (CA Bar No. 135439)
ANOIEL KHORSHID (CA Bar No. 223912)
Assistant United States Attorneys
   Room 7516 Federal Building
   300 N. Los Angeles St.
   Los Angeles, California 90012
   Telephone: (213) 894-8323/6086
   Facsimile: (213) 894-6269/7819
   Email: george.s.cardona@usdoj.gov / anoiel.khorshid@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>MCGRAW-HILL COMPANIES, INC.,<br>and STANDARD & POOR'S<br>FINANCIAL SERVICES LLC,<br><br>        Defendants. | No. 2:13-cv-00779-DOC-JCG<br><br>STATUS UPDATE RE:<br>INITIAL DISCOVERY;<br>EXHIBITS 1-4<br><br>[Submitted In Accordance<br>With the Court's October 7, 2013<br>Minute Order] |

Pursuant to the Court's October 7, 2013 Order, plaintiff, United States of America, submits the following status update.

### I. United States' Rule 45 Subpoenas

On August 5, 6, and 9, 2013, pursuant to Federal Rule of Civil Procedure 45(b)(1), the United States served subpoenas for documents as specified in the table attached as Exhibit 1.

The recipients of these document subpoenas included: federally insured financial institutions, foreign banks, collateral managers, investment banks, and trustees, from whom the subpoenas sought records relating to certain specifically identified CDOs; and broker/dealers, from whom the subpoenas sought records identifying purchasers of a broader set of CDOs and RMBS.  The United States has engaged in discussions with the subpoena recipients to seek to facilitate production of the records necessary to provide the information required for the United States to prepare its supplemental disclosure due November 18, 2013.  Reasonable extensions have been granted as requested, and documents have been, and continue to be, produced pursuant to the subpoenas.

Pursuant to agreement with S&P, in response to certain of S&P's Rule 34 document requests, and subject to the protections of the protective order in this case, the United States has been producing to S&P on an ongoing basis the records produced pursuant to these subpoenas.  On September 23, October 8, and October 11, 2013, the United States provided S&P with materials produced pursuant to these subpoenas as set forth in the table attached as Exhibit 2.

### II. Rule 30(b)(6) Depositions

In light of the documents obtained in response to its Rule 45 subpoenas, the United States does not believe that a large number of

Rule 30(b)(6) depositions will be necessary for it to complete its supplemental disclosures due on November 18, 2013. The United States has advised S&P that it believes Rule 30(b)(6) depositions of Bank of America and Citigroup remain necessary on the limited issues of: the roles played by them and their federally insured affiliates in certain specified CDOs; purchases/retentions by them and their federally insured affiliates of tranches in these CDOs; and losses accruing to them and their federally insured affiliates as the result of their roles in and/or purchases/retentions of tranches in these CDOs. After clearing the dates with S&P, and after providing oral notice to counsel for the entities, on October 11, 2013, the United States served deposition subpoenas on: (a) Bank of America for October 30, 2013, in New York, New York; and (b) Citigroup for November 5, 2013, in New York, New York. The United States has advised S&P that it is continuing to review documents, and, if necessary, will seek to set any additional Rule 30(b)(6) depositions for the weeks of October 28 and/or November 4.

III. <u>United States' Rule 34 Document Request</u>

On September 27, 2013, the United States served on S&P the United States' First Request For Production Of Documents ("US First Request"), which sets forth 9 document requests. In discussions between the parties (detailed in section IV below), S&P has agreed to the United States' request to give priority to requests 1-3, and has advised that (with the exception of some emails falling within the scope of these requests) it believes it can complete production on these requests within the 30-days specified in the US First Request. The United States believes that production of these documents within this time frame will provide it with sufficient

information to make its supplemental disclosures by the November 18, 2013 deadline.[1]  The parties will continue to discuss production of the balance of the documents sought by the US First Request.

### IV.   S&P's Rule 34 Document Request

On August 20, 2013, S&P served on the United States Defendants' First Request For Production Of Documents ("S&P's First Request"), which sets forth 53 requests for categories of documents.

The parties have engaged in a series of discussions regarding S&P's First Request, the US First Request, depositions, the United States' Rule 45 subpoenas, and other matters.  Attached as Exhibit 3 is a table identifying the discussions.  The results of certain of these discussions are reflected in sections I through III above.  With respect to S&P's First Request, as a result of these discussions, among other things:

(a)   S&P agreed to the United States' request to extend to October 19, 2013 the time for its response to S&P's First Request.

