KEKER & VAN NEST LLP
JOHN KEKER (SBN 49092)
jkeker@kvn.com
ELLIOT R. PETERS (SBN 158708)
epeters@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188

CAHILL GORDON & REINDEL LLP
FLOYD ABRAMS
fabrams@cahill.com
S. PENNY WINDLE
pwindle@cahill.com
80 Pine Street
New York, NY 10005-1702
Telephone: 212 701 3000
Facsimile:  212 269 5420

KELLER RACKAUCKAS UMBERG ZIPSER LLP
JENNIFER L. KELLER (SBN 84412)
jkeller@kruzlaw.com
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612
Telephone: 949 476 8700
Facsimile: 949 476 0900

Attorneys for Defendants MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>            Defendants. | Case No. CV13-779 DOC (JCGx)<br><br>**NOTICE OF INTENT TO OPPOSE MOTION TO INTERVENE**<br><br>Complaint filed February 4, 2013 |

Defendants McGraw-Hill Companies, Inc. and Standard & Poor's Financial services LLC (collectively, "S&P") hereby inform the Court that they oppose the *pro se* motion recently filed by William Cunningham to intervene in this matter. While S&P will file a more thorough memorandum in opposition forthwith, S&P submits this preliminary notice in light of a lack of procedural clarity in Mr. Cunningham's pleadings with regard to the *ex parte* status of this motion and the timeline for a response.

## I. Background

S&P first learned of Mr. Cunningham's desire to intervene in this matter via an email sent on September 30, 2013. The email requested that the parties inform Mr. Cunningham whether they would oppose his motion. The email further provided five attachments, including both a Notice of Motion and a purported Ex Parte Application. S&P informed Mr. Cunningham it opposed the motion. S&P has received no further substantive communications from Mr. Cunningham.

S&P received notice that Mr. Cunningham had filed a motion to intervene via the Court's ECF system on October 16, 2013. *See* Docket No. 63-67. As the Court is aware, Mr. Cunningham's filing contained errors resulting in a Notice of Document Discrepancies, and on October 11, the Court permitted the documents to be filed as of the date the documents were received by the Clerk. *See* Docket No. 62. Notice of the filing was distributed via ECF on October 16, 2013. The filed papers appear to indicate that the motion would be heard on an *ex parte* basis though it also indicates that a hearing might be set.

## II. The Motion to Intervene is Meritless

Mr. Cunningham is not entitled to intervene as of right. In order to demonstrate such a right, a would-be intervenor must demonstrate, among other things, that he has a "significant protectable interest" relating to the property or transaction that is the subject of the litigation, and that the other parties will not adequately represent that interest. Fed. R. Civ. Proc. 24(a)(2). "An applicant has a

'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelley v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The Federal Rules further provide that intervention as of right is appropriate only where "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. Proc. 24(a)(2).

Mr. Cunningham has not made, and cannot make, such a showing. Mr. Cunningham has loosely identified as his protectable interest that he has previously sought to qualify as a Nationally Recognized Statistical Rating Organization ("NRSRO"). *See* Memo. at 2, 6. There are no limits on how many entities may be recognized as NRSROs and there is no basis to conclude (and Mr. Cunningham offers none) that any result in this case would affect any application he has made to be accorded that status or that he might make in the future. The most recent of his applications appears to have been made in 2003, before any time period of relevance to this case, and we are aware of no such application pending at this time. And in any event, Mr. Cunningham's desire to gain a particular regulatory status has nothing to do with anything in this case. This is a fraud case, brought by the Department of Justice against a single NRSRO. Mr. Cunningham has no knowledge of the facts or circumstances relating to the Government's allegations, and his apparent desire to operate an NRSRO is irrelevant. The outcome of this case will do nothing to "impair or impede" Mr. Cunningham's independent desire to qualify as an NRSRO. As the Ninth Circuit has observed, where a would-be intervenor has "other means by which [it] may protect its interest," intervention is not appropriate. *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004). SEC regulations provide an application process for entities wishing to become NRSROs. The United States is pursuing its fraud allegations. This case is not the proper forum to adjudicate the fate of Mr. Cunningham's ratings business or his

1  opinion of either party.

2  Similarly, Mr. Cunningham has no basis for permissive intervention.
3  Absent a statute conferring a conditional right to intervene, an intervenor must
4  show that his "claim or defense . . . shares with the main action a common question
5  of law or fact." Fed. R. Civ. Proc. 24(b)(1)(B). Mr. Cunningham has failed to
6  even identify his claim or defense, let alone identify a claim or defense that shares
7  "a common question of law or fact." Nothing in Mr. Cunningham's motion
8  provides grounds for his permissive intervention here, and his application should
9  not be granted.

10 **III. Conclusion**

11 For the reasons explained above, which can be addressed at more length in a
12 brief to be filed, the Court should deny Mr. Cunningham's motion to intervene.

14 Dated: October 17, 2013                KEKER & VAN NEST LLP

16                                        By: /s/ *John W. Keker*
17                                            John W. Keker