1  KEKER & VAN NEST LLP
   JOHN KEKER (SBN 49092)
2  jkeker@kvn.com
   ELLIOT R. PETERS (SBN 158708)
3  epeters@kvn.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone: 415 391 5400
5  Facsimile: 415 397 7188

6  Attorneys for Defendants
   MCGRAW-HILL COMPANIES, INC., and
7  STANDARD & POOR'S FINANCIAL SERVICES LLC

8  ANDRÉ BIROTTE JR.
   United States Attorney
9  GEORGE S. CARDONA (CA Bar No. 135439)
   ANOIEL KHORSHID (CA Bar No. 223912)
10 Assistant United States Attorneys
        Room 7516 Federal Building
11      300 N. Los Angeles St.
        Los Angeles, California 90012
12      Telephone: 213-894-8323/6086
        Facsimile: 213-894-6269/7819
13      Email: george.s.cardona@usdoj.gov / anoiel.khorshid@usdoj.gov

14 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
15
   (*Additional counsel on next page*)
16

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>Defendants. | Case No. CV 13-779 DOC (JCGx)<br><br>FEDERAL RULE OF EVIDENCE 502(d) ORDER [59] |

(*Additional counsel*):

CAHILL GORDON & REINDEL LLP
FLOYD ABRAMS (*pro hac vice*)
fabrams@cahill.com
S. PENNY WINDLE (*pro hac vice*)
pwindle@cahill.com
80 Pine Street
New York, New York 10005-1702
Telephone: 212 701 3000
Facsimile: 212 269 5420

KELLER RACKAUCKAS UMBERG ZIPSER LLP
JENNIFER L. KELLER (SBN 84412)
jkeller@kruzlaw.com
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612-1057
Telephone: 949 476 8700
Facsimile: 949 476 0900

Attorneys for Defendants
MCGRAW-HILL COMPANIES, INC., and
STANDARD & POOR'S FINANCIAL SERVICES LLC

STUART DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
    (CA Bar No.: 222986)
ARTHUR R. GOLDBERG
MICHAEL S. BLUME
JAMES T. NELSON
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
    P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-2376
    Facsimile: (202) 514-8742
    Email: James.Nelson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

FEDERAL RULE OF EVIDENCE 502(d) ORDER
CASE NO. CV 13-779 DOC (JCGx)

Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and pursuant to Rule 502 of the Federal Rules of Evidence, it is **HEREBY ORDERED:**

1. The Parties recognize that in this action each Party (and potentially third parties) will review and disclose large quantities of documents, communications, or information, including electronically stored information, through the discovery process. As a result, information and documents produced for inspection by, copied by, or delivered to another Party could include materials subject to privilege or other legally recognized protection (collectively 'privilege') and thus not subject to disclosure in discovery. A page-by-page preproduction privilege review may impose an undue burden on the Parties' resources.

2. Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern the disclosure of information produced in discovery subject to a claim of privilege. Absent this Order, the effect of any disclosure of privileged information is not certain given case law dealing with this issue, namely, whether privileges will be deemed to have been waived by the disclosure of privileged information. This Order clarifies for this action the effect of disclosure of privileged documents, communications, or information, extends the protections of Rule 26(b)(5)(B) and Rule 502 to third parties producing documents or information as part of this action, and provides a framework for resolving disputes, if any, that might arise as to documents or information produced in discovery subject to a claim of privilege.

**Provisions Regarding Privileged or Otherwise Protected Materials**

3. This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. This paragraph 3 applies to documents, communications, or information subject to claims of attorney-client privilege and/or work product protection.

4. In addition, any disclosure of privileged or protected documents, communications, or information in discovery conducted in this litigation will be deemed unintentional and inadvertent. Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection that would have applied to the documents, communications, or information or their subject matter but for the disclosure, and the Parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation irrespective of the procedures used to screen out privileged materials. This paragraph 4 applies to documents, communications, or information subject to claims of attorney-client privilege, work-product protection, and any other all privileges that may lawfully be asserted (including any Governmental Privileges appropriately asserted by the United States) without limitation.

5. The term "document," as used herein, includes all items listed in Fed.R.Civ.P. 34(a)(1)(A) & (B). The term "documents produced," as used herein, means all documents, communication, or information made available for review or produced in any manner during this litigation:

    A. from a Party, a third party, or a contractor to a Party or third party ("Producing Party"),

    B. to another Party or Parties ("Receiving Party").

6. Documents, communications, or information produced may include material that could have been withheld in whole or in part upon the basis of an absolute or qualified privilege or some other protection from disclosure. Mere production of all or a part of a document shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

7. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or

reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

8. If a Party discovers a document produced by another Party that the Receiving Party knows or reasonably should know to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and return, sequester, delete, or destroy the document. Such notification shall not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.

