Name: William Michael Cunningham
Address: 5308 Ludlow Drive
City, State, Zip: Temple Hills, MD 20748
Phone: 202-455-0430
Fax: 866-867-3795
E-Mail: williamcunningham840@gmail.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☐ Retained

FILED
CLERK, U.S. DISTRICT COURT
JAN - 6 2014
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

PLAINTIFF(S),

v.

MCGRAW-HILL COMPANIES., ET. AL.

DEFENDANT(S).

CASE NUMBER:

CV-13-0779-DOC- (jcgX)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____William Michael Cunningham_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   DENYING MOTION TO INTERVENE

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___Nov. 7, 2013___. Entered on the docket in this action on Nov. 7, 2013.

A copy of said judgment or order is attached hereto.

Date: 1/6/14

Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                           NOTICE OF APPEAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 13-0779-DOC (JCGx)            Date: November 7, 2013

Title: UNITED STATES OF AMERICA v. MCGRAW-HILL COMPANIES INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                       NONE PRESENT

**PROCEEDING (IN CHAMBERS):**     **ORDER DENYING MOTION TO INTERVENE**

Before the Court is William Michael Cunningham's ("Mr. Cunningham's") motion to intervene ("Motion"), filed on October 2, 2013. (Dkt. 66).[1] After considering all briefing in support and in opposition, the Court DENIES the Motion.

## I. BACKGROUND

The facts in this case have been set forth in numerous pleadings. Only a short summary of facts relevant to this Motion will be recited here.

### A. The Lawsuit

On February 4, 2013, the U.S. Department of Justice ("DOJ") filed the Complaint in this matter against McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC (together, "S&P" or "Defendants"), alleging four claims for relief under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). (Dkt. 1). On April 22, 2013, S&P moved to dismiss the Complaint, which this Court denied on July 16, 2013. (Dkts. 16, 34).

Since then, parties have engaged in an initial phase of limited discovery in order to define the breadth and necessary time for subsequent discovery. (Dkt. 44). By no later than December 2, 2013,

---

[1] On the same day, Mr. Cunningham also filed an ex parte application to intervene (Dkt. 63). Other than the titles, the two filings are nearly identical. The Court's reasoning and conclusions as to the Motion apply equally to the application.

parties must submit a supplemental Rule 26(f) report with a proposed schedule for the rest of the case. (Dkt. 57). The initial scheduling conference is set for December 16, 2013. (Dkt. 44).

### B. Proposed-Intervenor William Michael Cunningham

Mr. Cunningham manages an investment advisory and research firm. Mot. at 2. Twice—once in 1997 and once in 2003—he wrote to the Securities and Exchange Commission ("SEC") to request designation of his firm as a Nationally Recognized Statistical Rating Organization ("NRSRO"), a designation granted to S&P. Mot. at 6. He never received a reply from the SEC. *Id.*

On October 2, 2013, Mr. Cunningham, proceeding pro se, filed this motion to intervene. (Dkt. 66). Both S&P and DOJ oppose the motion. (Dkts. 72, 74).

## II. INTERVENTION AS OF RIGHT

"On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute." Fed. R. Civ. P. 24(a)(1). Such a statute must unequivocally provide an unconditional right. *See* 6 *Moore's Federal Practice*, §24.02 (Matthew Bender 3d Ed.) (collecting specific statutes that grant unconditional rights to intervene). Mr. Cunningham does not direct the Court's attention to any specific statute that grants him such a right, and the Court cannot locate one.

Otherwise, in order to intervene as of right, the applicant must demonstrate each of the following:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *accord* Fed. R. Civ. P. 24(a)(2). "[A]n applicant seeking to intervene has the burden to show that these four elements are met, [but] the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

### A. Timeliness

"Timeliness is the threshold requirement for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citations and internal quotations omitted). "If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *Unites States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

Courts evaluate timeliness on three criteria: the stage of the proceeding, prejudice to other parties, and the reason for delay in moving to intervene. *Northwest Forest Res. Council v. Glickman*,

82 F.3d 825, 836 (9th Cir. 1996). "[M]ere lapse of time alone is not determinative." *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Rather, courts consider the number and nature of the proceedings conducted thus far, according extra weight to proceedings on the merits. *See Northwest Forest*, 82 F.3d at 836 (concluding that a motion was timely when it had been filed "before the district court had made any substantive rulings"); *see also CEP Emery Tech Investors v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 144423, at *8 (N.D. Cal. Apr. 12, 2010) (same).

