# Exhibit 18

(Cardona Declaration)



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*George S. Cardona*  
*Phone: (213) 894-8323*  
*E-mail: george.s.cardona@usdoj.gov*

*United States Courthouse*  
*312 North Spring Street, 12th Floor*  
*Los Angeles, California 90012*

November 18, 2013

**VIA FEDERAL EXPRESS AND E-MAIL**

John W. Keker  
Keker & Van Nest LLP  
633 Battery Street  
San Francisco, California 94111-1809  
Phone: (415) 391-5400  
E-mail: jkeker@kvn.com

      Re:    United States v. McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC, Case No. CV 13-00779-DOC (JCGx)

Dear Mr. Keker:

I write to follow up on our lengthy November 1, 2013 telephone conference in which we discussed, among other things, the topics related to Defendants' First Request for Production of Documents ("Defendants' First Request") set out in the October 25, 2013 letter from Dean Ringel.[1] In relation to these topics, set out below are the results of the inquiries that remained ongoing as noted in our response to Defendants' First Request (the "Response"), which was served on you on October 18, 2013:[2]

1.     As we advised you in our November 1, 2013 call, the following agencies take the position that they are independent regulatory agencies from whom documents are properly sought directly through Rule 45 subpoenas, rather than through a Rule 34 request directed at the United States as party-plaintiff in this case: (a) Board of Governors of the Federal Reserve System ("Board"); (b) Federal Open Market Committee ("FOMC"); (c) Office of the Comptroller of the Currency ("OCC"); (d) Federal Deposit Insurance Corporation ("FDIC"); (e) National Credit Union Administration ("NCUA"); and (f) Securities and Exchange Commission ("SEC").

---

[1] This was the most recent in a series of calls we have had to discuss pending discovery requests, including, in particular, Defendants' First Request. The other calls were on September 6, 2013, September 20, 2013, October 1, 2013, October 9, 2013, and October 24, 2013.

[2] All of the information below is provided, and any documents noted below are produced, subject to and without waiving any of the general or request-specific objections set forth in the Response.

John W. Keker
Re: US v. McGraw Hill, et al.
November 18, 2013
Page 2

In our call we advised you that we were still checking on this point with the Federal Housing Finance Administration ("FHFA"). After discussions with FHFA (an agency created in 2008 that has current custody of the records of the Office of Federal Housing Enterprise Oversight ("OFHEO")), we advise you as follows:

> (a) As an independent regulatory agency, FHFA believes any document requests directed at it should be served in accordance with 12 C.F.R. § 1215, to which it will respond appropriately. Any request should be addressed to FHFA's General Counsel, Alfred M. Pollard.
>
> (b) After initially reviewing requests 5-13, 19-20, 31-32, 40, 45, and 46-49 (those you identified to us as the requests you believed were of particular application to FHFA and/or OFHEO), FHFA is of the general view that there are not likely to be responsive, non-privileged documents in its custody with respect to these requests and that searching for any potentially responsive documents would impose an undue burden and significant costs on FHFA.
>
> (c) Certain materials are publicly available on FHFA's website. In particular –
>
>> (i) Research papers and staff working papers sponsored by FHFA and/or OFHEO on various topics, as well as housing and mortgage data gathered and/or compiled at various times by FHFA and/or OFHEO, are available on FHFA's public website at www.fhfa.gov/default.aspx?Page=5.
>>
>> (ii) In 2011, FHFA filed 18 lawsuits alleging violations of federal and state securities laws in connection with private-label, residential mortgage-backed securities purchased by Fannie Mae and Freddie Mac. FHFA has settled four of those suits. Releases describing the suits and settlements are available on FHFA's public website, and links to the FHFA filings initiating the suits are available at www.fhfa.gov/Default.aspx?Page=110.

As we also advised you on our November 1, 2013 call, and as we believe you agree, the Federal Reserve Bank of New York ("FRBNY"), state government agencies and entities, and the Federal Home Loan Banks ("FHLBs") are not federal governmental entities and, as a result, documents are properly sought from these entities as well directly through Rule 45 subpoenas, rather than through a Rule 34 request directed at the United States as party-plaintiff in this case.

In regard to federal government agencies and entities falling within the scope of a Rule 34 request for documents directed at the United States as party-plaintiff, this will confirm that we place in this category the following relevant agencies and entities: Executive Office of the President ("EOP"), Department of the Treasury, Department of Housing and Urban Development ("HUD"), Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), National Archives and Records Administration ("NARA"), and Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP"). These are the federal government agencies or entities that we have identified as reasonably likely to possess responsive documents. As we advised you, if you believe there are additional federal government agencies or entities likely to possess responsive documents, please let us know.

