# Exhibit 19

## (Cardona Declaration)

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| FLOYD ABRAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | ANN S. MAKICH | HOWARD G. SLOANE |
| L. HOWARD ADAMS | STEPHEN A. GREENE | FACSIMILE: (212) 269-5420 | JONATHAN I. MARK | JOSIAH M. SLOTNICK |
| ROBERT A. ALESSI | JASON M. HALL | | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| HELENE R. BANKS | WILLIAM M. HARTNETT | | WILLIAM J. MILLER | SUSANNA M. SUH |
| ANIRUDH BANSAL | CRAIG M. HOROWITZ | 1990 K STREET, N.W. | NOAH B. NEWITZ | ANTHONY K. TAMA |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | WASHINGTON, DC 20006-1181 | MICHAEL J. OHLER | JONATHAN D. THIER |
| SUSAN BUCKLEY | TIMOTHY B. HOWELL | (202) 862-8900 | ATHY A. O'KEEFFE | JOHN A. TRIPODORO |
| KEVIN J. BURKE | DAVID G. JANUSZEWSKI | FAX: (202) 862-8958 | DAVID R. OWEN | GLENN J. WALDRIP, JR. |
| JAMES J. CLARK | ELAI KATZ | | JOHN PAPACHRISTOS | HERBERT S. WASHER |
| BENJAMIN J. COHEN | THOMAS J. KAVALER | | LUIS R. PENALVER | MICHAEL B. WEISS |
| STUART G. DOWNING | BRIAN S. KELLEHER | AUGUSTINE HOUSE | DEAN RINGEL | S. PENNY WINDLE |
| ADAM M. DWORKIN | DAVID N. KELLEY | 6A AUSTIN FRIARS | JAMES ROBINSON | COREY WRIGHT |
| JENNIFER B. EZRING | CHÉRIE R. KISER* | LONDON, ENGLAND EC2N 2HA | THORN ROSENTHAL | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | EDWARD P. KRUGMAN | (011) 44.20.7920.9800 | TAMMY L. ROY | ADAM ZUROFSKY |
| JONATHAN J. FRANKEL | JOEL KURTZBERG | FAX: (011) 44.20.7920.9825 | JONATHAN A. SCHAFFZIN | |
| BART FRIEDMAN | ALIZA R. LEVINE | | JOHN SCHUSTER | |
| CIRO A. GAMBONI | JOEL H. LEVITIN | WRITER'S DIRECT NUMBER | MICHAEL A. SHERMAN | *ADMITTED IN DC ONLY |
| WILLIAM B. GANNETT | GEOFFREY E. LIEBMANN | (212) 701-3521 | DARREN SILVER | |

December 19, 2013

Re:   *United States* v. *McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services, LLC*, Case No. 13-cv-0779-DOC (JCGx) (C.D. Cal.)

Dear George:

With a briefing schedule now in place for our motions to compel, I write to address once again the United States' response to Requests 44–46 in S&P's First Request for Production of Documents.

By way of these Requests, S&P seeks documents relating to fraud or deceptive practices on the part of any issuer, arranger, sponsor, underwriter or seller of RMBS and/or CDOs exposed to RMBS (Request 44); documents relating to the United States' knowledge or awareness of instances of residential mortgage loan origination fraud (Request 45); and documents relating to fraud, misrepresentations or omissions relating to information supplied to S&P by any financial institution relating to RMBS or CDOs backed by RMBS (Request 46). Such materials are clearly relevant to the alleged falsity of S&P's ratings, to the understanding on the part of the United States when it chose to sue S&P and no other NRSRO, and to the penalties sought by the United States, among other issues.

We believe there is no question as to the existence of materials that are responsive to Requests 44–46. For example, we understand from your letter dated October 1, 2013 that you are aware of "a huge volume of electronic data (on the order of 22 Terabytes)" that was collected in connection with various RMBS/CDO securitization investigations. 10.1.2013 Ltr. to Keker at 4. Nonetheless, other than references to several publicly available summary reports on the subject of mortgage fraud, we have yet to receive a single document in response to these requests.

The United States has interposed objections to each of these Requests, and we have attempted to address those objections in several meet and confer calls over the past few months. We

CAHILL GORDON & REINDEL LLP

have proposed several methods for narrowing the Requests in order to facilitate and expedite the production of clearly responsive material. In response to your objection to the breadth and burden of production, for example, we asked to "see in the first instance the subpoenas issued in the relevant investigations and the cover letters accompanying document productions," anticipating that the subpoenas would assist us in narrowing the scope of the requests. 10.8.2013 Ltr. to Cardona at 4. We have yet to receive such subpoenas. In response to your objection that the Requests would call for the production of materials protected by investigative privileges, we offered to limit our Requests to documents received from third parties (*i.e.,* to exclude documents created or generated by the United States in the course of its investigations), and we proposed that your production, at least in the first instance, should include materials obtained in investigations that are now closed. *See* 12.2.2013 Second Supplemental Joint Report ("R.26(f) Report") at 22. On November 1, you told us you would let us know within two weeks whether you were prepared to produce documents from closed investigations, but we have not yet had a response on that issue.

In our meet and confer session on November 1, we also raised the idea that we might be able to ease the burden of production by narrowing Request 46 to encompass only those entities and securities to be identified in your November 18, 2013 submission. While you were clear that you could not agree in advance to a proposal that could not be formally offered until your list had been provided, you also recognized that such an approach might facilitate production. Now that we have received the lists of RMBS and CDOs included in the Second Supplement to Plaintiff United States' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) ("11.18.13 Disclosure"), and in accordance with our mutual recognition in our recent Rule 26(f) Report that the parties would consider such narrowing (R.26(f) Report at 23), we want to offer a final narrowing proposal: S&P is willing to narrow Requests 44, 45, and 46 to those documents relating to financial institutions implicated by the set of RMBS and CDOs identified in the 11.18.13 Disclosure, including the tranche purchasers you have identified as well as the issuers, arrangers, sponsors, underwriters or sellers of the securities listed. Responsive documents would include those obtained in the course of investigations conducted by the United States, but would not be so limited. We also reiterate our willingness, to the extent materials collected during investigations are at issue, to have your production begin with materials obtained in closed investigations, without prejudice to our right to seek the other materials covered by that aspect of the request or yours to oppose such request.

We request that you provide us with your response to this proposal by no later than December 23, 2013.

Very truly yours,

Dean Ringel

2

CAHILL GORDON & REINDEL LLP

George S. Cardona, Esq.
Chief Assistant United States Attorney
Central District of California
United States Courthouse
312 North Spring Street, 12th Floor
Los Angeles, California  90012

**Enclosure**

BY E-MAIL

cc:    Anoiel Khorshid, Esq.
        James Nelson, Esq.

        Floyd Abrams, Esq.
        John W. Keker, Esq.
        Jennifer Keller, Esq.