# Exhibit 29

(Cardona Declaration)

KEKER & VAN NEST LLP
JOHN KEKER (SBN 49092)
jkeker@kvn.com
ELLIOT R. PETERS (SBN 158708)
epeters@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

CAHILL GORDON & REINDEL LLP
FLOYD ABRAMS (*pro hac vice*)
fabrams@cahill.com
S. PENNY WINDLE (*pro hac vice*)
pwindle@cahill.com
80 Pine Street
New York, New York 10005-1702
Telephone: 212 701 3000
Facsimile: 212 269 5420

KELLER ZIPSER LLP
JENNIFER L. KELLER (SBN 84412)
keller@krlawllp.com
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612-1057
Telephone: 949 476 8700
Facsimile: 949 476 0900

Attorneys for Defendants MCGRAW HILL FINANCIAL, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MCGRAW-HILL COMPANIES, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC,

Defendants.

Case No. CV 13-779 DOC (JCGx)

**DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants McGraw Hill Financial, Inc.[1] and Standard & Poor's Financial Services LLC hereby request that Plaintiff, the United States of America, produce for inspection and copying at the offices of Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005-1702, in accordance with the Definitions and Instructions below, all documents and things in its possession, custody or control requested herein within 30 days of the date of service hereof pursuant to the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Action" means this action captioned *United States* v. *McGraw-Hill Cos.*, No. 2:13-cv-00779-DOC (JCGx), pending in the United States District Court for the Central District of California.

2. "Calendar" means the calendar of former Secretary of the Treasury Timothy Geithner publicly released by the United States Department of the Treasury at http://www.treasury.gov/FOIA/Pages/calendars.aspx. Excerpts from the Calendar are annexed hereto as follows: Exhibit 1 (8/5/2011 – 8/8/2011); Exhibit 2 (4/13/2011); Exhibit 3 (4/17/2011 – 4/19/2011); and Exhibit 4 (7/13/2011 – 7/15/2011).

3. "Change in Outlook" means the April 18, 2011 action by Standard & Poor's Ratings Services changing its long-term outlook on the sovereign credit rating for Plaintiff, the United States of America, from stable to negative.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

[1] As of May 1, 2013, The McGraw-Hill Companies, Inc. was renamed McGraw Hill Financial, Inc.

5. "CreditWatch Action" means the July 14, 2011 action by Standard & Poor's Ratings Services placing the long-term and short-term sovereign credit ratings for Plaintiff, the United States of America, on CreditWatch with negative implications.

6. The terms "document" and "documents" shall be construed in the broadest sense allowed by Rule 34 of the Federal Rules of Civil Procedure, and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, audio or video recordings, notes, diaries, calendars, books, papers, accounts, and any computer-generated, computer-stored, or electronically stored matter from which information can be obtained and translated, if necessary, into reasonably useable form. This includes preliminary versions, drafts, and revisions.

7. "DOJ" means the United States Department of Justice, including any employees, agents, advisors or other persons acting or purporting to act on its behalf.

8. "Downgrade" means the August 5, 2011 action by Standard & Poor's Ratings Services changing its long-term sovereign credit rating on Plaintiff, the United States of America, from AAA to AA+.

9. "FBI" means the Federal Bureau of Investigation, including any employees, agents, advisors or other persons acting or purporting to act on its behalf.

10. The term "including" means including but not limited to.

11. The term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents and information that would be excluded if such word were not so construed.

12. The term "relating to" means relating to, referring to, concerning, describing, pertaining to, evidencing, reflecting, regarding, constituting, involving, or touching upon in any way. Each of these terms may be used interchangeably herein and will be treated as encompassing all these meanings.

13. "S&P" means McGraw Hill Financial, Inc. (formerly known as The McGraw-Hill Companies, Inc.), Standard & Poor's Financial Services LLC, and Standard & Poor's Ratings Services.

14. "SEC" means the United States Securities and Exchange Commission, including any employees, agents, advisors or other persons acting or purporting to act on its behalf.

15. "You" or "Your" means the Plaintiff the United States of America, including all of the departments, agencies, bureaus and other sub-divisions of the Executive Branch.

16. Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural.

17. Words in the past tense include the present, and words in the present tense include the past.

## INSTRUCTIONS

1. If a document is withheld on the ground of privilege or otherwise, please prepare a privilege log in compliance with Rule 26 of the Federal Rules of Civil Procedure.

2. Notwithstanding the assertion of any objections to the document requests set forth below, You shall produce all documents responsive to all parts of each request to which objection is not made.

3. If portions of documents are withheld on the basis of privilege or otherwise, the withheld portions must be stamped with the word "redacted," the remainder of the document must be produced, and the information requested in Instruction No.1 above shall be provided with respect to the redacted or withheld portion of the document.

