William Michael Cunningham, PRO SE
5308 Ludlow Drive
Temple Hills, MD 20748
202-455-0430



# UNITED STATES DISTRICT COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cv00779-DOC- JCG |
| Plaintiff, | **BRIEF SUBMITTED BY AMICUS WILLIAM MICHAEL CUNNINGHAM IN SUPPORT OF HIS MOTION TO STAY THE PROCEEDING PENDING APPEAL** |
| vs. | |
| MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES, LLC, ET. AL., | Hearing Date:<br>Time:<br>Judge: Hon. David O. Carter<br>Courtroom: 9D, Santa Ana |
| Defendant(s) | |





# Contents

TABLE OF AUTHORITIES ..................................................................................3

STATUTES ............................................................................................................4

OTHER AUTHORITIES .......................................................................................4

Introduction ............................................................................................................6

SUMMARY OF THE CASE .................................................................................6

ARGUMENT .........................................................................................................7

I. The Court erred in its evaluation of Mr. Cunningham's education and experience, and made an error of fact when it concluded that these were of limited value. It did so to limit Mr. Cunningham's ability to obtain permissive intervention under Federal Rules of Civil Procedure that allow for intervention when the movant's input adds value. ..........................................................................................7

II. A stay is warranted because, without it, it will be impossible for the Court to place Mr. Cunningham in the appropriate position should the Appeals Court rule in his favor and allow him to intervene. ...................................................................9

III. The Filing of the Notice of Appeal Divests the Court of Jurisdiction ...............9

IV. Stay Pending Appeal is Warranted ..................................................................10

V. Conclusion .......................................................................................................12

# TABLE OF AUTHORITIES

## CASES

Supreme Court of the United States. No. 97–5066. William Michael Cunningham, Petitioner v. Board of Governors of the Federal Reserve System. Petition for writ of certiorari to the United States Court of Appeals for the District of Columbia Circuit.

United States Court of Appeals FOR THE DISTRICT OF COLUMBIA CIRCUIT. No. 97-1256 William Michael Cunningham, APPELLANT v. Board of Governors of the Federal Reserve System, Appellee. Decided April 30, 1997.

United States Court of Appeals FOR THE DISTRICT OF COLUMBIA CIRCUIT. No. 98-1459 William Michael Cunningham, APPELLANT v. Board of Governors of the Federal Reserve System, Appellee. October, 1998.

US v. McGraw-Hill Companies Inc., et. al. Case No. CV 13-0779-DOC (JCGx). Document 81.

Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F., 3rd 1080, 1081 (8th Cir. 1998)

Griggs v. Provident Consumer Discount Co., 459 U.S. 56. 58 (1982)

World Trade Center Disaster Site Litig., 503 F.3rd 167, 170 (2d Cir 2007)

Thapa v. Gonzales, 460 F.3d 323 (2d Cir. 2006)

Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 202)

SEC v. Citigroup, Southern District of New York, 11-cv-07387-JSR. Document 42, filed 12/16/11

Jock v. Sterling Jewelers, Inc., 738 F. Supp. 2d 445, 446 (S.D.N.Y. 2010) (Rakoff, J.)

Criminal Action No. 09-cr-00266-CMA in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO (the Investigative Resource Planning (IRP) Solutions case).

(Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972))

(Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Distr., 983 F.2d 211, 216 (11th Cir. 1993))

## STATUTES

PUBLIC LAW 109–291—SEPT. 29, 2006 120 STAT. 1327

12 U.S.C § 1833a

18 U.S.C. §§ 1341, 1343 & 1344.

## OTHER AUTHORITIES

"Bank accused of predatory practices. Lawsuit alleges black neighborhood, churches targeted." Gazette.net. Online at: http://www.gazette.net/stories/06182009/collnew182411_32521.shtml

Financial Crisis Response in Charts. US Dept. of Treasury. April 13 2012. Online at: http://www.treasury.gov/resource-center/data-chart-center/Documents/20120413_FinancialCrisisResponse.pdf

