LOEB & LOEB LLP
DANIEL G. MURPHY (SBN 141006)
Email: dmurphy@loeb.com
AURELE A. DANOFF
Email: adanoff@loeb.com (SBN 253043)
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2215
Facsimile: (310) 919-3895

DEBEVOISE & PLIMPTON LLP
JOHN S. KIERNAN (*pro hac vice* to be filed)
Email: jskiernan@debevoise.com
NICHOLAS C. TOMPKINS (*pro hac vice* to be filed)
Email: ntompkins@debevoise.com
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Non-Party Timothy F. Geithner*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MCGRAW-HILL COMPANIES, INC.,<br>and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>Defendants. | No. 2:13-cv-00779-DOC (JCGx)<br><br>**MEMORANDUM OF NON-PARTY TIMOTHY F. GEITHNER IN SUPPORT OF MOTION TO QUASH SUBPOENA AND UNITED STATES' CROSS-MOTION FOR PROTECTIVE ORDER**<br><br>Date: March 11, 2014 7:30 a.m.<br>Location: Courtroom 9D<br>Judge: Hon. David O. Carter |

Non-party Timothy F. Geithner, former United States Secretary of the Treasury, submits this memorandum in support of his motion to quash the subpoena served on him on February 10, 2014 by McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC ("S&P").

Secretary Geithner adopts and incorporates by reference the arguments of the United States – in its February 17, 2014 cross-motion and opposition to S&P's motion to compel – as to why the subpoena directed to Secretary Geithner should be quashed. Secretary Geithner submits this memorandum to present the further point in support of quashing the subpoena that S&P has not satisfied the heavy burden it must satisfy before obtaining discovery from a former high-ranking government official.

Without regard to what Secretary Geithner assertedly said to Mr. McGraw – which on the face of the McGraw affidavit did not amount to the threat S&P posits – S&P has made no showing of any relationship between Secretary Geithner's asserted unhappiness with the S&P downgrade of the United States' credit rating and the decisions by the Department of Justice ("DOJ") to investigate S&P's conduct and ultimately to bring this lawsuit.  This Court should not permit S&P's unsustainable defense of wrongful retaliation to proceed.  But even if the Court were to permit limited discovery from the United States concerning S&P's retaliation defense, the Court should quash or hold in abeyance S&P's subpoena to Secretary Geithner pending an evidentiary submission by S&P that satisfies the prerequisites to compelling discovery from him.

The Supreme Court and other courts have long recognized that high-ranking public officials should be shielded from discovery requests absent extraordinary showings that the discovery is necessary and that all efforts have been made to avoid it and limit its burdensomeness.  *United States v. Morgan*, 313 U.S. 409, 422 (1941); *see Coleman v. Schwarzenegger*, Nos. S-90-0520, C01-1351, 2008 WL 4300437, at *4 (E.D. Cal. Sept. 15, 2008) (denying certain discovery requests when plaintiff failed to establish extraordinary circumstances); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049–

50 (E.D. Cal. 2010) (same).  While *Morgan* is most often invoked to guard against deposition subpoenas, its rationale extends to other forms of discovery requests that also impose substantial burdens on government officials.  *See Thomas*, 715 F. Supp. 2d at 1049–50 (plaintiff would be permitted to submit "limited" interrogatories on particular topics to current and former officials only after making a threshold showing of "specific need for information solely in the possession of" those officials).

The protections of *Morgan* continue to apply after high-ranking officials like Secretary Geithner have completed their government service.  *See Thomas*, 715 F. Supp. 2d at 1049; *United States v. Wal-Mart Stores*, No. PJM-1-CV-152, 2002 WL 562301, at *3 (D. Md. Mar. 29, 2002) (if "*Morgan* immunity" is to have any meaning, the protection must continue after officials depart from public service).  Exposure to discovery requests after leaving office without a rigorously enforced threshold showing of need could be a "significant deterrent to qualified candidates for public service." *Wal-Mart Stores*, 2002 WL 562301, at *1, 3.  S&P is not entitled to seek discovery from Secretary Geithner absent a showing that he has "direct personal factual information pertaining to material issues" that is not available from alternative sources. *Coleman*, 2008 WL 4300437, at *2; *see Thomas*, 715 F. Supp. 2d at 1049–50 (party could seek written discovery responses from former governor of California only if it could establish specific need for information not available from any other source).

S&P has not made this required showing. *See Coleman*, 2008 WL 4300437, at *2; *Thomas*, 715 F. Supp. 2d at 1048.  Although S&P asserts that only Secretary Geithner can testify about an alleged conversation between him and the CEO of McGraw-Hill, S&P has not established any non-speculative basis for its pivotal claim that Secretary Geithner later played a causal role (based on unhappiness about S&P's downgrading of the U.S. credit rating) in bringing about DOJ's decision to investigate S&P and ultimately to file this assertedly retaliatory civil enforcement action. *See Wal-Mart Stores*, 2002 WL 562301, at *4 (rejecting discovery where plaintiff's

3

assertion of nexus between an official's conduct and "the supposed retaliatory nature of the investigation" was "not persuasive").

S&P also has not carried its burden of establishing that the information it seeks cannot be obtained from sources other than Secretary Geithner.  *See Thomas*, 715 F. Supp. 2d at 1048 ("[D]iscovery is permitted only where it is shown that other persons cannot provide the necessary information."); *Coleman*, 2008 WL 4300437, at *4 ("It is not sufficient simply to make allegations to such effect in a conclusory manner; rather, a party seeking to depose a high-ranking official must make a showing as to what efforts have been made to determine whether the information is otherwise available and the extent to which their efforts failed to uncover such information."). Even if S&P is permitted to take limited discovery on its claim of retaliation, it has made no showing that testimony from Secretary Geithner is essential – and that no discovery from any other source could eliminate the need for that testimony – to test the United States' assertions about the absence of any link between S&P's downgrade of the U.S. credit rating and the DOJ's decision to investigate S&P's conduct and ultimately to bring this action.

///
///
///
///
///
///
///
///
///
///
///

The subpoena directed to Secretary Geithner should accordingly be quashed or, if the Court permits limited discovery from the United States, held in abeyance pending completion of that discovery and presentation by S&P of the required showing of need for evidence from Secretary Geithner.

Dated:  March 3, 2014

Respectfully submitted,

LOEB & LOEB LLP

DEBEVOISE & PLIMPTON LLP

By:  ___/s/ *Daniel G. Murphy*_____

John S. Kiernan
Nicholas C. Tompkins
Daniel G. Murphy
Aurele A. Danoff

*Attorneys for Non-Party Timothy F. Geithner*