KEKER & VAN NEST LLP
JOHN KEKER (SBN 49092)
jkeker@kvn.com
ELLIOT R. PETERS (SBN 158708)
epeters@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendants MCGRAW-HILL COMPANIES, INC., and
STANDARD & POOR'S FINANCIAL SERVICES LLC

ANDRÉ BIROTTE JR.
United States Attorney
GEORGE S. CARDONA (CA Bar No. 135439)
LEON W. WEIDMAN (CA Bar No. 104078)
ANOIEL KHORSHID (CA Bar No. 223912)
RICHARD E. ROBINSON (CA Bar No. 090840)
Assistant United States Attorneys
    Room 7516 Federal Building
    300 N. Los Angeles St.
    Los Angeles, California 90012
    Telephone: (213) 894-8323/6086
    Facsimile: (213) 894-6269/7819
    Email: George.S.Cardona@usdoj.gov / Anoiel.Khorshid@usdoj.gov

Attorneys for Plaintiff UNITED STATES OF AMERICA

*(Additional counsel on next page)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>MCGRAW-HILL COMPANIES, INC.<br>and STANDARD & POOR'S<br>FINANCIAL SERVICES LLC,<br><br>                              Defendants. | Case No. CV13-779 DOC (JCGx)<br><br>**PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE; EXHIBITS 1-4**<br><br>Date: March 11, 2014 7:30 a.m.<br>Location: Courtroom 9D<br>Judge: Hon. David O. Carter |

1  *(Additional counsel):*

2

3  CAHILL GORDON & REINDEL LLP
4  FLOYD ABRAMS
   fabrams@cahill.com
5  S. PENNY WINDLE
   pwindle@cahill.com
6  80 Pine Street
   New York, New York 10005-1702
7  Telephone: 212 701 3000
   Facsimile:  212 269 5420
8
   KELLER RACKAUCKAS LLP
9  JENNIFER L. KELLER (SBN 84412)
   jkeller@krlawllp.com
10 18500 Von Karman Avenue, Suite 930
   Irvine, CA 92612
11 Telephone: 949 476 8700
   Facsimile: 949 476 0900
12
   Attorneys for Defendants MCGRAW-HILL COMPANIES, INC., and
13 STANDARD & POOR'S FINANCIAL SERVICES LLC

14
   STUART DELERY
15 Acting Assistant Attorney General
   MAAME EWUSI-MENSAH FRIMPONG (CA Bar No. 222986)
16 ARTHUR R. GOLDBERG
   MICHAEL S. BLUME
17 JAMES T. NELSON
   BRADLEY COHEN
18 JENNIE KNEEDLER
   SONDRA L. MILLS (CA Bar No. 090723)
19 THOMAS D. ZIMPLEMAN
   United States Department of Justice, Civil Division
20     P.O. Box 261, Ben Franklin Station
       Washington, D.C. 20044
21     Telephone: (202) 616-2376
       Facsimile: (202) 514-8742
22     Email: James.Nelson2@usdoj.gov

23 Attorneys for Plaintiff UNITED STATES OF AMERICA

24

25

26

27

28
   _____
                PARTIES' JOINT DISCOVRY STATUS AND SCHEDULING UPDATE
                     CASE NO.  CV13-779 DOC (JCGx)

806350.02

The parties submit the following statement regarding the status of ongoing discovery as well as the parties' proposals concerning the date and structure of trial.

## I.   UNITED STATES' STATEMENT

### A.   PRELIMINARY STATEMENT

The government, which bears the burden in this matter, has already significantly narrowed the number of securities on which it will base both its proof at trial and the losses on which it will contend penalties should be based.  Since the last discovery status update, the government has also completed (with a relatively few exceptions specifically identified to S&P and discussed below) production to S&P of all the sworn testimony it took during the FIRREA investigation, all the documents the government gathered from third-parties using FIRREA subpoenas in the course of that investigation, and all the documents it gathered from third-parties using Rule 45 subpoenas in the initial phase of limited discovery.  As discussed below, other portions of the discovery process are well underway: S&P has served multiple Rule 45 subpoenas, the government has deposed five current S&P employees and is working with S&P to schedule other depositions; and S&P just yesterday served the government with initial sets of interrogatories and requests for admission.  Given the government's voluntary and substantial narrowing of the case, the discovery that has already occurred, the pendency of the hearing on S&P's motion to compel that should result in focusing discovery on issues actually relevant to the charged scheme to defraud, and a reasonable time for reasonable discovery actually related to those relevant issues, there is no basis for a further forced narrowing of the case,[1] and no reason why the case as currently

---

[1] S&P continues to propose that the court require the United States to try this case first with respect only to those "securities it identified in its November 18, 2013 supplement where Citigroup and its affiliates allegedly incurred losses," with

structured cannot proceed to trial within the schedule proposed by the government in December 2013.  For these reasons, and all the reasons set forth by the government in the "Second Supplemental Joint Report Of Parties Pursuant To Federal Rule Of Civil Procedure 26(f)" filed with the court on December 2, 2013 [Dkt. 82 at 1-7] (hereafter "Second Supplemental Rule 26(f) Report"), the government continues to propose a schedule for discovery and trial based on a trial date of May 2015, still more than one year from today's date and more than two years from the date the Complaint was filed.

