DANIEL MURPHY (SBN 141006)
Email:  dmurphy@loeb.com
AURELE A. DANOFF (SBN 253043)
Email:  adanoff@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

SHARI D. LEVENTHAL (*pro hac vice* to be filed)
Email: shari.leventhal@ny.frb.org
DAVID G. SEWELL (*pro hac vice* to be filed)
Email:  david.sewell@ny.frb.org
Federal Reserve Bank of New York
33 Liberty Street
New York, NY  10045
Telephone: 212.720.5344
Facsimile: 212.720.8709

Attorneys for Non-Parties
Federal Reserve Bank of New York
and Terrence J. Checki

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MCGRAW HILL COMPANIES, INC. and STANDARD AND POOR'S FINANCIAL SERVICES LLC, <br><br> Defendants. | Case No.: 2:13-cv-00779-DOC (JCGx) <br><br> Assigned to Hon. David O. Carter <br><br> Date:  March 11, 2014 <br> Time:  7:30 a.m. <br> Ctrm:  9D <br><br> **MEMORANDUM OF NON-PARTIES FEDERAL RESERVE BANK OF NEW YORK AND TERRENCE J. CHECKI IN SUPPORT OF UNITED STATES' MOTION TO QUASH AND CROSS-MOTION FOR PROTECTIVE ORDER** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2351542.1
666666-66666

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO QUASH

Non-parties Federal Reserve Bank of New York (the "New York Fed") and Terrence J. Checki, Executive Vice President of the New York Fed, respectfully submit this memorandum in support of the United States' motion to quash and cross-motion for protective order insofar as they concern the Rule 45 subpoena served on Mr. Checki on February 11, 2014 (the "Checki Subpoena"). See Pl.s' Opp'n and Cross-Motion [Dkt. No. 106] at 14-15. The New York Fed and Mr. Checki hereby adopt and incorporate by reference the arguments made by the United States and submit this memorandum to underscore three points that are of particular relevance to Mr. Checki.[1]

***First***, the sole basis for the Checki Subpoena is a series of August 2011 telephone calls between then-Secretary of the Treasury Timothy Geithner and Mr. Checki, and later between Mr. Checki and Harold McGraw III. S&P contends that Mr. Checki made statements during his conversation with Mr. McGraw that would support its affirmative defense of retaliation. But this supposition is unsupported even by Mr. McGraw's sworn statement recounting the conversation. *See* Aff. of Harold McGraw III, attached as Exhibit O to the Abrams Declaration in support of Defs.' Mot. to Compel [Dkt. No. 100].

According to Mr. McGraw's account, which of course is hearsay, Mr. Checki called to relay a message from Secretary Geithner: that the Secretary was "very angry" about the downgrade, "viewed S&P's processes as flawed," and thought Mr. McGraw should have called him in advance of going public with the ratings action. It does not, however, say that Mr. Checki threatened a lawsuit or other official action against the ratings agency. Without more, the fact that Mr. Checki and Mr. McGraw had a conversation in August 2011 is hardly a basis for taking the extensive discovery S&P is requesting.

---

[1] The New York Fed and Mr. Checki reserve all rights to file an additional motion to quash, if necessary, to raise any arguments not presented in the United States' motion to quash and cross-motion for protective order.

***Second***, as the United States argues persuasively, by regulation the authority to initiate suit under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") rests exclusively with the Assistant Attorney General for the Department of Justice's Civil Division.  Mr. Checki is an executive of the New York Fed, which is not an agency of the federal government, let alone a part of the Justice Department.  Thus, he could not, and did not, play any role in the decision to sue S&P.

The relevance of the proposed discovery, then, rests on the slenderest of reeds:  that the telephone calls and the downgrade all occurred in August 2011.  Yet the Department of Justice brought suit a full ***17 months after that date***, following an investigation that started ***20 months before***.  Thus, the timing of the calls does not justify the proposed discovery.

***Third***, as former Secretary of the Treasury Timothy Geithner explains with respect to the companion subpoena issued to him, there is a strong presumption against taking discovery of high-ranking public officials absent a showing that the requesting party exhausted other alternatives and made efforts to limit the burden.  *United States v. Morgan*, 313 U.S. 409, 422 (1941); *see also Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049–50 (E.D. Cal. 2010) (subpoena quashed where plaintiff failed to establish "extraordinary circumstances"); *Coleman v. Schwarzenegger*, Nos. S-90-0520, C01-1351, 2008 WL 4300437, at *4 (E.D. Cal. Sept. 15, 2008) (same).

Mr. Checki is among the most senior officials within the New York Fed, a longstanding member of its Management Committee, and a key adviser to the New York Fed's President, a permanent member of the Federal Open Market Committee.  The protections of *Morgan* and its progeny should apply to him.  Accordingly, S&P must demonstrate both that the information sought cannot be obtained from other sources, and that it has taken steps to reduce the burdensomeness of the proposed discovery.  It has done neither.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2351542.1
666666-66666

3

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO QUASH

S&P claims to need discovery from Mr. Checki because he alone can describe what occurred during his calls with Secretary Geithner and Mr. McGraw. That may be true, but it matters only if those calls relate in some way to the affirmative defense of retaliation. The evidence S&P puts forward on relevance is Mr. McGraw's affidavit, which says simply that Mr. Checki relayed to him Secretary Geithner's dismay about the downgrade and disappointment in the methodology S&P used. It does not say that Mr. Checki played any role in the United States' decision to bring this allegedly retaliatory lawsuit. Information about that decision necessarily must be available from other sources – ***the sources that actually were involved in the decision***. S&P should seek discovery from those sources.

Furthermore, the Checki Subpoena includes 21 separate requests seeking a multitude of documents that could (but likely do not) relate to the August 2011 telephone calls in question. Searching for, reviewing, and producing responsive records would involve a substantial expenditure of time and effort. Balanced against the burdensomeness of this request, S&P offers only its unsupported speculation that Mr. Checki's telephone calls are relevant to its case.

On these facts, permitting the proposed discovery would turn the Federal Rules on their head. Rule 45 provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And Rule 26 states that a court must limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Checki Subpoena imposes a significant burden and expense in search of evidence that is, at best, of speculative and marginal relevance to this case.

///
///
///
///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2351542.1
666666-66666

4

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO QUASH

1  Accordingly, the Court should quash the Checki Subpoena. If the Court
2 permits discovery regarding Mr. Checki, however, it should require S&P, first, to
3 demonstrate that the information sought is not available from other sources; and,
4 second, to narrow its requests to limit the burden they impose.

6 Dated: March 4, 2014          Respectfully submitted,

7                                LOEB & LOEB LLP

9                                By:   */s/ Daniel G. Murphy*
10                                     Daniel G. Murphy
                                       Aurele A. Danoff
11                                     Shari D. Leventhal
                                       David G. Sewell

12                                     *Attorneys for Non-Parties*
13                                     *Federal Reserve Bank of New York and Terrence J. Checki*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2351542.1
666666-66666

5

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO QUASH