STUART DELERY
Assistant Attorney General
JONATHAN OLIN
ARTHUR R. GOLDBERG
MICHAEL S. BLUME
JAMES T. NELSON
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
   P.O. Box 261, Ben Franklin Station
   Washington, D.C. 20044
   Telephone: (202) 616-2376
   Facsimile: (202) 514-8742
   Email: James.Nelson2@usdoj.gov

STEPHANIE YONEKURA
Acting United States Attorney
GEORGE S. CARDONA (CA Bar No. 135439)
LEON W. WEIDMAN (CA Bar No. 104078)
ANOIEL KHORSHID (CA Bar No. 223912)
RICHARD E. ROBINSON (CA Bar No. 090840)
Assistant United States Attorneys
   Room 7516 Federal Building
   300 N. Los Angeles St.
   Los Angeles, California 90012
   Telephone: (213) 894-8323/6086
   Facsimile: (213) 894-7819 [Main]
   Email: George.S.Cardona@usdoj.gov / Anoiel.Khorshid@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>MCGRAW-HILL COMPANIES, INC.,<br>and STANDARD & POOR'S<br>FINANCIAL SERVICES LLC,<br><br>           Defendants. | No. 13-CV-00779-DOC (JCGx)<br><br><u>DECLARATION OF JAMES T. NELSON</u><br> [ACCOMPANYING EXHIBITS 1-25<br>FILED *IN CAMERA* AND UNDER<br><u>SEAL UNDER SEPARATE COVER]</u><br><br>Hearing:<br>   Date: Sept. 9, 2014<br>   Time: 3:00 p.m.<br>   Courtroom: 9D<br>Hon. David O. Carter. |

## DECLARATION OF JAMES T. NELSON

I, James T. Nelson, hereby declare as follows:

1. I am a Trial Attorney in the Consumer Protection Branch, a branch within the Civil Division, United States Department of Justice (the "Civil Division"). In that position, I currently serve as one of the lead attorneys for the United States in this matter. This declaration is based on my personal knowledge and information provided to me in the course of my employment with the Consumer Protection Branch.

2. This declaration relates to documents designated Confidential Information by the United States pursuant to the Revised Protective Order in place in this case. Those documents, certain of which contain redactions that are discussed below, were produced to the defendants in this case on or about July 5, 2014, and July 26, 2014, under cover of letters that are attached to the Declaration of Floyd Abrams as Exhibits B-1 and B-3. In relation to these documents, the government also produced to defendants on July 26, 2014 two privilege logs that are attached to the Declaration of Floyd Abrams as Exhibits C-1 and C-3. The privilege log for Department of Justice documents (Exhibit C-1 to the Declaration of Floyd Abrams) identified on a document by document basis (a) five (5) documents that were being withheld as work product; and (b) the basis for the redactions within the produced documents. The withheld documents and redacted information are a subject of defendants' pending motion to compel. The purpose of this declaration is to describe in more detail my review of the Department of Justice documents, the basis for withholding the

five (5) documents as work product, and the basis for the redactions of information from the produced documents as work product and/or non-responsive.

3. In response to this Court's April 15, 2014 order (the "Discovery Order") granting in part defendants' motion to compel the production of documents in response to certain discovery requests (the "First Amendment Requests") relating to S&P's asserted defense that the United States is selectively prosecuting S&P based on its exercise of First Amendment rights, I reviewed a large volume of email and other documents to and from attorneys in the Civil Division who were assigned to the United States' FIRREA investigation of S&P, as well as email messages to and from Department of Justice leadership offices, including the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, and the Office of the Assistant Attorney General for the Civil Division.  I reviewed these documents to identify documents containing information responsive to the First Amendment Requests.  In making this determination, I attempted to err on the side of inclusion, that is, to err on the side of identifying documents as containing responsive information.  In the course of reviewing those documents, I identified the following five categories of documents:

   a. documents that contained no information responsive to the First Amendment Requests (these documents were not produced to defendants and are not referenced in the privilege logs);

      b. five documents that contained information responsive to the First Amendment Requests but constituted opinion work product in their entirety (these five documents were not produced to defendants, are identified in the privilege log as being withheld because they contain work product, and, as detailed in paragraph 5 below, are being submitted under separate cover to the Court for *in camera* review and a determination as to whether production of some responsive portion of these documents to defendants is required);

