STUART DELERY
Assistant Attorney General
JONATHAN OLIN
ARTHUR R. GOLDBERG
MICHAEL S. BLUME
JAMES T. NELSON
BRADLEY COHEN
JENNIE KNEEDLER
SONDRA L. MILLS (CA Bar No. 090723)
THOMAS D. ZIMPLEMAN
United States Department of Justice, Civil Division
   P.O. Box 261, Ben Franklin Station
   Washington, D.C. 20044
   Telephone: (202) 616-2376
   Facsimile: (202) 514-8742
   Email: James.Nelson2@usdoj.gov

STEPHANIE YONEKURA
Acting United States Attorney
GEORGE S. CARDONA (CA Bar No. 135439)
LEON W. WEIDMAN (CA Bar No. 104078)
ANOIEL KHORSHID (CA Bar No. 223912)
Assistant United States Attorneys
   Room 7516 Federal Building
   300 N. Los Angeles St.
   Los Angeles, California 90012
   Telephone: (213) 894-8323/6086
   Facsimile: (213) 894-7819 [Main]
   Email: George.S.Cardona@usdoj.gov / Anoiel.Khorshid@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-CV-00779-DOC (JCGx) |
| Plaintiff, | DECLARATION OF ANOIEL KHORSHID [ACCOMPANYING EXHIBITS 26-31 FILED *IN CAMERA* AND UNDER SEAL UNDER SEPARATE COVER] |
| v. | |
| MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC, | Hearing:<br>  Date: Sept. 9, 2014<br>  Time: 3:00 p.m.<br>  Courtroom: 9D |
| Defendants. | Hon. David O. Carter. |

DECLARATION OF ANOIEL KHORSHID - 1

**DECLARATION OF ANOIEL KHORSHID**

I, Anoiel Khorshid, hereby declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. In that position, I currently serve as one of the lead attorneys for the United States in this matter. This declaration is based on my personal knowledge and information provided to me in the course of my employment with the United States Attorney's Office for the Central District of California.

2. This declaration relates to documents designated Confidential Information by the United States pursuant to the Revised Protective Order in place in this case. Those documents, certain of which contain redactions that are discussed below, were produced to the defendants in this case on or about July 5, 2014, and July 26, 2014, under cover of letters that are attached to the Declaration of Floyd Abrams as Exhibits B-1 and B-3. In relation to these documents, the government also produced to defendants on July 26, 2014 two privilege logs that are attached to the Declaration of Floyd Abrams as Exhibits C-1 and C-3. The privilege log for documents from the United States Attorney's Office for the Central District of California (Exhibit C-3 to the Declaration of Floyd Abrams) identified on a document-by-document basis the basis for the redactions within the produced documents. These redactions are a subject of defendants' pending motion to compel. The purpose of this declaration is to describe in more detail my review of the documents from the United States Attorney's Office for the Central District of California and the basis for the redactions

of information from the produced documents as work product and/or non-responsive.

3. In response to this Court's April 15, 2014 order (the "Discovery Order") granting in part defendants' motion to compel the production of documents in response to certain discovery requests (the "First Amendment Requests") relating to S&P's asserted defense that the United States is selectively prosecuting S&P based on its exercise of First Amendment rights, I reviewed a large volume of email and other documents to and from the leadership of the United States Attorney's Office for the Central District of California as well as emails to and from Assistant United States Attorneys in the United States Attorney's Office who were assigned to the United States' FIRREA investigation of defendants. I reviewed these documents to identify documents containing information responsive to the First Amendment Requests. In making this determination, I attempted to err on the side of inclusion, that is, to err on the side of identifying documents as containing responsive information. In the course of reviewing those documents, I identified four categories of documents:

  a. documents that contained no information responsive to the First Amendment Requests (these documents were not produced to defendants and are not referenced in the privilege log);

  b. four (4) documents, each of which is a copy of the same email, that contained some information responsive to the First Amendment Requests that was opinion work product and was redacted (these four documents were produced to defendants

in redacted form, with the redactions identified in the privilege log as being for work product, and, as detailed in paragraph 4.b below, are being submitted under separate cover to the Court for *in camera* review and a determination as to whether production of any of the redacted portions of these documents to defendants is required);

   c. sixty-two (62) documents that contained some information responsive to the First Amendment Requests but also other information not responsive to the First Amendment Requests, which non-responsive information was in some instances also attorney work product or personal private information (these 62 documents were produced with the non-responsive information redacted, with the redactions identified in the privilege log as being for non-responsive information and, where appropriate, for work product and/or personal private information as well); and,

   d. 532 documents that contained information responsive to the First Amendment Requests and were produced to defendants in their entirety without any redactions.

  4. The sixty-six (66) documents (four from category 3.b above, plus 62 from category 3.c above) that were partially redacted prior to their production to defendants contained a large volume of duplicative information, and can be described in two general categories:

   a. The first category of documents (ten out of 66 documents) consists of emails forwarding various versions of draft question-and-answer and frequently asked questions materials about the United States' FIRREA complaint against the

defendants, prepared by attorneys from the Civil Division of the Department of Justice and the United States Attorney's Office for the Central District of California for the benefit of senior leaders speaking at a press conference announcing the filing of this lawsuit. One question and answer from certain versions of the draft document asked whether the lawsuit was related to S&P's downgrade of the United States' credit rating in August 2011. A second question and answer from certain versions of the draft document asked whether the government was planning to file lawsuits against Moody's and Fitch as well as S&P. These two questions and answers were produced without redaction. The redactions concern anticipated questions and answers and other content non-responsive to the First Amendment Requests and unrelated to defendants' asserted affirmative defense. In certain instances, the redacted non-responsive information also constitutes work product or personal private information. As an example of this category of documents, an unredacted copy of a cover email attaching a version of the question and answer document bearing Bates range CAC001- 00031131, together with the attached version of the question and answer document bearing Bates range CAC001-00031132 - CAC001-00031149, with the redactions highlighted but transparent, is being submitted to the Court *in camera* under separate cover as Exhibit 26 for the Court's review.

      b.    The second category of documents (56 out of 66 documents) consists of emails between attorneys at the Department of Justice forwarding and in certain instances commenting on news articles that reference S&P's April 2011

decision to place the United States on credit watch and/or its August 2011 decision to downgrade the credit rating of the United States, as well as a few emails commenting directly on one or the other of these events.  Portions of these email exchanges were redacted because they were not responsive to the First Amendment Requests and instead involved topics that were not related to defendants' asserted affirmative defense. Exhibit A-1 to the Abrams Declaration (which bears Bates range CAC001-01034891) is an example of the United States' redaction of non-responsive material.  A copy of this document (which contains an email chain that is also contained in documents bearing Bates ranges CAC001-00723641, CAC001-01421862, CAC001-01609151, and CAC001-01847902), with the redactions highlighted but transparent, is  being submitted to the Court *in camera* under separate cover as Exhibit 27 for the Court's review.  In addition, as described in Paragraph 3.b above, in one email chain, opinion work product responsive to defendants' request (but not supportive of their asserted affirmative defense), was redacted.  Exhibit A-9 to the Abrams Declaration, which bears Bates range CAC001-01843635 is an example of this.  A copy of this exhibit, and copies of three duplicative documents bearing Bates ranges CAC001-00590626, CAC001-01030629, and CAC001-01604454, with the redactions highlighted but transparent, are being submitted to the Court *in camera* under separate cover as Exhibits 28 through 31 for the Court's review.

///
///
///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of August, 2014, in Los Angeles, California.

                                         \_\_\_\_\_//s//_____  
                                         ANOIEL KHORSHID  
                                         Assistant United States Attorney