LOEB & LOEB LLP
DANIEL G. MURPHY (SBN 141006)
Email: dmurphy@loeb.com
AURELE DANOFF
Email: adanoff@loeb.com (SBN 253043)
10100 Santa Monica Boulevard
Suite 1900
Los Angeles, California 90067
Telephone:  (310) 282-2215
Facsimile:  (310) 919-3895

DEBEVOISE & PLIMPTON LLP
JOHN S. KIERNAN (admitted *pro hac vice*)
Email: jskierna@debevoise.com
NICHOLAS C. TOMPKINS (admitted *pro hac vice*)
Email:  ntompkins@debevoise.com
919 Third Avenue
New York, NY  10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836

*Attorneys for Non-Party Timothy F. Geithner*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>MCGRAW-HILL COMPANIES, INC.,<br>and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>         Defendants. | No.  2:13-cv-00779-DOC (JCGx)<br><br>**[REDACTED] MEMORANDUM OF NON-PARTY TIMOTHY F. GEITHNER IN OPPOSITION TO MOTION TO COMPEL DISCOVERY**<br><br>Date: September 9, 2014 3:00 p.m.<br>Location: Courtroom 9D<br>Judge: Hon. David O. Carter |

Non-party Timothy F. Geithner, former United States Secretary of the Treasury, submits this memorandum in opposition to the August 12, 2014 motion to compel discovery filed by McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC ("S&P").

S&P's suggestion that Mr. Geithner has improperly withheld responsive material from production is simply false. After the Court allowed S&P to seek discovery to test its baseless retaliation theory, Mr. Geithner promptly produced documents responsive to S&P's subpoena in compliance with the Court's order. A large portion of Mr. Geithner's production consisted of raw, unpublished materials relating to his recent book, which contained a limited number of isolated references to S&P or the fact of the S&P downgrade, scattered among extensive discussions of various topics unrelated to S&P's requests.

These background materials for his book included wide-ranging discussion of myriad topics concerning Mr. Geithner's time in office, and frequently moved quickly from one subject to another without transitions or touched briefly on a subject without dwelling on it in further detail. Mr. Geithner produced the portions of these documents that were responsive to S&P's document requests in full. To protect Mr. Geithner's privacy, confidentiality, and proprietary interests in the rest of these materials – which include discussion of his unpublished private thoughts on confidential and sensitive aspects of his service as Secretary of the Treasury, as well as information on his personal background, his professional history, his personal relationships, and other topics wholly unrelated to any issue in dispute in this action – counsel for Mr. Geithner redacted non-responsive passages unrelated to S&P, the S&P downgrade, or S&P's retaliation claim. These redactions were entirely appropriate, particularly in light of the special care that courts should take to protect former high-ranking government officials from discovery requests that seek the production of non-responsive materials for which the party seeking production has no need.

S&P's motion to compel should be denied.  S&P has no right to these non-responsive materials, and no basis for questioning the judgments made by Mr. Geithner's counsel concerning responsiveness.  S&P's unsupported theory that redacted material "immediately adjacent" to responsive passages might also be responsive, Br. at 4, can readily be rejected through the Court's review of unredacted versions of the four documents submitted by S&P, which are attached to this opposition for *in camera* review.  *See* Kiernan Decl. Exs. A–D.  If the Court wishes to test the lines that were drawn beyond these four documents, the redactions in the remaining documents at issue (or some sample thereof) should be referred for further *in camera* review by the Court or the previously appointed special masters.  Any such review will confirm the propriety of these redactions.