(b)   With respect to documents gathered and sworn testimony taken in the course of the United States' FIRREA investigation of S&P that led to the filing of the Complaint, the United States has advised S&P that it has already provided the sworn testimony (with accompanying exhibits) taken by DOJ attorneys during the FIRREA investigation, and that, absent objection from the third-parties who produced documents, it intends to provide S&P with the documents gathered in the FIRREA investigation, as well as the FIRREA

---

[1] While the balance of the US First Request also relates to the United States' efforts to identify the specific RMBS and CDOs that will serve as the basis for the United States' proof at trial, the United States has identified the first three requests as the most important for this purpose.

3

subpoenas issued to third-parties and the United States' communications with those third-parties relating to those FIRREA subpoenas. In this regard, attached as Exhibit 4 is a table reflecting the materials already produced to S&P.

(c) With respect to a number of the requests, including in particular requests that require the attorneys for the United States in this case to reach out to other United States Attorney's Offices, other DOJ components, and other federal agencies, S&P has, at the United States' request, provided additional information to focus and/or narrow the requests. The United State has advised S&P that with this additional information it will reach out to the other USAOs, other DOJ components, and certain other federal agencies to ascertain their positions, but has also advised S&P that this may be delayed by the government shutdown, which has resulted in furloughs of a number of relevant DOJ and USAO attorneys and agency counsel.

(d) The parties have identified two issues on which there appear to be differences that may, absent further discussion resulting in a change in position, require court intervention:

(i) S&P seeks discovery related to S&P's asserted defense that the United States has improperly singled out S&P as the target of a FIRREA action because S&P downgraded the United States' credit rating while other NRSROs did not. The United States has advised S&P that it believes S&P has not made, and cannot make the preliminary showing required to obtain discovery relating to such an asserted defense (including in particular discovery of documents that otherwise would be protected from discovery by the attorney-client and deliberative process privileges and the work product doctrine). S&P has indicated that it does not believe any such

4

preliminary showing is required and/or that it has met any such requirement. The United States has agreed to give S&P a written statement of its position, after which the parties will determine whether agreement can be reached without court intervention.

(ii) Certain of S&P's discovery requests seek documents from the Board of Governors of the Federal Reserve System ("BOG") and the Federal Open Market Committee ("FOMC"). The United States has advised S&P that the BOG and FOMC are independent regulatory entities from whom documents are properly sought not by way of Rule 34 request to the United States as party-plaintiff in this case but rather by way of Rule 45 subpoenas. See United States v. AT&T Co., 461 F. Supp. 1332-37 & n.65 (D.D.C. 1978).[2] S&P has served Rule 45 subpoenas on the BOG and FOMC and received back correspondence stating objections but also indicating a willingness to discuss production in response to suitably narrowed requests. S&P, however, has continued to pursue its Rule 34 requests for the same documents from the United States as party-plaintiff. In the absence of some agreement on production, this issue, which likely extends to certain other entities such as the SEC, may also require court intervention.

V. Conclusion

In light of the above, the United States believes that the parties are on schedule with their initial discovery.[3]

---

[2] In discussions with S&P, the United States has explained why it believes this position is not inconsistent with positions taken by DOJ in *Starr International Co., Inc. v. United States*, No. 11-cv-00779-TCW (Fed. Cl.), and is neither impractical nor prejudicial.