9. If a Producing Party determines that it has produced a privileged or otherwise protected document, the Producing Party shall provide written notice to the Receiving Party within a reasonable time, but no later than 30 days after the determination, requesting the Receiving Party promptly to return, sequester, delete, or destroy the document. Alternatively, the Producing Party's notice may seek the redaction of a portion of the document to obscure the privileged or otherwise protected information by providing a redacted document and requesting that all non-redacted copies or images of the document be deleted, destroyed or returned.

10. The notices referenced in paragraph 9 shall be in writing, shall be served upon counsel of record for all parties, and shall contain information sufficient to: 1) identify the document, by Bates number (if applicable) or by identifying information as necessary to locate the document within the materials produced; 2) identify the privilege or protection asserted (the 'privilege claim'); and 3) explain the basis for the invocation of the privilege or protection. To be effective, the notice shall be provided within a reasonable time, but no later than 30 days after a party discovers the production of the privileged or otherwise protected document.

11. After receiving a notice from a Producing Party, a Receiving Party must promptly return, sequester, delete, or destroy the document or redact the portion of the document identified in the notice, and may not use or disclose the

document or information identified by the Producing Party until the privilege claim is resolved. If a Receiving Party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information. The Producing Party must preserve the specified document or information until the privilege claim is resolved.

12. If the Receiving Party does not agree with the privilege claim, the Parties must promptly meet and confer in an attempt to resolve the dispute. If meeting and conferring regarding the privilege claim do not resolve the privilege claim, the Producing Party may present the information to the Court *in camera* under seal for a determination of the privilege claim and any party in possession of the information must preserve the information until the privilege claim is resolved. *See* Fed.R.Civ.P. 26(b)(5)(B). The Receiving Party may oppose the Producing Party's motion but must file under seal any papers that reference the content of the document(s) at issue. Following determination by the court of the privilege claim in favor of the Producing Party, the Receiving Party may not use or disclose the document or information identified by the Producing Party. Following determination by the court of the privilege claim in favor of the Receiving Party, the Producing Party must reproduce the document at issue with any previously disputed section or sections disclosed. The burden of proving the privilege claim remains with the Producing Party. The Producing Party's motion must be filed within 30 days from the receipt of the notice from the Producing Party. Any further briefing by any party shall also not publically disclose the information claimed to be privileged. Neither this provision nor any other provision in this Order prohibits a party who reviewed the information prior to notice from using information, evidence, or leads derived directly or indirectly from the information subject to the privilege claim.

13. The obligation of the Receiving Party to return or destroy materials under this Order does not apply to disaster recovery systems maintained by the United States Department of Justice or by counsel for the other Parties to this litigation. However, if such disaster recovery systems are accessed or restored, then any privileged materials on those systems relating to this case shall be destroyed if destruction is required elsewhere in this Order.

14. Experts for any Party may review any document produced, but experts shall be bound by any notice from a Producing Party under this Order to the same extent as the Party sponsoring the expert.

15. This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party voluntarily and knowingly uses privileged information to support a claim or defense.

16. Nothing in this Order shall prohibit Parties from withholding from review and production any document covered by any privilege or other protection properly claimed.

17. Nothing in this Order shall prevent or in any way limit or impair the right of counsel to refer to, quote, cite, rely upon or otherwise use information they obtain from a third party. This right shall not be defeated by any claim of privilege asserted pursuant to this Order. The burden of demonstrating that material was obtained from such a third party will be on the party seeking to use the information. Production of information by the United States Department of Justice to an agency or contractor of the United States does not itself constitute a waiver of any privilege. If an agency or contractor of the United States produces privileged information to Defendants in this case, whether a privilege is waived will be determined on a case by case basis.

**Provisions Regarding Administration of this Order**

18. This Order covers all documents already produced by a Party to another Party pursuant to discovery in this case.

19. If any Party has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

20. Any Party may seek modification of this Order at any time, but the provisions of this Order shall continue to be binding after the termination of this action unless otherwise ordered.

**SO ORDERED:**

*David O. Carter*
_____

HON. DAVID O. CARTER, U.S.D.J.

October 23, 2013