Although Mr. Cunningham's motion to intervene comes eight months after the complaint was filed, it is timely. First, the action is in a relatively early stage of the proceeding; Mr. Cunningham filed his motion less than one month after Defendants filed their answer and two months before the scheduling conference. *See Montana Wilderness*, 647 F.3d at 897 (motion was timely when it was filed less than two weeks after the defendant filed its answer); *see also EEOC v. Cent. Cal. Found.*, 2011 U.S. Dist. LEXIS 6232, at *9 (E.D. Cal. Jan. 18, 2011) (motion was timely when it was filed within one week of the initial scheduling conference); *Munoz v. PHH Corp.*, 2013 U.S. Dist. LEXIS 106004, at *21-23 (E.D. Cal. July 29, 2013) (motion was timely even after class certification and ongoing discovery over three years).

Second, it is not clear how Mr. Cunningham's intervention would cause prejudice. S&P contends that, "[i]ntervention at this stage would risk further delaying progress in this case, which counsels against intervention." Opp'n to Mot. at 3. However, delay is the product of intervention at *any* stage, and is not sufficient cause to deny the Motion. *See Wilson*, 131 F.3d at 1304 ("We recognize, of course, that additional delay is not alone decisive.").

The main defect in Mr. Cunningham's timeliness argument is that he does not make one. For example, he offers no reason for his delay in moving to intervene. Although generally, the applicant has the burden to show that the motion is timely, *see* Fed. R. Civ. P. 24(c), this Court also has a duty to interpret pro se pleadings liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). The Court is also mindful that "the [Rule 24(a)] requirements are broadly interpreted in favor of intervention[,]" *Montana Wilderness*, 647 F.3d at 897, and that "the [Rule 24(a)] timeliness requirement . . . should be treated more leniently than for permissive intervention[,]" *Oregon*, 745 F.2d at 552. In light of these considerations, the Court holds that the Motion is timely.

### B. Existence of a Significant Protectable Interest

A proposed intervenor must show a "significant protectable interest" in the action in order to intervene as of right. *Prete*, 438 F.3d at 954. The proposed intervenor has such an interest if: "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

As to the first prong, the Ninth Circuit has held that the interest must be "direct, *non-contingent*, substantial and legally protectable." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)) (emphasis added). Frankly, the Court is hard-pressed to imagine a more contingent interest than the one asserted by Mr. Cunningham, which "centers on the status of Defendant S&P as an NRSRO and [Mr. Cunningham's] 1997 and 2003

applications to receive that status." Mot. at 9. Although he frequently refers to possessing an "NRSRO option," he makes no mention of a pending application—as the Court understands it, Mr. Cunningham's interest is that he is *considering, at some unidentified point in the future, to apply* for NRSRO status for a third time. Whatever interest Mr. Cunningham has, it is far too contingent to satisfy Rule 24(a).

Even if this purported interest was sufficiently direct, non-contingent, substantial, and legally protectable, it has no relationship to DOJ's claims. An applicant "satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410. Mr. Cunningham argues that, "[i]f the Defendant is required to suspend or forfeit NRSRO status, not only would there be room for an additional NRSRO, but the renewed commitment to the rule of law . . . would increase the probability that [Mr. Cunningham] will be able to [apply for, and then receive NRSRO status.]" There is no indication that the number of NRSRO designations is limited, *see* 15 U.S.C. § 78o-7(a), so it is unclear how there would "be room" for Mr. Cunningham's firm to receive such a designation if DOJ prevails. Furthermore, the Court does not see how resolution of DOJ's claims would change the practices of the SEC, who are not party to this suit.