John W. Keker
Re: US v. McGraw Hill, et al.
November 18, 2013
Page 3

2.  With respect to policies governing DOJ's creation, use, or retention of transcripts, summaries, notes, recordings, and videos of witness interviews and depositions, as sought by request 4, we have identified the following publicly available materials:

>   44 U.S.C. § 3101
>   41 C.F.R. §§ 102-193.5 to .25
>   36 C.F.R. §§ 1220-1239
>   Executive Order 13556
>   USAM 3-13.300
>   Materials publicly available on the National Archives Records Administration website (http://www.archives.gov/records-mgmt/) including the following:
>   >   NARA nc1-118-76-1
>   >   >   (general schedule for USA civil and criminal case files)
>   >   NARA N1-118-10-7
>   >   >   (revised general schedule for USA civil and criminal case files)
>   >   Agency Recordkeeping Requirements: A Management Guide
>   >   >   (NARA Management Guide Series 1995)

In addition to these publicly available materials, enclosed please find copies of the following materials that are not generally publicly available, and which we have marked "Confidential – Subject to Protective Order" to indicate that they are being produced subject to the protections accorded by the Protective Order in this case:

[redacted]

In addition to the materials listed above, there are at least three non-public documents that we have identified as potentially responsive but are not producing, standing on our objections to request 4 as set forth in the Response.

The above materials relate to document retention. We have identified no formal policies governing DOJ's creation or use of transcripts, summaries, notes, recordings, and videos of witness interviews and depositions, though we note that there are both CFR and USAM sections (all publicly available) that more generally address, or may be interpreted to address, the conduct of investigations and the use of materials gathered in investigations.

3.  With respect to request 21, we have sufficiently completed our inquiries to believe that we know "the date on which the phrase ['Project Alchemy'] was first put into use," "who selected the code phrase," and "what the phrase refers to." After consideration, however, we believe that we were correct in our initial determination that both this information and the documents sought by request 21 are (a) privileged and/or protected and (b) not relevant, not related to any claim or defense properly raised in this action, and not reasonably calculated to

John W. Keker
Re: US v. McGraw Hill, et al.
November 18, 2013
Page 4

lead to the discovery of admissible evidence. As a result, we stand on our objections to request 21 as set forth in the Response.[3]

4.    With respect to requests 22-30, we confirm the following, as we advised you during the call on November 1, 2013. Treasury has reviewed the briefing materials connected with the statements by former Secretary Henry M. Paulson, Jr. cited in request 22 for reports and data of the type described in item (c) of Mr. Ringel's October 25, 2013 letter and did not identify any specific materials of this type. In light of this, we believe a more comprehensive search would be unduly burdensome, with no reasonable expectation that materials of this type would be found, and as a result, stand on our objections to requests 22-24 as set forth in the Response. With respect to Board and FOMC documents connected with the statements by former Board Chairman Ben S. Bernanke and Timothy Geithner cited in requests 25 and 28, counsel for the Board and FOMC have confirmed that you should pursue your requests directly with them pursuant to the Rule 45 subpoenas you have served on them.

5.    With respect to requests 31, 32, and 45, we have consulted with counsel for all of the agencies cited in points (d) and (e) of Mr. Ringel's October 25, 2013 letter, and advise as set forth below. Once you have reviewed the materials cited, if you have narrowed, more specific requests for documents falling within the scope of these three requests, we will be happy to discuss those with you.

   (a)    FHFA has provided its preliminary assessment with respect to these requests, as well as guidance regarding how defendants should seek any materials from FHFA, as set forth in item 1 above.

   (b)    FDIC and OCC have advised that they may have responsive materials, but, as set out in point 1 above, you will need to seek those directly from them through Rule 45 subpoenas.

   (c)    NARA has provided us with preliminary finding aids that it has generated for the documents, both hardcopy and electronic, of the Financial Crisis Inquiry Commission, over which NARA has current custody. These documents remain closed until at least 2016. Nevertheless, subject to these finding aids being accorded protection pursuant to the terms of the Protective Order in place in this case, NARA has authorized us to provide you with the preliminary finding aids in an effort to assist you in narrowing any request addressed to these documents. Accordingly, enclosed, and marked as "Confidential – Subject to Protective Order" for purposes of the Protective Order, are the following two documents:

---

[3] We anticipate that request 21 will be included as one of the requests covered by your motion to compel related to your asserted First Amendment selective retaliation defense.

John W. Keker
Re: US v. McGraw Hill, et al.
November 18, 2013
Page 5

    (d)    The following FBI reports, which contain information relating to mortgage fraud, are publicly available through links at http://www.fbi.gov/stats-services/publications:

        (i)    Financial Crimes Reports for the years 2005, 2006, 2007, 2008, 2009, and 2010-2011. (This report was initiated in 2005 and, as a result, there was no Financial Crimes report for 2004.)
        (ii)    Mortgage Fraud Reports for the years 2006, 2007, 2008, 2009, and 2010.

In addition, enclosed, and marked as "Confidential – Subject to Protective Order" to invoke the protections of the Protective Order, are the following non-public documents obtained from the FBI:

[redacted]

These latter two non-public documents have been redacted by FBI counsel as indicated to exclude non-responsive information and information subject to the law enforcement and deliberative process privileges.