4. If any document responsive to the document requests set forth below has been destroyed, lost, discarded or is otherwise not capable of being produced, please identify each such document and provide for each (a) the author(s) thereof; (b) the recipient(s) thereof; (c) the subject matter thereof; (d) the date of the document; (e) the document's length; (f) the date on which the document was lost or destroyed; and (g) if the document was destroyed, the reason(s) for its destruction, the manner of its destruction, and the identity of the person(s) requesting, authorizing and performing the destruction.

5. In response to the document requests set forth below, You shall produce all documents in Your possession, custody or control and all documents in the possession, custody or control of any of Your agents, attorneys or representatives, regardless of the location of such documents.

6. If, after You submit Your response to the document requests set forth below, You become aware of or acquire additional documents responsive thereto, You shall, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, supplement and amend Your response to the document requests by producing promptly those additional documents.

**DOCUMENTS TO BE PRODUCED**

1. Any documents relating to the call identified on the Calendar at Exhibit 1 as "Call to Terry McGraw, McGraw Publishing" on August 8, 2011, between 10:15 AM and 10:25 AM.

2. Any documents relating to any other communications between Timothy Geithner and Mr. McGraw in the period 2011 to 2013.

3. Any documents relating to the call identified on the Calendar at Exhibit 1 as "Call to Terri Checki" on August 5, 2011, between 7:10 PM and 7:20 PM.

4. Any documents relating to any other communications between Mr. Geithner and Mr. Checki in the period August 5, 2011 to August 8, 2011.

5. Any documents relating to communications between Mr. Geithner and any other person concerning the communications between Mr. Geithner and Mr. McGraw or Mr. Geithner and Mr. Checki referenced in Requests 1 through 4.

6. Any audio or video recordings, call logs, calendar entries, notes or memoranda, whether created in connection with official duties or otherwise, relating to the communications between Mr. Geithner and Mr. McGraw or Mr. Geithner and Mr. Checki referenced in Requests 1 through 4.

7. Documents sufficient to identify any person (in addition to those named in the Calendar) who participated in, listened in on, recorded, and/or logged the communications between Mr. Geithner and Mr. McGraw or Mr. Geithner and Mr. Checki referenced in Requests 1 through 4.

8. Documents sufficient to identify any person with whom Mr. Geithner communicated about the communications between Mr. Geithner and Mr. McGraw or Mr. Geithner and Mr. Checki referenced in Requests 1 through 4

9. Any documents relating to the meeting between Mr. Geithner and S&P identified on the Calendar at Exhibit 2 as "Meeting with S&P, Secretary's Large Conference Room" on April 13, 2011, between 4:10 PM and 4:45 PM.

10. Any audio or video recordings, call logs, calendar entries, notes or memoranda, whether created in connection with official duties or otherwise, relating to the meeting between Mr. Geithner and S&P referenced in Request 9.

11. Documents sufficient to identify any person who participated in, listened in on, recorded, and/or logged the meeting between Mr. Geithner and S&P referenced in Request 9.

12. Any documents relating to any communications occurring between April 17, 2011 and April 19, 2011 between Mr. Geithner and any of the following individuals (as identified in the Calendar at Exhibit 3) concerning the Change in Outlook:

a. Vice President Biden
b. Bill Daley
c. David Plouffe
d. Hank Paulson
e. Gene Sperling
f. Dan Tarullo

13. Any documents relating to any communications occurring between July 13, 2011 and July 15, 2011 between Mr. Geithner and any of the following individuals (as identified in the Calendar at Exhibit 4) concerning the CreditWatch Action:

a. Vice President Biden
b. Bill Daley
c. Jack Lew
d. Rob Nabors
e. Bruce Reed
f. Bob Rubin
g. Michelle Smith
h. Gene Sperling
i. Dan Tarullo

14. Any documents relating to any communications occurring between August 5, 2011 and August 8, 2011 between Mr. Geithner and any of the following individuals (as identified in the Calendar at Exhibit 1) concerning the Downgrade:

a. Jay Carney
b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Jeffrey Goldstein
f. Jack Lew
g. Michelle Smith
h. Gene Sperling
i. Larry Summers

15. Any documents relating to any communications between Mr. Geithner and Chairman Bernanke referring to S&P occurring between: (1) April 17, 2011 and April 19, 2011; (2) July 13, 2011 and July 15, 2011; or (3) August 5, 2011 and August 8, 2011.

16. Any documents relating to any communications between Mr. Geithner and President Obama relating to S&P or reactions to the Downgrade, occurring between August 5, 2011 and August 8, 2011, including but not limited to those identified in the Calendar at Exhibit 1 as occurring: (1) on August 7, 2011, between 2:30 PM and 3:30 PM; (2) on August 8, 2011, between 9:30 AM and 10:10 AM; or (3) on August 8, 2011, between 4:00 PM and 4:15 PM.

17. Any audio or video recordings, call logs, calendar entries, notes or memoranda, whether created in connection with official duties or otherwise, relating to the communications referenced in Requests 12 through 16.

18. Documents sufficient to identify any person (in addition to those named in the Calendar) who participated in, listened in on, recorded, and/or logged the communications referenced in Requests 12 through 16.