Partial Revised Transcript from the Global Research Analyst Settlement Fairness Hearing. April 11, 2005. In the U.S. District Court for the District of New York. http://www.creativeinvest.com/sri/fairness.html

Property Flipping Remediation Yields Investment-grade Security http://www.socialfunds.com/news/article.cgi?sfArticleId=682

Racial Bias in Securitization and Community Lending
http://twisri.blogspot.com/2009/08/wells-fargo-sued-for-racially-biased.html
The relationship between investment banks and the economy
http://twisri.blogspot.com/2009/04/commercial-and-investment-banks-used.html
Transaction Cost Theory of the Crisis http://www.prlog.org/10746429-firm-releases-transaction-cost-theory-of-the-financial-crisis.html
"Wall Street's Repeat Violations, Despite Repeated Promises." New York Times on the Web 7 Nov. 2011. http://www.nytimes.com/interactive/2011/11/08/business/Wall-Streets-Repeat-Violations-Despite-PromisesStsssss.html.
Pope Francis, Apostolic Exhortation *Evangelii Gaudium* (24 November 2013).

## Introduction

Amicus William Michael Cunningham ("WMC") submits this brief in support of his motion for a stay of this matter pending appeal of the Court's Order dated November 7, 2014 denying Mr. Cunningham's Motion to Intervene. For the reasons set forth below, Mr. Cunningham's motion pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) for a stay pending appeal should be granted since to continue the proceeding without all relevant parties is unfair.

## SUMMARY OF THE CASE

On February 4, 2013, the US Department of Justice filed a civil suit against Defendants Standard and Poor's Financial Services and McGraw Hill Companies, Inc., alleging violations of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Defendant is a Nationally Recognized Statistical Rating Organization ("NRSRO") within the meaning specified in Pub.L. 109-291. Inaccurate financial instrument ratings helped cause massive financial damage worldwide, specifically contributing to a 54% decline in African American wealth from 2006 to 2010. Plaintiff did not pursue the Defendants until after they lowered the credit rating of securities issued by the United States, and, even then, Defendants were charged with violating a trivial set of laws. On July 16th, the District Court denied a motion by the Defendants to dismiss the case. On October 2, 2013, Amicus WMC moved to intervene in the case. On November 7, 2013, the District Court denied WMC's motion in Chambers without giving Mr. Cunningham an opportunity to fully explain his situation and the facts supporting intervention. On December 10, 2013, Mr. Cunningham filed an Amicus Curiae in this matter. Parties have moved to discovery. On January 14, 2014, Mr.

Cunningham filed an Appeal ( Case Number 14-55085) in the United States Court of Appeals for the Ninth Circuit seeking to reverse the November 7th Order.

## ARGUMENT

I. The Court erred in its evaluation of Mr. Cunningham's education and experience, and made an error of fact when it concluded that these were of limited value. It did so to limit Mr. Cunningham's ability to obtain permissive intervention under Federal Rules of Civil Procedure that allow for intervention when the movant's input adds value.

This matter was decided in Chambers, without the Court having the benefit of hearing directly from Mr. Cunningham. Had there been a hearing, Mr. Cunningham would have more clearly enumerated his position. By deciding on the matter in Chambers, the Court prejudged Mr. Cunningham's claims.

Further, the Court should have decided on intervention without reference to the merits of Mr. Cunningham's claims. It did not. (Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F., 3rd 1080, 1081 (8th Cir. 1998)) The Court disclosed this bias when it stated that "Mr. Cunningham's interest is that he is considering, at some unidentified point in the future, to apply for NRSRO status...." This is an error in fact and serves to illustrate quite clearly the value Mr. Cunningham adds. First, he describes the actual, current structure of the Credit Rating Agency (NRSRO) industry, something neither the Plaintiff nor the Defendant do. This confirms the inability of the Plaintiff and Defendant to adequately represent Mr. Cunningham's interest and is critical to understanding the environment in which the defendant's actions took place. The environment establishes the ability of the

defendant to realize and implement an unfair profit maximization strategy, to get away with lying about its ratings or at the very least, being unconcerned with the accuracy and performance of its ratings, a key consideration. In a monopolistic marketplace, this strategy differs from that which can be implemented in a purely competitive marketplace. This addresses, in turn, the motivations and the ability of the Defendant to act in the manner alleged.