## B.   COMPLETED INITIAL PHASE OF LIMITED DISCOVERY

Between July 29, 2013 and November 18, 2013, the parties engaged in the initial phase of limited discovery authorized by the initial scheduling order issued by the Court on August 2, 2013 [Dkt. 44].  The parties described the progress of this initial phase of limited discovery in status reports filed with the Court on October 14, 2013 [Dkt. 60, 61] and in the Second Supplemental Rule 26(f) Report. Following this initial phase of limited discovery, on November 18, 2013, the United States served on S&P a "Second Supplement To Plaintiff United States' Initial Disclosures Pursuant To Federal Rule Of Civil Procedure 26(a)(1)(A); Exhibits A and B" (hereafter "November 18 supplement"), which set forth:  (1) the sets of RMBS and CDOS ("the Specified RMBS and CDOs"), together with the particular tranches and tranche purchasers, that will form the basis for the United States' proof at trial; (b) the financial institutions the United States will contend were affected by the alleged fraud; and (c) the financial institution losses the

---

unspecified "further proceedings" to address other securities as needed.  S&P Preliminary Statement, *infra* at 11.  Such a proposal remains completely unworkable as it would potentially require multiple presentations, to multiple juries, of the same evidence relating to S&P's liability. There remains no way to sever S&P's fraudulent conduct as it related to one purchaser/investor from that conduct as it related to other purchasers/investors.

1   United States will contend provide a basis for the determination of FIRREA

2   penalties.  [See Dkt. 101-3 at  49-53 (November 18 supplement, without exhibits).]

3       ## C.   STATUS UPDATE RE ONGOING DISCOVERY

4           ### 1.   United States' Rule 45 Subpoenas

5       On August 5, 6, and 9, 2013, pursuant to Federal Rule of Civil Procedure

6   45(b)(1), the United States served subpoenas for documents as set forth in the

7   "United States' Status Update Re: Initial Discovery; Exhibits 1-4" filed with the

8   Court on October 14, 2013 [Dkt. 61].  The recipients of these document subpoenas

9   included: federally insured financial institutions, foreign banks, collateral

10  managers, investment banks, and trustees, from whom the subpoenas sought

11  records relating to certain specifically identified CDOs; and broker/dealers, from

12  whom the subpoenas sought records identifying purchasers of a broader set of

13  CDOs and RMBS.  Many of the recipients of these subpoenas have now received

14  Rule 45 subpoenas from S&P, and the government believes there is substantial

15  overlap between the documents sought by S&P and those earlier sought, obtained,

16  and provided to S&P by the government.[2]

17      Pursuant to agreement with S&P, in response to certain of S&P's Rule 34

18  document requests, and subject to the protections of the protective order in this

19  case, the United States has produced to S&P on an ongoing basis the records

20  produced pursuant to these subpoenas.  On September 23, October 8, October 11,

21  October 21, October 24, October 30, November 7, November 22, and December

22  18, 2013, and January 16, 2014, the United States provided S&P with the materials

23  produced pursuant to these subpoenas, as well as communications between the

24  _____

25  [2] For example, in a February 20, 2014 letter that was copied to the government, one
    recipient of a Rule 45 subpoena from S&P noted that it had agreed to identify
26  Bates ranges of documents previously produced to DOJ in connection with
    FIRREA and Rule 45 subpoenas issued by DOJ that were responsive to S&P's
27  Rule 45 subpoena.

28  _____

United States and the subpoena recipients.  On January 16, 2014, the United States advised S&P, "[W]e believe that we have provided you with all of the materials we have received to date in response to the Rule 45 subpoenas issued to date by the United States in the above-captioned case.  We will continue to check to confirm this, and will let you know if we learn of any such materials that we have not provided."  [Dkt. 106-24 at 3]

### 2.    United States' Rule 34 Document Requests

On September 27, 2013, the United States served on S&P the "United States' First Request for Production of Documents" ("US First Request"), which sets forth 9 document requests.  In discussions among the parties, S&P agreed to the United States' request to give priority to requests 1-3, and advised that (with the exception of some emails falling within the scope of these requests) it believed it could complete a substantial production on these requests within the 30-days specified in the US First Request.  On October 30, 2013, defendants served a formal written response to the US First Request ("Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents").  Also on October 30, 2013, defendants produced an initial set of documents responsive to requests 1- 6 in the US First Request.  Following discussions among the parties, S&P agreed to prioritize productions in response to the US First Request to provide documents needed for the United States' depositions of certain witnesses.  In accordance with this agreement, S&P made additional productions of documents responsive to the US First Request on January 17, January 24, January 31, February 7, and February 28, 2014.  The United States anticipates that the parties will continue to discuss production of the balance of the documents sought by the US First Request.

On December 18, 2014, the United States served on S&P the "United States' Second Request for Production of Documents" ("US Second Request"), which sets

4

forth 40 document requests.  Following discussions among the parties, S&P agreed to prioritize productions in response to the US Second Request to provide documents needed for the United States' depositions of certain witnesses.   In accordance with this agreement, S&P produced documents in response to the US Second Request on January 17, January 24, January 31, February 7, and February 28, 2014.  On January 17, 2014, defendants served a formal written response to the US Second Request ("Defendants' Responses and Objections to Plaintiff's Second Request for Production of Documents").  The United States anticipates that the parties will continue to discuss production of the balance of the documents sought by the US Second Request.