      c. fifteen documents that comprised copies of, and various stages of, a single series of emails, that contained some information responsive to the First Amendment Requests that was opinion work product and was redacted and some non-responsive information that was not work product that was also redacted (these 15 documents were produced to defendants in redacted form, with the redactions identified in the privilege log as being for work product and/or non-responsive information, and, as detailed in paragraph 4.b below, are being submitted under separate cover to the Court for *in camera* review and a determination as to whether production of any of the redacted portions of these documents to defendants is required);

      d. eighty-five documents that contained some information responsive to the First Amendment Requests but also other information not responsive to the First Amendment Requests, which non-responsive information was in some instances also attorney work product or personal private information (these documents were produced with the non-responsive information redacted, with the redactions identified in the

DECLARATION OF JAMES T. NELSON - 4

privilege logs as being for non-responsive information and, where appropriate, for work product and/or personal private information as well);[1] and,

    e. 537 documents that contained information responsive to the First Amendment Requests and were produced to defendants in their entirety without any redactions.[2]

4. The 100 documents (15 from category 3.c above, plus 85 from category 3.d above) that were partially redacted prior to their production to defendants contain a large volume of duplicative information, and comprise two general categories:

    a. The first category of documents (42 out of the 100) consists of emails forwarding various versions of draft question-and-answer and frequently asked question materials about the United States' FIRREA complaint against the defendants, prepared by attorneys from the Civil Division of the Department of Justice and the United States Attorney's Office for the Central District of California for the benefit of senior leaders speaking at a press conference announcing the filing of

---

[1] Due to an oversight, two documents that were produced to defendants without redaction were erroneously listed on the United States' privilege log. The Bates ranges of these two documents are: S&P-DOJ-EM-00055329 – S&P-DOJ-EM-00055330; and S&P-DOJ-EM-00055332. In addition to the documents in the five categories above, my review of DOJ documents included a review of certain documents noted in the United States' earlier status report (Dkt. 251), namely, multiple copies of one email, reproduced in several email chains, that was potentially responsive to S&P's document requests, but related to communications to, from, or within the Executive Office of the President. These documents were not produced to defendants, are not referenced in the privilege logs, and are not further discussed in this declaration.

[2] See note 1 above.

this lawsuit. One question and answer from certain versions of the draft document asked whether the lawsuit was related to S&P's downgrade of the United States' credit rating in August 2011. A second question and answer from certain versions of the draft document asked whether the government was planning to file lawsuits against Moody's and Fitch as well as S&P. These two questions and answers were produced without redaction. The redactions concern anticipated questions and answers and other content non-responsive to the First Amendment Requests and unrelated to defendants' asserted affirmative defense. In certain instances, the redacted non-responsive information also constitutes work product or personal private information. Defendants attached to the Abrams Declaration an example of the frequently asked questions as Exhibit A-3, which bears Bates range S&P-DOJ-EM-00000001 - S&P-DOJ-EM-00000011, and an example of the question-and-answer as A-12, which bears Bates range S&P-DOJ-EM-00053827 - S&P-DOJ-EM-00053844. Copies of both of these documents, with the redactions highlighted but transparent, are being submitted to the Court *in camera* under separate cover as Exhibits 1 and 2 for the Court's review.

 b. The second category of documents (58 out of 100) consists of emails between attorneys at the Department of Justice forwarding and in certain instances commenting on news articles that reference S&P's April 2011 decision to place the United States on credit watch and/or its August 2011 decision to downgrade the credit rating of the United States, as well as a few emails commenting directly on one of these events. Portions of these email exchanges were redacted because they were not

responsive to the First Amendment Requests and instead involved topics that were not related to defendants' asserted affirmative defense.  Exhibit A-8 to the Abrams Declaration (which bears Bates range S&P-DOJ-EM-00000751), Exhibit A-10 to the Abrams Declaration (which bears Bates range S&P-DOJ-EM-00000147 - S&P-DOJ-EM-00000148), and Exhibit A-11 to the Abrams Declaration (which bears Bates range S&P-DOJ-EM-00000630 - S&P-DOJ-EM-00000633), are examples of the United States' redaction of non-responsive material.  Copies of these three documents, with the redactions highlighted but transparent, are being submitted to the Court *in camera* under separate cover as Exhibits 3, 4, and 5 for the Court's review.  In addition, as described in Paragraph 3.c. above, in one email chain, both non-responsive material and opinion work product responsive to defendants' requests (but not supportive of their asserted affirmative defense), were redacted.  Exhibit A-2 to the Abrams Declaration, which bears Bates range S&P-DOJ-EM-00039562 - S&P-DOJ-EM-00039566, is an example of this, and contains all of the content contained in the other fourteen (14) versions of the email chain.[3]  (The portion of the email chain earlier in time than the email circulating the news article is redacted as non-responsive,