# ARGUMENT

## I. The Redaction of Non-Responsive Material from Sensitive and Confidential Documents was Appropriate.

The redaction of non-responsive passages contained within Mr. Geithner's personal documents was entirely appropriate.[1]  S&P's assertion that Mr. Geithner

---

[1] *See, e.g.*, *RBS Citizens, N.A. v. Husain*, No. 09C4956., 2013 WL 2457982, at *11 (N.D. Ill. June 4, 2013) ("[R]edacting documents that are non-responsive to Defendants' document requests is appropriate."); *Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701 MJR, 2009 WL 511866, at *2 (S.D. Ill. Feb. 27, 2009) ("[C]ourts have found redaction appropriate where the information redacted was not relevant to the issues in the case."); *Spano v. Boeing Co.*, No. 3:06-cv-00743-DRH-DGW, 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008) (same); *Schiller v. City of New York*, Nos. 04 Civ. 7922(KMK)(JCF), 04 Civ. 7921(KMK)(JCF), 05 Civ. 8453(KMK)(JCF), 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006) (denying motion to compel production of unredacted versions of meeting minutes because the redacted material was irrelevant); *Davis v. City of New York*, No. 86 CIV. 6345 (SWK), 1988 WL 42189, at *3 (S.D.N.Y. Apr. 28, 1988) (permitting redaction of irrelevant portions of personnel records); *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2002 WL 1870050, at *2 (N.D. Ill. Aug. 13, 2002) (ruling that "redaction of portions of the submitted documents [was] appropriate under Rule 26" because the redacted portions of the documents did not relate to

2

should not be permitted to redact private, confidential, or sensitive materials that are not responsive to S&P's discovery requests because redactions are assertedly "disfavored" ignores not only the special solicitude that the law has applied to avoid unnecessary discovery from former high-ranking government officials, but also the nature of the particular documents at issue, which are especially worthy of protection because they include only passing references to S&P in the midst of sensitive and confidential discussions of entirely unrelated topics. S&P has presented no authority establishing that redaction of non-responsive passages is inappropriate where, as here, the redacted materials contain the private thoughts of a former cabinet-level official regarding his time in office on subjects wholly unrelated to any issue in dispute.

To the contrary, courts have been especially protective of non-responsive material that is confidential, proprietary, or otherwise private. *See, e.g., Schiller*, 2006 WL 3592547, at *7 (permitting redaction of non-responsive portions of meeting minutes pertaining to political discussions); *Davis*, 1988 WL 42189, at *3 (permitting redaction of non-responsive portions of internal reports in order to vindicate the privacy interests of the individuals mentioned in the report). They have also recognized the need to permit redaction of documents that, like the documents at issue here, contain mostly non-responsive material but include relatively minor or isolated responsive passages. *See Beauchem*, 2002 WL 1870050, at *2 (permitting redaction of meeting minutes when the majority of the minutes were non-responsive and irrelevant); *Bear Creek Cranberry Co.*, 2011 WL 2882078, at *3 (permitting redaction when "only a limited aspect" of the requested material was responsive or relevant).

While some courts have declined to permit redactions to avoid the need for judicial review of the producing party's line-drawing, greater protection against

---

the matters at issue in the case); *Bear Creek Cranberry Co. v. Cliffstar Corp.*, No. 10-CV-00770(A)(M), 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011) (permitting the production of documents in redacted form because the majority of the contents of those documents were not relevant to any claim or defense).

3

unnecessary disclosure of non-responsive material is appropriate where the recipient of the document requests is a former Secretary of the Treasury. *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049–50 (E.D. Cal. 2010) (discovery of high level officials must be "essential to the case at hand"); *Coleman v. Schwarzenegger*, Nos. S-90-0520, C01-1351, 2008 WL 4300437, at *2, 4 (E.D. Cal. Sept. 15, 2008) (discovery must "pertain[] to material issues in an action"); *see also United States v. Wal-Mart Stores*, No. PJM-1-CV-152, 2002 WL 562301, at *2-3 (D. Md. Mar. 29, 2002) (discovery must "relate to a material aspect of the claim presented"). It is entirely appropriate for Mr. Geithner, who has fully complied with S&P's subpoena and the Court's orders, to receive the protection of being able to redact, rather than being required to produce, non-responsive materials.[2]