[3] Though unrelated to discovery, the United States has also been informed by an individual named William Cunningham that he intends to file a motion to intervene in this action; the United States agrees with S&P that Mr. Cunningham has not identified any valid basis for intervention in this action.

```
Dated: October 14, 2013                    Respectfully submitted,

STUART F. DELERY                           ANDRÉ BIROTTE JR.
Acting Assistant Attorney General          United States Attorney
United States Department of Justice
Civil Division
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General          /S//George S. Cardona/
MICHAEL S. BLUME                           GEORGE S. CARDONA
Director, Consumer Protection Branch       LEON W. WEIDMAN
ARTHUR R. GOLDBERG                         ANOIEL KHORSHID
Assistant Director, Fed.Prog.Branch        RICHARD E. ROBINSON
JAMES T. NELSON                            Assistant U.S. Attorneys
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS
THOMAS D. ZIMPLEMAN
Trial Attorneys, Civil Division
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

**Exhibit 1: United States' Rule 45 Subpoenas**

| Date | Subpoena Recipients |
|---|---|
| August 5, 2013 | ABN AMRO Group N.V.<br>ACC Capital Holdings Corp.<br>Adams Bank & Trust<br>Bank of America<br>Bank of Kansas<br>Bank of New York Mellon<br>Bank of the West<br>Barclays Bank<br>BNP Paribas<br>CBW Bank<br>Citigroup<br>Credit Suisse AG<br>Deutsche Bank<br>E*Trade Bank<br>Goldman Sachs Group, Inc.<br>Harding Advisory LLC<br>HSBC Bank USA<br>IKB Deutsche Industriebank<br>Investors Bank & Trust Co.<br>JP Morgan Chase & Co.<br>LaSalle Bank N.A.<br>Lehman Brothers Holdings, Inc.<br>Mizuho International PLC<br>Modern Woodmen of America<br>Morgan Keegan & Co.<br>Morgan Stanley<br>Nomura Securities International<br>Rabobank International<br>RBS Securites<br>   (fka RBS Greenwich Capital)<br>TCW Asset Management Co.<br>Terwin Capital LLC<br>UBS AG – The Americas<br>US Bank NA<br>Wells Fargo |
| August 6, 2013 | Bank of America<br>Bear Stearns & Co., Inc.<br>BMO Capital Markets<br>Fifth Third Bancorp<br>Friedman Billings Ramsey Group, Inc.<br>HBK Investments L.P.<br>Novastar Asset Management |
| August 9, 2013 | Mizuho Bank, Ltd.<br>SunTrust Banks, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 2

**Exhibit 2: Rule 45 Subpoena Materials Produced to S&P**

| Date | Rule 45 Subpoena Materials Produced to S&P |
|---|---|
| September 23, 2013 | Cover letters and CD-ROMs containing responsive documents from:<br><br>Barclays Capital, Inc. & Barclays Bank PLC<br>BNY Mellon Co.<br>Citibank, NA & Citigroup Global Markets, Inc.<br>Credit Suisse Securities (USA) LLC<br>Deutsche Bank AG & Deutsche Bank Securities<br>   (three separate productions)<br>Goldman Sachs & Co.<br>JP Morgan Chase & Co. (also on behalf of<br>   WaMu Capital and Bear Stearns & Co., Inc.)<br>Morgan Stanley & Co., Inc.<br>Novastar Asset Management Co.<br>   (two separate productions)<br>Nomura Securities International, Inc.<br>   (two separate productions)<br>RBS Securities, Inc.<br>   (two separate productions)<br>UBS AG – The Americas & UBS Securities LLC |
| September 23, 2013 | Cover letters and responsive hard-copy documents from:<br><br>E*Trade Bank<br>Modern Woodmen of America |
| October 8, 2013 | Cover letters and DVD-ROMs containing responsive documents from:<br><br>Citibank, NA & Citigroup Global Markets, Inc.<br>JP Morgan Chase & Co. (also on behalf of<br>   Bear Stearns & Co., Inc.)<br>Morgan Stanley & Co., Inc.<br>   (two separate productions)<br>Rabobank International<br>RBS Securities Inc.<br>SunTrust Banks, Inc.<br>TCW Asset Management Co.<br>Wells Fargo & Co. (also on behalf of Wells<br>   Fargo Advisors LLC, Wells Fargo Bank, NA,<br>   and Wachovia Capital Markets)<br>   (two separate productions) |
| October 11, 2013 | Cover letters and electronic media containing responsive documents from:<br><br>Citibank, NA & Citigroup Global Markets, Inc.<br>   (hard-drive)<br>Deutsche Bank AG & Deutsche Bank Securities<br>Morgan Stanley & Co. LLC<br>RBS Securities, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 3

**Exhibit 3: Discovery Discussions**

| Date | Event |
|---|---|
| September 5, 2013 | Email: J.Keker to G.Cardona (questions relating to discovery) |
| September 6, 2013 | Telephone conference |
| September 19, 2013 | Email: G.Cardona to J.Keker (questions relating to discovery) |
| September 20, 2013 | Telephone conference |
| October 1, 2013 | Telephone conference |
| October 1, 2013 | Letter: G.Cardona to J.Keker (agreements and requests for additional information relating to discovery issues) |
| October 3, 2013 | Email: P.Malhotra to G.Cardona (signed agreement regarding confidential treatment of certain documents) |
| October 8, 2013 | Letter: J.Keker to G.Cardona (responses and questions relating to discovery issues) |
| October 9, 2013 | Telephone conference |

# Exhibit 4

**Exhibit 4: Documents Produced Responsive to S&P's First Request**

| Date | Documents |
|---|---|
| April 26 & 28, 2013 | Transcripts and exhibits for sworn testimony taken by DOJ attorneys in the course of the FIRREA investigation of S&P (with text files & videos where available) |
| September 23, 2013 | Rule 45 Subpoena Documents (see Exhibit 2 above) |
| October 8, 2013 | Rule 45 Subpoena Documents (see Exhibit 2 above) |
| October 11, 2013 | (a) Rule 45 Subpoena Documents (see Exhibit 2 above)<br><br>(b) Additional videos of sworn testimony taken by DOJ attorneys from two witnesses in the course of the FIRREA investigation of S&P<br><br>(c) Hard drive with documents obtained in the course of the FIRREA investigation of S&P from eight entities and one individual. |