In short, an interest is not significant and protectable if it rests on the *possibility* that at *some* future point, the proposed intervenor *might* decide to submit an application to an agency, which *might* consider that application more favorably because of some atmospheric recommitment to the rule of law. Mr. Cunningham does not have a significant protectable interest.

### C. Impairment of Applicant's Ability to Protect Interest

Even if Mr. Cunningham did have a significant protectable interest, his ability to protect that interest would not be impaired. Generally, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). On the other hand, if the proposed intervenor has "other means by which [he] may protect [his] interests[,]" then intervention is inappropriate. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).

As explained in II.C, the determination made in this action will not affect Mr. Cunningham at all, let alone impair or impede his ability to protect his interests. Whatever the outcome of this case, Mr. Cunningham is free—if he so chooses—to apply for NRSRO status again. Mr. Cunningham's ability to protect his purported interest will not be impaired.

### D. Adequate Representation of Applicant's Interest

Furthermore, whatever interests Mr. Cunningham might have, they are adequately represented by DOJ. "In assessing whether a present party will adequately represent an intervenor-applicant's interests, [courts] consider several factors, including whether a present party will undoubtedly make all of the intervenor's arguments, whether a present party is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Prete*, 438 F.3d at 956 (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th

Cir. 1983)). "[T]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a very compelling showing to the contrary, it will be presumed that a [government] adequately represents its citizens when the applicant shares the same interest." *Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

Mr. Cunningham points to no specific arguments that DOJ could not or will not make. Rather, he simply disagrees with what he understands to be DOJ's past strategy: "settl[ing] with corporate violators" and not "seek[ing] jail time in financial fraud cases involving large, nonminority corporations." Mot. at 7. Even read charitably, Mr. Cunningham falls far short of a "very compelling showing" that the United States will not adequately represent his interests, to the extent that he has any that are legally cognizable. *See Prete*, 438 F.3d at 956.

In sum, Mr. Cunningham's motion to intervene as of right is timely, but lacks merit.

### III. PERMISSIVE INTERVENTION

In the alternative, Mr. Cunningham requests permissive intervention. Mot. at 1. Under Rule 24(b), courts "may permit anyone to intervene who . . . is given a conditional right to intervene by a federal statute." Fed. R. Civ. P. 24(b)(1)(A). Mr. Cunningham does not point to any such federal statute and the FIRREA, which gives rise to the present action, does not contemplate interventions in suits brought by the Attorney General. *See* 12 U.S.C. § 1833a.

Otherwise, courts may permit intervention only if three conditions are met: "(1) the movant must show an independent ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law and fact in common." *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989) (citations omitted); *see also* Fed. R. Civ. P. 24(b)(1)(B).

The Court does not have discretion to permit Mr. Cunningham to intervene. It is incumbent upon the applicant to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Even though the Court has tried to interpret Mr. Cunningham's motion liberally because of his pro se status, there is simply not enough information to permit intervention. *See SEC v. ABS Manager LLC*, 2013 U.S. Dist. LEXIS 98822, at *15-17 (S.D. Cal. July 15, 2013) (denying permissive intervention when applicant has not asserted any specific claims).

First, he has not shown an independent ground for jurisdiction. It is not clear what claims he intends to assert, but it is clear that he cannot assert any of the claims in this action thus far. *See* 12 U.S.C. § 1833a(d) (civil actions "shall be commenced by the Attorney General"); *see also United States v. Meisinger*, 2011 U.S. Dist. LEXIS 116706, at *9 (C.D. Cal. Aug. 26, 2011) ("FIRREA does not create a private right of action for persons who have suffered harm.").

Second, it is not clear whether Mr. Cunningham's claim and the main action have a question of law and fact in common. The main action centers on whether certain ratings made by S&P were fraudulent. Mr. Cunningham's claims are a mystery.

The Court will not speculate as to what Mr. Cunningham's arguments *might* be and, otherwise, may not permit intervention on the basis of such speculation.

## IV. CONCLUSION

Mr. Cunningham appears to be an engaged citizen who wishes to voice his concerns about the federal government's response to the financial crisis. As civically virtuous as his intentions seem to be, the Court will not deputize a private citizen—with no legally cognizable interest in the matter—to direct the strategy of the United States Department of Justice.