    (e)    The Financial Crimes Enforcement Network ("FinCEN"), an entity within Treasury, has a number of publicly available reports on mortgage and real estate fraud available through links at: http://www.fincen.gov/news_room/rp/mortgagefraud.html. Included among these reports are:

        (i)    FinCEN Mortgage Loan Fraud Assessment (November 2006).
        (ii)    Mortgage Loan Fraud: An Update of Trends based Upon an Analysis of Suspicious Activity Reports (April 2008).

    (f)    Beginning in 2008, the United States Attorneys' Annual Statistical Report began including statistical data regarding mortgage fraud (see entries under "mortgage fraud" in Table 3 of the 2008 report). This report is publicly available, and can be accessed through links at the following site: http://www.justice.gov/usao/resources/reports/.

    (g)    Annual Economic Reports of the President for 2004 through 2008 are publicly available at: http://www.gpo.gov/fdsys/browse/collection.action?collectionCode=ERP.

    (h)    Working papers and reports generated and/or gathered by HUD's Office of Policy Development and Research are publicly available through links at: http://www.huduser.org/portal/research/home.html. More specifically, publications addressing mortgages and mortgage lending are publicly available through links at: http://www.huduser.org/portal/taxonomy/term/61 while working papers addressing housing finance are publicly available through links at: http://www.huduser.org/portal/publications/hsgfin/workpapr.html. A report sponsored by HUD titled "Study of the Use of Credit Enhancements by Government Sponsored

John W. Keker
Re: US v. McGraw Hill, et al.
November 18, 2013
Page 6

Enterprises," is publicly available at the following link:
http://www.abtassociates.com/reports/20003076431513.pdf.

(i)  Set out below are links to publicly available Board and/or FOMC materials:

| |
|---|
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20030129meeting.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20040504gbpt220040428.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20050630meeting.pdf |
| http://www.federalreserve.gov/fomc/minutes/20050630.htm |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20051213bluebook20051209.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20060328meeting.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20061212meeting.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070321meeting.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070509gbpt220070502.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070628gbpt220070620.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070628gbpt220070620.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070807bluebook20070802.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070807bluebook20070802.pdf |
| http://www.federalreserve.gov/fomc/beigebook/2007/20070905/FullReport.htm |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070807meeting.pdf |
| http://www.federalreserve.gov/fomc/beigebook/2007/20070905/FullReport.htm |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20071031bluebook20071025.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20071031meeting.pdf |
| http://www.federalreserve.gov/fomc/beigebook/2007/20071128/FullReport.htm |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20071211gbpt220071205.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20071211bluebook20071206.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20071211meeting.pdf |
| http://www.federalreserve.gov/newsevents/press/monetary/20080311a.htm |
| http://www.federalreserve.gov/monetarypolicy/fomcminutes20080318.htm |
| http://www.federalreserve.gov/monetarypolicy/files/FOMC20070321bluebook20070315.pdf |
| http://www.federalreserve.gov/monetarypolicy/files/fomcminutes20110622.pdf |
| http://www.federalreserve.gov/monetarypolicy/fomcminutes20110622.htm |
| http://www.federalreserve.gov/monetarypolicy/fomcminutes20120125.htm |
| http://www.federalreserve.gov/monetarypolicy/fomcminutes20130130.htm |

The Board and/or FOMC may have additional responsive materials, but, as set out in point 1 above, you will need to seek those directly from them pursuant to the Rule 45 subpoenas you have served on them.

(j) The Federal Financial Institutions Examination Council (FFIEC), an interagency body responsible for issuing uniform principles, standards, and report forms for the federal

examination of financial institutions, has issued a white paper on mortgage fraud against financial institutions that is available at: http://www.ffiec.gov/press/pr021610.htm.

6. With respect to requests 51 and 52, which seek documents relating to Gene Sperling, Director of the National Economic Council, and Timothy Geithner, during his term as Secretary of the Treasury, we confirm the following, as we advised you during the call on November 1, 2013. Treasury reviewed former Secretary Geithner's emails from January 2011 through the end of his term and did not identify any communications with DOJ regarding the possibility of civil or criminal actions, sanctions, or any other similar adverse action against S&P. In light of this, we believe any more comprehensive searches would be unduly burdensome, with no reasonable expectation that materials of this type would be found, and as a result, stand on our objections to request 52 as set forth in the Response. We similarly stand on our objections to request 51 as set forth in the Response, awaiting your response to our proposal that you agree to limit this request to a limited search of the emails of appropriate DOJ officials for any communications between Mr. Sperling and DOJ relating to adverse action against S&P.

I believe this addresses the outstanding issues raised by Mr. Ringel's October 25, 2013 letter and our November 1, 2013 call. Please let me know if you believe I have left anything unaddressed. We can discuss further if necessary during our call scheduled for this Friday, November 22, 2013.

Sincerely,

*[signature]*

George S. Cardona
Chief Assistant United States Attorney
Central District of California

Encl.