19. Any documents reflecting records of telephone calls involving Mr. Geithner relating to the Downgrade or S&P between August 1, 2011 and August 31, 2011.

20. Any documents relating to communications between Mr. Geithner and Raymond W. McDaniel, Jr., Mark E. Almeida, Richard Cantor or Warren Buffett, from January 1, 2011 through the end of Mr. Geithner's term as Secretary of the United States Department of the Treasury, concerning sovereign credit ratings of Plaintiff, the United States of America.

21. Any documents relating to communications between Mr. Geithner and Mr. Checki concerning (a) the Change in Outlook, (b) the CreditWatch Action, (c) the Downgrade, and/or (d) S&P, from April 1, 2011 to the present.

22. Any documents relating to communications between Mr. Geithner and any employee of the Federal Reserve Bank of New York concerning S&P between August 5, 2011 and August 8, 2011.

23. Any documents reviewed, considered by and/or supplied to Mr. Geithner in connection with preparing, making or reviewing Mr. Geithner's statement on April 19, 2011 that there was "no risk" of a downgrade for the sovereign credit rating of Plaintiff, the United States of America.

24. Any documents relating to communications between Mr. Geithner and President Obama relating to President Obama's statement in an August 8, 2011 address that "we will always be a triple-A country."

25. Any documents reviewed, considered by and/or supplied to Mr. Geithner in connection with preparing, making or reviewing the following statements on August 7, 2011:

a. "I think S&P has shown really terrible judgment and they've handled themselves very poorly. And they've shown a stunning lack of knowledge about basic U.S. fiscal budget math. And I think they drew exactly the wrong conclusion from this budget agreement."

b. "And the judgment by S&P-- changed nothing. It added nothing to what people know about this country. Again, there's no risk the U.S. would never meet its obligations."

c. "[J]ust look at the quality of judgments they've made in the past."

26. Documents sufficient to identify each of the individuals, by name and employing entity, involved in the (i) preparing, (ii) reviewing or (iii) discussing with Mr. Geithner any of the statements in Request 25 (a)-(c) (before or after the statement was made), including, but not limited to, individuals who provided documents or other information reviewed, referenced, relied upon or used in connection with the preparation or review of any such statements.

27. Any documents, including manuscripts, notes, drafts, audio or video recordings, interviews or transcripts of interviews, relating to or constituting all or any portion of Mr. Geithner's forthcoming book that relates to any discussions of rating action with respect to United States debt by any credit rating agency or any discussion in any context of S&P.

28. Documents sufficient to identify any person employed by You who reviewed, provided clearance, or approved all or any portion of Mr. Geithner's forthcoming book that relates to any discussions of rating action with respect to United States debt by any credit rating agency or any discussion in any context of S&P.

29. Any documents relating to communications between You and Mr. Geithner concerning the review, clearance, or approval of all or any portion of Mr. Geithner's forthcoming book that relates to any discussions of rating action with respect to United States debt by any credit rating agency or any discussion in any context of S&P.

30. Any documents relating to communications between any of the following individuals and the SEC concerning S&P from August 4, 2011 through February 28, 2013:

a. Jay Carney
b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Timothy Geithner
f. Jeffrey Goldstein
g. Jack Lew
h. Gene Sperling

31. Any documents relating to communications between any of the following individuals and the DOJ, including the FBI, concerning S&P from August 4, 2011 through February 28, 2013:

a. Jay Carney
b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Timothy Geithner
f. Jeffrey Goldstein
g. Jack Lew
h. Gene Sperling

i. Terrence Checki

32. Any documents created, received or forwarded by the following individuals during the time period from August 4, 2011 through February 28, 2013 relating to the possibility of civil or criminal actions, sanctions or other possible steps of any kind leading to adverse consequence of any kind against S&P:

a. Jay Carney
b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Timothy Geithner
f. Jeffrey Goldstein
g. Jack Lew
h. Gene Sperling

33. For each of the following individuals, any documents relating to policies for the retention and/or destruction of documents, files, electronically stored documents, e-mail and other electronic files:

a. Jay Carney
b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Timothy Geithner
f. Jeffrey Goldstein
g. Jack Lew
h. Gene Sperling

The time period for this request is January 1, 2011 to the present.

34. For each of the following individuals, any documents constituting instructions relating to the preservation of documents that were provided by You with respect to this Action:

a. Jay Carney

b. Bill Daley
c. Jon Favreau
d. Jason Furman
e. Timothy Geithner
f. Jeffrey Goldstein
g. Jack Lew
h. Gene Sperling

35. A set of "Attorney General Holder's Calendar" for 2011 for the months not currently posted on http://www.justice.gov/oip/oip_foia1.htm (August, September and December).

36. A set of "Attorney General Holder's Calendar" for January 2012 through February 2013 as publicly posted for prior years.

Dated: January 31, 2014

CAHILL GORDON & REINDEL LLP

By: ______________________