The Court mistakes the current NRSRO oligopoly for a competitive market. It is as if the Court, in determining liability for an auto accident, believes the incident took place on a dry road at 12 noon, when, in truth, the accident took place during a heavy thunderstorm at 12 midnight, with the Defendants driving at 100 mph and the Plaintiff asleep. Such massive misinterpretation of the underlying facts cannot contribute to the Courts mission - the search for the truth and for justice. In fact, this moves the Court away from the truth. This alone justifies Mr. Cunningham's intervention in this matter, if for no other reason than to guarantee that industry conditions will be truthfully reported.

NRSRO designations granting entry to the rating provider marketplace are manufactured and distributed by the U.S. Government. Indeed, the NRSRO industry structure was created, maintained, and guarded by the Plaintiff. The Plaintiff U.S. Government has no incentive to highlight their responsibility for and complicity in these matters. The plaintiff is simply not willing to make these arguments.

Without these facts, necessary elements to the proceedings detailing how the NRSRO industry came to be as it was at the time of the alleged violations, how it operates, and who is responsible for maintaining that operational structure, will be missing.

1. Plaintiff does not apply its prosecutorial capacities in an even, fair manner, in
2. violation of the Equal Protection clause. It will not and cannot make the arguments
3. that represent the interest of an African American male. It proved this when it
4. undervalued Mr. Cunningham's education and experience.
5. Further, the burden for proving inadequate representation in minimal. Mr.
6. Cunningham has shown that representation by the Plaintiff may be inadequate,
7. given the Plaintiff's complicity in the industry, its past incompetence and its biased
8. behavior. (Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10,
9. 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972))
10. Any doubt about the adequacy of representation should be resolved in favor of the
11. proposed intervenor. (Federal Sav. & Loan Ins. Corp. v. Falls Chase Special
12. Taxing Distr., 983 F.2d 211, 216 (11th Cir. 1993))
13. This the Court did not do.
14.
15. II. A stay is warranted because, without it, it will be impossible for the
16. Court to place Mr. Cunningham in the appropriate position should the
17. Appeals Court rule in his favor and allow him to intervene.
18.
19. Without a stay, the proceedings move on. If the Plaintiff acts in a manner
20. consistent with past behavior, they will settle with the Defendants quickly, forever
21. denying Mr. Cunningham an opportunity to intervene. A stay cures this.
22.
23. III. The Filing of the Notice of Appeal Divests the Court of Jurisdiction.
24.
25. According to certain cases, "the filing of a notice of appeal is an event of
26. jurisdictional significance-it confers jurisdiction on the court of appeals and divests

the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56. 58 (1982).

In this case, the issue concerns who is formally involved in this case. There can be no more important question at this stage of the proceeding. It is now up to the Ninth Circuit Court of Appeals to determine who can be legitimately considered a party to the case. To proceed without this determination disadvantages Mr. Cunningham and is simply unfair.

## IV. Stay Pending Appeal is Warranted

According to the Second Circuit, "the decision whether to stay a proceeding pending an appeal requires consideration of three factors: (1) the likelihood of success on appeal; (2) whether irreparable injury will be sustained absent a stay; and (3) whether a stay will injure the non-appellant or the public. *In re World Trade Center Disaster Site Litig.*, 503 F.3rd 167, 170 (2d Cir 2007); *Thapa v. Gonzales*, 460 F.3d 323 (2d Cir. 2006); *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 202). These factors are to be considered on a sliding scale, and more of one excuses less of the other." *Mohammed*, 309 F.3d at 101.