### 3.    S&P's Rule 34 Document Requests

On August 20, 2013, S&P served on the United States "Defendants' First Request for Production of Documents" ("S&P's First Request"), which sets forth 53 requests for categories of documents.  [Dkt. 101-1 at 2-22 (exhibits omitted)] S&P agreed to the United States' request to extend to October 19, 2013 the time for the United States' response to S&P's First Request.  Pursuant to this extension, the United States served its formal written response to S&P's First Request on October 18, 2013 ("United States' Response To Defendants' First Request For Production Of Documents; Exhibits 1-2").  [Dkt. 101-1 at 24-98 (exhibits omitted)]

The parties have engaged in a lengthy series of discussions and written exchanges regarding S&P's First Request, the US First and Second Requests, depositions, the United States' Rule 45 subpoenas, S&P's Rule 45 subpoenas, and other matters.  With respect to S&P's First Request, as a result of these discussions, among other things:

(1)    With respect to documents gathered and sworn testimony taken in the course of the United States' FIRREA investigation of S&P that led to the filing of the Complaint, the United States has provided to S&P the sworn testimony (with

5

accompanying exhibits) taken by DOJ attorneys during the FIRREA investigation, and, with certain identified exceptions, has produced to S&P the documents gathered in the FIRREA investigation, as well as the FIRREA subpoenas issued to third-parties and the United States' communications with those third-parties relating to those FIRREA subpoenas.[3]  Attached as Exhibit 1 is a table describing the materials already produced to S&P and the dates on which those materials were produced.

On January 16, 2014, the United States advised S&P that, with certain identified exceptions, "[W]e also believe that we have provided you with all the materials we gathered from third-parties (other than materials provided to us by S&P, which are already in your possession) in the course of the United States' FIRREA investigation of S&P that led to the filing of the Complaint in this case.... We will continue to check to confirm the above, and will let you know if we learn of any additional FIRREA Investigation materials that we have not provided." [Dkt. 106-24 at 3]  The exceptions identified by the United States were in four categories:

> (a)  With respect to two sources of documents, the United States advised S&P that the sources of the documents had asserted confidentiality interests in those documents and directed the United States not to produce those documents to S&P.  The government advised S&P that it would need to either seek those documents directly from the identified source, or seek, in a procedure that would provide the document source the opportunity to assert its own interests, a court order directing the United States to produce them.

> (b)  With respect to one source of documents, the United States advised S&P that the source was completing a review of the documents to determine which if any the United States would be authorized to produce, and which would be the subject of assertions of privilege.

---

[3] Although the United States has provided sworn testimony from certain witnesses, it has not produced information relating to facts gleaned during the interviews that on occasion preceded the sworn testimony.  While S&P is not now pursuing its document requests seeking interview notes with respect to such witnesses, it has reserved its right to seek such notes on a witness-by-witness basis.

(c)  With respect to one source of documents, the United States advised S&P that it believed S&P had already obtained the relevant non-privileged factual materials (the vast majority of which were documents obtained from S&P) in the course of other litigation.  The United States asked S&P to advise it if this belief was incorrect.

(d)  With respect to four sources of documents (former S&P employees), the United States advised S&P that certain documents had been segregated and referred to a filter team for review to determine whether they contained any potentially attorney-client privileged information.  The United States advised S&P that a member of the filter team would be discussing with S&P the production of these documents to S&P.

S&P has objected to the United States not producing the materials referenced in categories (a) and (b) above on the basis of third-party assertions of confidentiality and/or privilege, and the United States expects that this will be the subject of discussion in connection with S&P's motion to compel at the March 11, 2014 hearing on that motion.  The United States anticipates that the parties will continue to discuss production of the materials referenced in categories (c) and (d) above.

(2)  The attorneys for the United States in this case have advised S&P that they consider and treat as federal government agencies and entities falling within the scope of a Rule 34 document request the following agencies and entities -- the Executive Office of the President ("EOP"), the Department of the Treasury ("Treasury"), the Department of Housing and Urban Development ("HUD"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the National Archives and Records Administration (including in its role as the current custodian of the records of the former Financial Crisis Inquiry Commission) ("NARA"), and the Office of the Special Inspector General for the Troubled Asset Relief Program ("SIGTARP").  The attorneys for the United States in this case have advised S&P that they consider and treat as independent regulatory entities outside the scope of a Rule 34 document request all of the following -- the Board of Governors of the Federal Reserve System ("the Board"), the Federal Open

7

806350.02

Market Committee ("FOMC"), the Securities and Exchange Commission ("SEC"), the Office of the Comptroller of the Currency ("OCC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Housing Finance Agency (including in its role as the current custodian of the records of the former Office of Federal Housing Enterprise Oversight) ("FHFA"), and the National Credit Union Administration ("NCUA").  While not agreeing with the United States' position, S&P has served Rule 45 subpoena on a number of these entities, as well as on the Federal Reserve Bank of New York ("FRBNY") and certain of the Federal Home Loan Banks ("FHLBs").  (See discussion of S&P's Rule 45 subpoenas in "Third Party Discovery by S&P" *infra* at 12-14.)

(3)  As noted in the Second Supplemental Rule 26(f) Report, although the parties continued to meet and confer, they reached an impasse on three discovery issues.  In accordance with the schedule set by the court at the December 12, 2014 scheduling conference, S&P filed its motion to compel relating to these issues on January 20, 2014.  The United States responded to the motion to compel and filed a cross-motion for a protective order and to strike S&P's alleged First Amendment retaliation defense (its eleventh affirmative defense).  S&P has objected that the cross-motion is improperly brought.  Briefing is complete, with a hearing scheduled for March 11, 2014.