---

[3] The Bates ranges for the other 14 versions of the email chain are as follows: S&P-DOJ-EM-00039209 - S&P-DOJ-EM-00039212; S&P-DOJ-EM-00039213 - S&P-DOJ-EM-00039217; S&P-DOJ-EM-00039218 - S&P-DOJ-EM-00039221; S&P-DOJ-EM-00039222 - S&P-DOJ-EM-00039226; S&P-DOJ-EM-00039227 - S&P-DOJ-EM-00039231; S&P-DOJ-EM-00039527 - S&P-DOJ-EM-00039531; S&P-DOJ-EM-00039532 - S&P-DOJ-EM-00039536; S&P-DOJ-EM-00039537 - S&P-DOJ-EM-00039540; S&P-DOJ-EM-00039553 - S&P-DOJ-EM-00039556; S&P-DOJ-EM-00039557 - S&P-DOJ-EM-00039561; S&P-DOJ-EM-00039567 - S&P-DOJ-EM-00039570; S&P-DOJ-EM-00039571 - S&P-DOJ-EM-00039575; S&P-DOJ-EM-00039576 - S&P-DOJ-EM-00039580; and S&P-DOJ-EM-00039581 - S&P-DOJ-EM-00039584.

while the other portions of the email are redacted as opinion work product.)  A copy of this exhibit, and copies of each of the other fourteen (14) versions of this document in which responsive opinion work product as well as other non-responsive information was redacted, with the redactions highlighted but transparent,[4] are being submitted to the Court *in camera* under separate cover as Exhibits 6 through 20 for the Court's review.

    5. The five documents that were withheld in their entirety can be described in two general categories:

        a. The first category consists of three documents: a memorandum of interview for a witness interview during the pre-Complaint investigation of S&P, rough notes from this interview, and an attorney outline of questions for this witness interview.  A consultant for S&P had previously prepared a document that briefly discussed S&P's downgrade of the United States' credit rating.  This document, as well as the downgrade itself, is referenced in all three documents.  These three documents contain factual information gathered by attorneys from the Department of Justice during the pre-complaint investigation in this case as well as the mental impressions of counsel.  As such they constitute opinion work product.  While these documents are responsive to defendants' document requests, they are not relevant to defendants' asserted affirmative defense.  The memorandum of interview, which bears Bates range S&P-DOJ-EM-00055245 - S&P-DOJ-EM-00055260, as well as the draft notes of interview, which bear Bates range S&P-DOJ-EM-00055261 - S&P-DOJ-EM-

---

[4] Certain non-substantive email addressing information remains redacted.

00055276, and the attorney outline for the interview, which bears Bates range S&P-DOJ-EM-00055277 - S&P-DOJ-EM-00055299, are being submitted to the Court *in camera* under separate cover as Exhibits 21, 22, and 23 for the Court's review.

     b. The second category consists of two documents: one email attaching comments by a Department of Justice attorney on a draft legal filing in this action, and the attached comments. As with the three documents described in Paragraph 5.a above, these two documents reveal the mental impressions of counsel and so were withheld as opinion work product. As with the three documents described in Paragraph 5.a above, these two documents, while responsive to defendants' requests, are not relevant to defendants' asserted affirmative defense. Unredacted copies of these two documents, bearing Bates ranges S&P-DOJ-EM-00055300 (email); and S&P-DOJ-EM-00055301 - S&P-DOJ-EM-00055302 (attachment), are being submitted to the Court *in camera* under separate cover as Exhibits 24 and 25 for the Court's review.

    6.  As noted in Paragraph 3.e above, 537 documents containing responsive information were produced to defendants without any redactions. Exhibit A-7 to the Abrams Declaration, which bears Bates number S&P-DOJ-EM-00000667, is an example of a DOJ email that was produced to defendants in its entirety and without redaction.

///
///
///
///
///

1  I declare under penalty of perjury that the foregoing is
2 true and correct. Executed this 25th day of August, 2014, in
3 Washington, D.C.

                                                                            _____//s//_____
                                                                            JAMES T. NELSON