S&P's observation that Mr. Geithner's documents are subject to a protective order does not give S&P any right to the production of non-responsive material or make redaction of that material inappropriate. *See, e.g., Knoll, Inc. v. Moderno, Inc.*, No. 12-80193, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (permitting the redaction of "sensitive and private information . . . not relevant to the underlying litigation" despite the existence of a protective order); *cf. Convolve, Inc. v. Dell, Inc.*, No. 10-80071, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) (refusing to require disclosure of irrelevant, confidential information even when a protective order was in place). S&P offers no explanation for why the existence of a protective order should allow it to seek intrusive discovery into Mr. Geithner's private thoughts on topics that are not at dispute in this litigation.[3]

---

[2] Should the Court decline to permit Mr. Geithner to redact non-responsive material, review by the United States of the currently redacted passages may be necessary to protect material subject to the deliberative process privilege, the executive communication privilege, or other privileges.

[3] The redaction of Mr. Geithner's non-responsive but confidential material was particularly reasonable in light of a well-publicized leak to the national news

4

II.   **The Redacted Materials are Entirely Unrelated to S&P, the S&P Downgrade, or S&P's Retaliation Defense.**

S&P does not and could not in good faith claim that responsive material was improperly redacted. Instead, S&P notes only that Mr. Geithner's production includes redactions of non-responsive passages that are adjacent to discussions of S&P or the S&P downgrade, and speculates without any further basis that those passages might also be responsive to its requests. *See* Br. at 4 (challenging the redaction of non-responsive material "immediately adjacent to" discussions of S&P). Contrary to S&P's unsupported conjecture, as the Court's review of the four exemplar documents challenged by S&P will confirm, this redacted material has nothing to do with S&P, the S&P downgrade, or S&P's contrived retaliation claim whatsoever.

For example, 

---

media just weeks before of other confidential material involving Mr. Geithner that was subject to a protective order. *See, e.g.*, Law360.com, "Judge 'Very Disturbed' By Testimony Leak In AIG Suit," *available at* http://www.law360.com/articles/541395/judge-very-disturbed-by-testimony-leak-in-aig-suit.

5

Similarly, 

Finally,

### III. If the Court Does Not Deny S&P's Motion Outright, It Should Refer the Redactions for *In Camera* Review.

Any uncertainty regarding the propriety of the remaining redactions of Mr. Geithner's non-responsive material could be laid to rest through further *in camera* review by the Court or the previously appointed special masters. Any such review will confirm that the redacted materials are non-responsive and unrelated to S&P's retaliation claim. This approach would efficiently resolve S&P's concerns in a manner that fairly accommodates Mr. Geithner's legitimate privacy, confidentiality, and proprietary interests. *See* May 28, 2014 Order Re: Discovery (appointing special masters for the "just, speedy, and inexpensive" resolution of discovery disputes).

S&P's resistance to this sensible proposal, Br. 20, cannot be justified by its claim that such review would be unduly burdensome or time-consuming. S&P's motion challenges the redaction of only 42 documents, the vast majority of which are near-duplicate or substantially similar copies of short excerpts from a single draft chapter of Mr. Geithner's book, or the cover emails to which those drafts were attached. *See* Abrams Ex. C-6 (rows 5-37). Review of these redactions (or a sufficient number to satisfy the Court or the special masters) to confirm the appropriateness of the lines drawn by Mr. Geithner's counsel would not be unduly burdensome. The Court or the special masters, who are fully familiar with the claims and defenses in this case, could readily assess whether particular documents concern S&P, the S&P downgrade, or are in any way germane to S&P's retaliation claim.

## CONCLUSION

The redaction of non-responsive passages within Mr. Geithner's confidential materials was entirely appropriate. S&P's motion to compel should be denied outright or referred for further *in camera* review of a sufficient number of the redactions at issue to satisfy the Court or the special masters.

Dated: New York, New York
August 25, 2014

                    Respectfully submitted,

                    DEBEVOISE & PLIMPTON LLP

                    By:    /s/ John S. Kiernan

                            John S. Kiernan
                            Nicholas C. Tompkins
                            Daniel G. Murphy
                            Aurele Danoff

*Attorneys for Non-Party Timothy F. Geithner*

8