The Motion to Intervene is DENIED.

If Mr. Cunningham wishes to submit an amicus brief, he must file a separate motion pursuant to Rule 29 of the Federal Rules of Civil Procedure.

Clerk's Initials: jcb

William Michael Cunningham, PRO SE
5308 Ludlow Drive
Temple Hills, MD 20748
202-455-0430

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES, LLC, ET. AL.,<br><br>Defendant(s) | Case No.: 2:13-cv00779-DOC- JCG<br><br>**NOTICE OF APPEAL**<br><br>Hearing Date:<br>Time:<br>Judge: Hon. David O. Carter<br>Courtroom: 9D, Santa Ana |

I, William Michael Cunningham, declare as follows:

My address is 5308 Ludlow Drive, Temple Hills, MD 20748.

On January 4, 2014, I served the document(s) described as: S&PAppealNotice.pdf – Notice of Appeal.

S&PAppealIFP.pdf – Motion and affidavit for Leave to Appeal In Forma Pauperis.

S&PAppealIFPOrder.pdf – Order on Motion for Leave to Appeal In Forma Pauperis.

S&PInterventionOrder.pdf – Order Denying Motion to Intervene.

on all interested parties in this action by placing a true and correct copy thereof via first class and/or electronic mail, and sent addressed to:

Certificate of Service - 1

| | | | |
|---|---|---|---|
| 1 | **Plaintiff** | | |
| 2 | United States of America | represented by | **Anoiel Khorshid**<br>AUSA - Office of US Attorney |
| 3 | | | Civil Division - Federal Building<br>300 North Los Angeles Street Room 7616 |
| 4 | | | Los Angeles, CA 90012 |
| 5 | | | |
| 6 | | | **George S Cardona**<br>AUSA - Office of US Attorney |
| 7 | | | Chief Assistant United State Attorney<br>312 North Spring Street 12th Floor |
| 8 | | | Los Angeles, CA 90012-4700 |
| 9 | | | **Leon W Weidman** |
| 10 | | | AUSA - Office of US Attorney<br>Chief - Civil Division |
| 11 | | | 300 North Los Angeles Street Suite 7516<br>Los Angeles, CA 90012 |
| 12 | | | |
| 13 | | | **Richard E Robinson**<br>AUSA - Office of US Attorney |
| 14 | | | Criminal Division - US Courthouse<br>312 North Spring Street 12th Floor |
| 15 | | | Los Angeles, CA 90012-4700 |
| 16 | | | **Sondra L Mills** |
| 17 | | | US Department of Justice<br>Office of Consumer Litigation |
| 18 | | | P O Box 386<br>Washington, DC 20044 |
| 19 | | | |
| 20 | | | **Stuart F Delery**<br>United States Department of Justice |
| 21 | | | Civil Division<br>PO Box 261 Ben Franklin Station |
| 22 | | | Washington, DC 20044 |
| 23 | | | |
| 24 | V. | | |
| 25 | | | |
| 26 | | | |

| | | | |
|---|---|---|---|
| | **Defendant** | | |
| | McGraw-Hill Companies Inc & Standard and Poors Financial Services LLC | represented by | **Floyd Abrams**<br>Cahill Gordon and Reindel LLP<br>80 Pine Street<br>New York, NY 10005<br><br>**John W Keker**<br>Keker and Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br><br>**S Penny Windle**<br>Cahill Gordon and Reindel LLP<br>80 Pine Street<br>New York, NY 10005-1702<br><br>**Elliot R Peters**<br>Keker and Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br><br>**Jennifer L Keller**<br>Keller Rackauckas Umberg Zipser LLP<br>18300 Von Karman Avenue Suite 930<br>Irvine, CA 92612<br><br>**Paven Malhotra**<br>Keker and Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br><br>**Steven K Taylor**<br>Keker and Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111 |

Movant notes his application and request for access to the PACER system on September 12, 2013.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 4, 2014 at Washington, DC.

Dated this 4th day of January, 2014

By: /s/
William Michael Cunningham, PRO SE
5308 Ludlow Drive
Temple Hills, MD 20748
202-455-0430