Full and absolute certainty of success on appeal is not required, "only some possibility of success on appeal is sufficient to justify a stay where the balance of hardships tips in favor of the party seeking the stay." *SEC v. Citigroup, Southern District of New York*, 11-cv-07387-JSR. Document 42, filed 12/16/11. Mr. Cunningham meets this test.

**A. Mr. Cunningham's appeal has a sufficient possibility of success on appeal.**
Courts are to avoid "setting too high a standard for the likelihood of success factor because the trial judge is being asked to assess the likelihood that the ruling just

made will be rejected on appeal." *Mohammed*, 309 F.3d at 101. "Where, as here, an appeal presents an issue of first impression over which the Court of Appeals may disagree with the Court, that reason alone demonstrates a possibility of success." *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 446 (S.D.N.Y. 2010) (Rakoff, J.)

**B. Mr. Cunningham will suffer irreparable harm absent a stay.**

Without a stay, Mr. Cunningham will suffer irreparable harm. This case will proceed, in all likelihood, to settlement. The settlement will damage Mr. Cunningham and the public in several ways. First, it will prove that the Plaintiff values African American citizens less than it does white citizens. It will prove this by showing that penalties for breaking the law are enforced with an iron fist in one business community[1], and barely or not at all in another.

A favorable Ninth Circuit Court of Appeals decision will not return Mr. Cunningham to the position he previously occupied because, without a stay, in all likelihood the Plaintiff will quickly settle this matter, closing the door to a full exploration of the Defendants role in causing the economic crisis of 2006 to 2013. This crisis resulted in the loss of millions of jobs, cost thousands of lives[2] and imposed trillions of dollars in actual and potential losses. This downturn was entirely predictable and the public remains at risk.[3]

---

[1] We refer the Court to Criminal Action No. 09-cr-00266-CMA in the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO (the Investigative Resource Planning (IRP) Solutions case). IRP was a Black-owned information technology company located in Denver, Co., with 15 employees. The Plaintiff charged and successfully prosecuted five African American males with wire fraud. These individuals are now serving 7-11 years each in Florence Correctional Complex prison camp in Florence, CO. We note that Title 15 of the US Code authorizes mail and wire charges in the lower Court case, but, due to the race of the executives at the Defendant firm, these penalties were not sought.

[2] "Just as the commandment 'Thou shalt not kill' sets a clear limit in order to safeguard the value of human life, today we also have to say 'thou shalt not' to an economy of exclusion and inequality. Such an economy kills." Pope Francis. EVANGELII GAUDIUM. Page 45. November 24, 2013.

[3] Supreme Court of the United States. No. 97–5066. William Michael Cunningham, Petitioner v. Board of Governors of the Federal Reserve System. Petition for writ of certiorari to the United States Court of Appeals for the District of Columbia Circuit.

### C. The Balance of equity favors a stay

Just as with the truthful analysis of the structure of the industry, the responsibility for maintenance of the oligopolistic NRSRO market, only Mr. Cunningham sees the Fully Adjusted Return® attributes of this case. This measurement includes social returns generated by factors central to this case. Only Mr. Cunningham fully understands the social opportunity costs attributable to this case. The Court makes light of Mr. Cunningham's insistence that markets depend upon the rule of law to function, but until the generalized level of fraud and malfeasance in the financial marketplace is lowered and trust is increased, aggregate economic activity will remain at lower than normal levels. A lower that optimum level of aggregate economic activity does not serve the public interest. Delaying this case for a few months while the Appeal is pending will.

### V. Conclusion

For the reasons described above, this matter should be stayed pending resolution of Mr. Cunningham's appeal.

Respectfully submitted,

Dated this 28th day of January, 2014

By: /S/
/William Michael Cunningham/
PRO SE
5308 Ludlow Drive
Temple Hills, MD 20748
202-455-0430

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7), the typeface requirement of Fed. R. App. P. 32(a)(5), and the typestyle requirements of Fed. R. App. P. 32(a)(6). This brief contains 2,501 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). It is prepared in a proportionally spaced typeface (14- point Times New Roman).

/s/ William Michael Cunningham