On January 31, 2014, S&P served Defendants' Second Request for Production of Documents ("S&P's Second Request").  On February 28, 2014, the United States served its response to S&P's Second Request.  The United States objected to production of any documents on the grounds that they were sought solely as discovery relating to S&P's alleged First Amendment retaliation defense, as to which the United States asserts that S&P has not made, and cannot make, the preliminary showing required to obtain discovery.  The United States' pending cross-motion for a protective order extends to S&P's Second Request, as well as to

8

two Rule 45 subpoenas issued by S&P to former Treasury Secretary Timothy F. Geithner and former FRBNY Executive Vice President Terrence J. Checki.  On February 20, 2014, Treasury sent S&P a letter explaining that former Secretary Geithner's response to the subpoena would have to comply with Treasury regulations governing discovery from non-parties.  [Dkt. 117]; *see also, e.g., United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 776 (9th Cir. 1994).  On March 3, 2014, counsel for Secretary Geithner filed a motion to quash the subpoena issued to him. The United States anticipates that these issues will be addressed at the March 11, 2014 hearing.

### 4.   S&P's Interrogatories and Requests for Admissions

On March 3, 2014, S&P served the United States with a set of 14 requests for admissions ("Defendant's First Set Of Requests For Admission") and a set of five interrogatories ("Defendant's First Set of Interrogatories").  Certain of the interrogatories seek information gathered in the course of FIRREA investigations conducted by the RMBS Working Group, including requests that the government "[i]dentify each individual and entity interviewed" by the government in the course of any such investigations.  As a result, these interrogatories implicate issues raised in connection with S&P's motion to compel, which issues the United States anticipates will be addressed at the March 11, 2014 hearing.

### 5.   Depositions

On January 30, February 4, February 6, February 13, and February 14, 2014, the United States took depositions from five current S&P employees, all of whom worked as CDO analysts during the 2007 to 2008 time period.  In light of those depositions, the United States has advised S&P that at the present time it does not believe it will need to depose two other current S&P employees who were CDO analysts and had previously been identified by the United States as potential

deponents.  The United States and S&P are currently working to schedule the depositions of two former S&P employees who worked as CDO analysts during the 2007 to 2008 time period.   The United States anticipates noticing additional depositions of both third-party witnesses and additional current and former S&P employees.  As set forth in the Second Supplemental Rule 26(f) report at 26-27, the United States continues to believe that, assuming the availability of certain witnesses to testify at trial, it will require depositions of a total of approximately 40 witnesses.

## D.   PROPOSED DISCOVERY AND TRIAL SCHEDULE

The government continues to propose the following for the four specific dates required by the Court's Order Setting Scheduling Conference:

Discovery Cut-Off Date

| | |
|---|---|
| Non-Expert Discovery: | 8/25/2014 |
| Expert Discovery: | 11/3/2014 |
| Dispositive Motion Cut-Off Date: | 12/8/2014 |
| Final Pretrial Conference: | 4/27/2015 |
| Trial: | 5/19/2015 |

The government proposes these dates in conjunction with its more complete proposed schedule for proceedings in this case, which is attached as Exhibit 2. Given the substantial narrowing of the case that has already occurred, and the progress of non-expert discovery to date, the government believes this proposed schedule remains reasonable and appropriate.[4]

---

[4] S&P notes that it has "met with outright resistance from many subpoena recipients (including nearly every government agency)" in response to its efforts to obtain documents.  For the reasons set forth in its opposition to S&P's motion to compel, the government believes that this is due in many instances to overbroad requests by S&P for documents not relevant to issues properly posed by the Complaint in this case.  Resolution of the motion to compel (whichever way the court rules) will provide guidance on the proper scope of document requests that should speed subsequent efforts to obtain discovery.

## II.    S&P STATEMENT

### A.    PRELIMINARY STATEMENT

S&P is seeking discovery in earnest, but as a result of the unbridled scope of the Government's case, it has only begun to scratch the surface of the discovery that will be required for S&P to pursue its defenses.  S&P has served numerous document requests on the Government—many of which have been rebuffed and are now the subject of the pending motion to compel—and has issued 57 subpoenas to third parties under Rule 45.  S&P has attempted to work with those subpoenaed parties where possible to expedite document productions.  However, the experience thus far confirms S&P's prior predictions that the Government's case—encompassing 158 securities and 21 entities allegedly harmed—will require a minimum of two to three years of discovery.  And if such a mammoth case can be tried at all, it will require a minimum of four to five months.  *See* Second Supplemental Rule 26(f) Report, Dkt. No. 82.

S&P believes that the Court should limit this case to a manageable size at the outset, which would permit discovery to be completed in a reasonable time and allow for a fair and efficient trial.  S&P proposes as one potential alternative that the Government's proof be limited to the securities it identified in its November 18, 2013 supplement where Citigroup and its affiliates allegedly incurred losses. Such a case would narrow discovery and trial to 15 CDOs, which is far more manageable than the case involving 158-securities that the Government wishes to pursue, but would still cover some 30% of the total losses identified by the Government.  There are, of course, other ways to narrow the issues for trial, including by imposing similar limitations based upon a different subset of securities.  Following discovery and trial on this limited set of securities, the parties and this Court can revisit whether further proceedings regarding other securities is needed.  Even if they determine proceedings are necessary, those

proceedings would benefit from much of the work already done.

## B.   DISCOVERY STATUS UPDATE

S&P has undertaken extensive document discovery of the United States (including governmental agencies and institutions) as well as financial institutions and other third-party entities likely to have discoverable information.  S&P has issued 57 document subpoenas to non-parties pursuant to Federal Rule 45.  S&P has also recently served additional discovery requests upon the Government.

With respect to depositions, S&P has presented five current employees for depositions in New York, and additional individuals requested by the Government are now being prepared to appear for depositions.  S&P expects to take depositions of both the Government and non-party entities and will notice depositions of relevant witnesses promptly after receiving and reviewing responsive documents.

### 1.   Third Party Discovery by S&P

S&P has issued 57 document subpoenas pursuant to Federal Rule 45, including to

- all of the entities alleged to have suffered losses in the Government's November 18, 2013 supplemental disclosure;
- nearly all CDO and RMBS arrangers or underwriters and/ trustees relating to the more than 150 securities alleged to be at issue in this case;
- government institutions and agencies in possession of information relevant to the claim against S&P and S&P's defenses, including the National Credit Union Administration, the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency; the Open Market Committee, the Board of Governors of the Federal Reserve System and the Federal Reserve Bank of New York;
- former Government officials with information relevant to S&P's defenses, including former Secretary of the Treasury Timothy F. Geithner and New York Federal Reserve Bank official Terrence J. Checki;[5] and

---

[5] A complete list of the entities as to which S&P has issued Rule 45 subpoenas is attached as Exhibit 3.

S&P has received formal objections from nearly all of the subpoenaed parties that have responded to date, including the several government institutions and agencies listed above, and has engaged in nearly two dozen meet-and-confer sessions with attorneys for the various entities.[6]  S&P has recently received limited productions of documents from several of these entities.  S&P remains engaged in vigorous negotiations to obtain the requested materials from most of the subpoena recipients.

On March 3, 2014, non-party Timothy F. Geithner filed a Motion to Quash the Rule 45 subpoena S&P served on him.  His memorandum also supported the Government's request for a protective order relating to that subpoena.  We understand that non-parties Terrence J. Checki and the Federal Reserve Bank of New York ("FRBNY") will also file a Memorandum in support of the Government's request for a protective order related to subpoenas served on them.  S&P has no objection to these submissions being considered by the Court as part of the March 11, 2014 hearing.  Per agreement with the parties that S&P could respond to the submissions of the DOJ and Mr. Geithner on these issues, S&P intends to file a short brief in opposition to the submissions no later than March 7, 2014.  S&P has been informed by counsel for Messrs. Geithner, Checki and the FRBNY that they do not intend to file any replies.

S&P anticipates the need to file a motion to compel the production of documents from at least one non-party that has categorically refused to produce any material in response to its subpoena.  S&P has engaged in telephonic and

---

[6] Many of the subpoenaed entities have expressed resistance to S&P's requests, which have resulted in numerous rounds of discussions.  Some have made a good faith effort to respond, and still others have expressed that they intend to make a good faith effort to respond and search for documents.

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

written communications with counsel for the entity but has been unable to reach agreement, thus requiring motion practice.  S&P will file additional motions to compel against other recipients of S&P's Rule 45 subpoenas should further discussions with their counsel prove unproductive.  S&P believes that, for efficient and timely administration, such motions should be heard directly by this Court.

Once S&P has secured and reviewed the requested documents, it will proceed with depositions of third parties entities, Government entities, and individual officers and employees of those entities.

### 2.    Rule 34 Requests to the United States

On August 20, 2013, S&P served on the Government its first set of document requests, which set forth 53 categories of requested documents.  The vast majority of the Government's production to date consists of documents it received from third parties during its pre-Complaint investigation of S&P (including over 3 million documents received from at least 56 entities and individuals) and documents it obtained from third parties pursuant to Rule 45 subpoenas (including over 16,000 documents received from at least 24 entities). The Government has produced little in the way of its own documents.  S&P's pending motion to compel requests this Court's assistance in forcing the Government to produce a large volume of material currently being withheld.

On January 31, 2014, S&P served the Government with Defendants' second set of document requests, which set forth 36 additional requests for categories of documents narrowly tailored to S&P's First Amendment Retaliation defense.  The Government sought a protective order concerning many requests that are the subject of this second document request at the same time it filed its opposition to S&P's motion to compel.  *See* Dkt. 106 at 15.  The Government also served formal Responses and Objections to the requests on February 28, 2014, which effectively rejected, on grounds of relevance, burden and privilege, any obligation to produce

14

documents in response to the requests.  S&P expects to meet-and-confer with the Government concerning S&P's Second Document Requests following the March 11, 2014 hearing.

### 3.    Rule 36 Requests to the United States for Admission

On March 3, 2014 S&P served the Government with Defendants' First Request for Admissions under Federal Rule 36 ("S&P's First Request for Admission"), which set forth 14 requests relating to the relative ratings of S&P, Moody's and Fitch on more than 150 securities identified in the Government's November 18, 2013 supplemental disclosure.  On March 3, 2014, S&P also served the Government with Defendants' First Set of Interrogatories under Rule 33, which seek information provided to the Government by witnesses it interviewed about S&P and the securities identified by the Government in this case.

### 4.    S&P Depositions

The depositions of the financial institutions and regulators from which S&P seeks discovery must necessarily follow S&P's receipt and review of what it expects to be very significant document productions.  S&P will notice depositions of relevant witnesses promptly after receiving and reviewing responsive documents.  S&P expects to take depositions of the Government and many of the entities upon which it has issued Rule 45 subpoenas. *See* Exhibit 1, which lists the recipients of S&P's Rule 45 subpoenas.

S&P recently presented five current S&P employees for deposition. S&P is preparing additional individuals for deposition, as requested by the Government. S&P spent several weeks expediting its production of documents relevant to these witnesses so that the depositions could begin on time.

### C.    S&P's Proposal Regarding Case Structure and Timing

S&P's experience thus far confirms that the Government's proposed trial structure and timing—namely, a trial on more than 150 securities occurring in May

15

2015, little more than a year from now—is unrealistic.

First, although S&P has worked as expeditiously as possible to propound discovery, its efforts have been met with outright resistance from many subpoena recipients (including nearly every government agency) and requests for additional time to respond and produce materials from others.  For example, the Department of the Treasury has asserted that it will not permit the production of documents by former Treasury Secretary Timothy J. Geithner unless S&P satisfies various regulatory prerequisites, notwithstanding the fact that the United States (which includes the Department of Treasury) has already agreed to accept Rule 34 document requests related to former Secretary Geithner.  As noted, Mr. Geithner has also filed his own motion that will be argued before this Court, along with S&P's motion to compel, and the Government's cross-motion, on March 11, 2014. In addition, given  that the events at issue took place six to ten years ago and many entities originally at issue have merged with other entities, locating and producing responsive documents is particularly challenging and will require significant time. More meet and confers and potentially motion practice will be needed for recipients who have resisted production so far.

Second, once document production is complete, S&P will require significant time to take depositions—and there will be many.  Of the 158 securities at issue in this case, the Government has identified more than 100 CDOs, and S&P expects that it will need to depose a variety of individuals for *each CDO*.  CDO managers, arrangers, trustees, and purchasers are all reasonably likely to possess relevant information on a variety of topics that are central to S&P's defenses.  On the CDOs alone, the Government's preferred case may require upwards of  150 depositions on S&P's side—a number that is exclusive of required depositions of Government officials and entities which oversaw, and in many cases, criticized those who issued, arranged and purchased the securities at issue.  This includes Former

16

Treasury Secretary Tim Geithner, Terrence Checki, the Department of Justice, the Federal Reserve, the Securities and Exchange Commission, the Federal Deposit Insurance Corporation, the National Credit Union Administration, the Office of the Comptroller of the Currency, and the Federal Housing Finance Agency.  Such a case cannot be prepared in time for a May 2015 trial date.  In S&P's view, a trial of that nature could not reasonably occur until sometime in 2017, and should be no shorter than four months in duration.

As a result, S&P proposes instead that trial in this case be limited to some subset of the securities currently at issue.  Limiting trial to the CDOs in which Citigroup and its affiliates allegedly incurred losses, for example, would be more efficient, manageable, and fair than the case the Government proposes.  It would shrink the universe of relevant securities from 158 to 15.  Such a reframing would permit S&P to streamline its discovery requests and progress the case more quickly.  In that case, the number of third party documents at issue would be significantly reduced, along with the number of necessary depositions. Such an approach would also result in an earlier and more manageable trial.  The scope of such a narrowed case would still include a substantial portion of the universe of ratings and supposed losses that the Government is now proposing.

If the Court were to limit the scope of discovery and trial for an initial phase to a limited set of securities, such as to those that allegedly resulted in losses to Citigroup and its affiliates, S&P proposes the following dates, in conjunction with its more complete schedule, attached as Exhibit 4:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | 10/31/14 |
| Expert Discovery Cutoff: | 3/31/15 |
| Dispositive Motion Cutoff: | 4/23/15 |
| Final Pretrial Conference: | 10/7/15 |
| Trial | 11/9/2015 |

17

## III.   CONCLUSION

Counsel for plaintiff and defendants jointly submit this status update.  The joint submission should not be taken as reflecting agreement with respect to any position identified as being that of an individual party.

Dated:     March 4, 2014                        KEKER & VAN NEST LLP


                                                By:  /s/ John W. Keker
                                                      John W.  Keker


Dated:     March 4, 2014                        Respectfully Submitted,

STUART F. DELERY                                ANDRE BIROTTE JR.
Acting Assistant Attorney General              United States Attorney
United States Department of Justice
Civil Division
MAAME EWUSI-MENSAH
FRIMPONG
Deputy Assistant Attorney General              /s/George S. Cardona/
MICHAEL S. BLUME                                GEORGE S. CARDONA
Director, Consumer Protection Branch           LEON W. WEIDMAN
ARTHUR R. GOLDBERG                              ANOIEL KHORSHID
Assistant Director, Fed. Prog. Branch          RICHARD E. ROBINSON
JAMES T. NELSON                                Assistant United States Attorneys
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS
THOMAS D. ZIMPLEMAN
Trial Attorneys, Civil Division

806350.02

**Exhibit 1: Documents Produced Responsive to S&P's First Request**

| Date | Documents |
|---|---|
| April 26 & May 8, 2013 | Transcripts and exhibits for sworn testimony taken by DOJ attorneys in the course of the FIRREA investigation of S&P (with text files & videos where available) |
| September 23, 2013 | Rule 45 Subpoena Documents |
| October 8, 2013 | Rule 45 Subpoena Documents |
| October 11, 2013 | (a)  Rule 45 Subpoena Documents<br><br>(b)  Additional videos of sworn testimony taken by DOJ attorneys from two witnesses in the course of the FIRREA investigation of S&P<br><br>(c)  Hard drive with documents obtained in the course of the FIRREA investigation of S&P from 8 entities and one individual |
| October 21, 2013 | Rule 45 Subpoena Documents |
| October 24, 2013 | Rule 45 Subpoena Documents |
| October 25, 2013 | (a)  Transcripts and exhibits obtained by DOJ from the SEC in the course of the FIRREA investigation of S&P (with videos where available)<br><br>(b)  Discs containing wave files obtained in the course of the FIRREA investigation of S&P from one entity |
| October 30, 2013 | (a)  Hard drive with documents obtained in the course of the FIRREA investigation of S&P from 5 entities and 12 individuals<br><br>(b)  Discs containing replacement materials for possibly corrupted materials in October 11 production<br><br>(c)  Hardcopies of certain FIRREA subpoenas issued to and correspondence with two entities in the course of the FIRREA investigation of S&P |
| November 7, 2013 | Rule 45 Subpoena documents |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02

| | |
|---|---|
| November 18, 2013 | (a) Links to certain materials publicly available on federal government agency and entity websites<br><br>(b) Hardcopies of certain materials obtained from DOJ, FBI, and NARA |
| November 18, 2013 | (a) Two hard drives containing documents obtained by DOJ from the SEC in the course of the FIRREA investigation of S&P<br><br>(b) Two hard drives with documents obtained in the course of the FIRREA investigation of S&P from 10 entities<br><br>(c) Discs containing documents obtained in the course of the FIRREA investigation of S&P from two entities<br><br>(d) Discs containing replacement materials for possibly corrupted materials in October 30 production |
| November 22, 2013 | (a) Rule 45 Subpoena documents<br><br>(b) Hard drive with documents obtained in the course of the FIRREA investigation of S&P from one entity<br><br>(c) DVD with communications with Rule 45 Subpoena recipients |
| December 18, 2013 | Rule 45 Subpoena documents |
| December 23, 2013 | Hard drive with documents obtained in the course of the FIRREA investigation of S&P from 4 entities and 5 individuals |
| January 16, 2014 | (a) Rule 45 Subpoena documents – Bates numbered versions of documents previously produced without Bates numbers<br><br>(b) Hard drive with documents obtained in the course of the FIRREA investigation of S&P from 12 entities<br><br>(c) CD with communications with Rule 45 Subpoena recipients |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02

**Exhibit 2: DOJ Proposed Discovery and Trial Schedule**

| Event | Proposed Date |
|---|---|
| Complaint Filed **[Actual]** | 2/4/2013 |
| Complaint Served **[Actual]** | 2/13/2013 |
| Defendants' Notice of Appearance **[Actual]** | 2/20/2013 |
| S&P Motion to Dismiss Complaint **[Actual]** | 4/22/2013 |
| Rule 26(f) Conferences **[Actual]** | 4/25/2013, 5/22/2013, 6/3/2013, 6/17/2013, 7/22/2013, 7/24/2013, 7/25/2013, 7/26/2013, 11/22/2013 |
| US Response to Motion to Dismiss **[Actual]** | 5/20/2013 |
| S&P Reply re Motion to Dismiss **[Actual]** | 6/3/2013 |
| Rule 26(f) Report **[Actual]** | 6/24/2013 |
| Hearing on Motion to Dismiss **[Actual]** | 7/8/2013 |
| Scheduling Conference **[Actual]** | 7/8/2013 |
| Order Denying Motion to Dismiss **[Actual]** | 7/16/2013 |
| Supplemental Rule 26(f) Report **[Actual]** | 7/26/2013 |
| Scheduling Conference **[Actual]** | 7/29/2013 |
| Initial Scheduling Order **[Actual]** | 8/2/2013 |
| S&P Corrected Answer to Complaint **[Actual]** | 9/3/2013 |
| Initial Discovery Period **[Actual]** | through 11/18/2013 |
| S&P and US Status Updates re Initial Discovery  **[Actual]** | 10/14/2013 |
| US Supplemental Rule 26(e) Disclosure **[Actual]** | 11/18/2013 |
| Second Supplemental Rule 26(f) Report **[Actual]** | 12/2/2013 |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02

| | |
|---|---|
| Scheduling Conference [**Actual**] | 12/12/2013 |
| Joint Discovery Status Update [**Actual**] | 1/15/2014 |
| S&P Motion to Compel [**Actual**] | 1/20/2014 |
| US Response to Motion to Compel & Cross-Motion for Protective Order and To Strike [**Actual**] | 2/17/2014 |
| S&P Reply re Motion to Compel & Opposition to Cross-Motion for Protective Order and To Strike [**Actual**] | 2/24/2014 |
| US Reply re Cross-Motion for Protective Order and To Strike [**Actual**] | 3/3/2014 |
| Third Supplemental Rule 26(f) Report [**Actual**] | 3/4/2014 |
| Hearing on Motion to Compel | 3/11/2014 |
| Non-Expert Discovery Cutoff | 8/25/2014 |
| Expert Witness Disclosure | 9/15/2014 |
| Rebuttal Expert Witness Disclosure | 10/20/2014 |
| Expert Discovery Cutoff | 11/3/2014 |
| Dispositive Motions | 12/8/2014 |
| Responses to Dispositive Motions | 1/12/2015 |
| Replies on Dispositive Motions | 1/26/2015 |
| Last Day for Hearing Dispositive Motions | 2/16/2015 |
| Meeting of Counsel Before Final Pretrial Conference; Last Day to Conduct Settlement Conference | 3/16/2015 |
| Lodge Pretrial Conference Order; File Exhibit and Witness Lists; File Memorandum of Contentions of Fact and Law; File Status Report re Settlement; File Agreed-On Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Jury Instructions | 4/6/2015 |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02

| and Verdict Forms; File Motions in Limine | |
|---|---|
| Responses to Motions in Limine | 4/20/2015 |
| Final Pretrial Conference; Proposed Voir Dire Questions lodged; Agreed-to Statement of Case filed; Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 4/27/2015 |
| Trial Date | 5/19/2015 |

23

**Exhibit 3: Third Parties upon Which S&P Has Issued Rule 45 Subpoenas[7]**

| | |
|---|---|
| 1. | Alloya Corporate Federal Credit Union, as successor to Members United Corporate Federal Credit Union |
| 2. | Ally Financial Inc., as successor to GMAC RFC Securities, Inc. |
| 3. | Bank of America Corporation |
| 4. | Bank of America, N.A. |
| 5. | Bank of the West |
| 6. | Barclays Capital Inc. |
| 7. | BNP Paribas |
| 8. | Board of Governors of the Federal Reserve System |
| 9. | Catalyst Corporate Federal Credit Union, as successor to Southwest Corporate Federal Credit Union |
| 10. | Catalyst Corporate Federal Credit Union, as successor to Western Bridge Corporate Federal Credit Union |
| 11. | Citibank, N.A. |
| 12. | Citigroup Global Markets, Inc. |
| 13. | Credit Suisse Securities (USA) LLC |
| 14. | Deutsche Bank National Trust Company |
| 15. | Deutsche Bank Securities Inc. |
| 16. | Deutsche Bank Trust Company Americas |
| 17. | E*Trade Financial Corp. |
| 18. | E*Trade Securities LLC |
| 19. | Federal Deposit Insurance Corporation |
| 20. | Federal Home Loan Bank of Atlanta |
| 21. | Federal Home Loan Bank of Chicago |
| 22. | Federal Home Loan Bank of Seattle |
| 23. | Federal Open Market Committee |
| 24. | Federal Reserve Bank of New York |
| 25. | First Midwest Bank |
| 26. | Goldman Sachs & Co. |
| 27. | HSBC Bank USA, National Association |
| 28. | Institutional Financial Markets, Inc., as successor to Cohen & Company Securities, LLC |
| 29. | J.P. Morgan Securities LLC |

---

[7] S&P also has submitted a formal administrative request for documents from the Federal Housing Finance Agency.

24

806350.02

| 30. | James W. Giddens, as Trustee for the Liquidation of the Business of Lehman Brothers Inc. |
|---|---|
| 31. | JP Morgan Chase & Co., as successor to Bear Stearns & Co., Inc. and WaMu Capital Corp. |
| 32. | M&T Bank Corp. |
| 33. | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 34. | Mizuho Securities USA Inc. |
| 35. | Modern Woodmen of America |
| 36. | Morgan Stanley & Co. LLC |
| 37. | Morgan Stanley Mortgage Capital Holdings LLC |
| 38. | National Credit Union Administration |
| 39. | National Credit Union Administration, as liquidator, conservator and/or custodian of records for Members United Corporate Federal Credit Union |
| 40. | National Credit Union Administration, as liquidator, conservator and/or custodian of records for Southwest Corporate Federal Credit Union |
| 41. | National Credit Union Administration, as liquidator, conservator and/or custodian of records for U.S. Central Federal Credit Union |
| 42. | National Credit Union Administration, as liquidator, conservator and/or custodian of records for Western Corporate Federal Credit Union |
| 43. | Office of the Comptroller of the Currency |
| 44. | Rabobank Nederland |
| 45. | RBS Securities, Inc. |
| 46. | State Street Bank and Trust Company |
| 47. | Suntrust Banks, Inc. |
| 48. | Terrence J. Checki |
| 49. | The Bank of New York Mellon Corporation |
| 50. | The Bank of New York Mellon Trust Company, National Association |
| 51. | Timothy F. Geithner |
| 52. | U.S. Bank National Association |
| 53. | UBS AG |
| 54. | UBS Securities LLC |
| 55. | Wells Fargo Bank, National Association |
| 56. | Wells Fargo Securities LLC, as successor to Wachovia Capital Markets, LLC |
| 57. | Western Alliance Bank |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02

## Exhibit 4: S&P PROPOSED SCHEDULE FOR DISCOVERY AND TRIAL ON LIMITED SET OF SECURITIES

| Event | Proposed Date |
|-------|---------------|
| Scheduling Conference (to set Discovery Cutoff, Discovery Motion, Dispositive Motion, Pretrial Conference, and Trial dates) | 12/12/2013 |
| S&P Motion to Compel | 1/20/2014 |
| U.S. Response to Motion to Compel | 2/17/2014 |
| S&P Reply re Motion to Compel | 2/24/2014 |
| Hearing on Motion to Compel | 3/11/14 |
| Non-Expert Discovery Cutoff | 10/31/2014 |
| Expert Witness Disclosure | 12/17/2014 |
| Rebuttal Expert Witness Disclosure | 2/12/2015 |
| Expert Discovery Cutoff | 3/31/2015 |
| Dispositive Motions | 4/23/2015 |
| Responses to Dispositive Motions | 5/28/2015 |
| Replies on Dispositive Motions | 6/25/2015 |
| Last Day for Hearing Dispositive Motions | 8/25/2015 |
| Meeting of Counsel Before Final Pretrial Conference; Last Day to Conduct Settlement Conference | 8/28/2015 |
| Memorandum of Contentions of Facts and Law; Witness Lists; Joint Exhibit List; Motions in Limine | 9/16/2015 |
| Responses to Motions in Limine | 9/24/2015 |
| Lodge Final Pretrial Conference Order | 9/25/2015 |
| Final Pretrial Conference | 10/7/2015 |
| Trial Briefs | 11/2/2015 |
| Trial Date | 11/9/2015 |

PARTIES' JOINT DISCOVERY STATUS AND SCHEDULING UPDATE

CASE NO.  CV13-779 DOC (JCGx)

806350.02